UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>MARK S. SCOTT,<br><br>     Defendant. | NO.: 17-cr-00630 (ER)<br><br>**DECLARATION OF**<br>**DAVID M. GARVIN**<br><br>**ECF CASE** |

DAVID M. GARVIN, counsel for Mark S. Scott, declares as follows:

  I serve as counsel of record for the defendant Mark S. Scott. I am submitting this declaration in support of motion of Defendant, Mark Scott, to quash the grand jury subpoena served upon him on February 8, 2019.

  In connection with Mr. Scott's arrest on the sealed indictment in early September 2018, the government obtained and executed a series of search warrants. These warrants authorized the seizure of documents related to many of the same companies and individuals that are now the subject of the contested grand jury subpoena.

  Via a letter dated February 8, 2019, Mr. Scott was served with a grand jury subpoena that commanded him by name (but purportedly as custodian of records) to produce documents listed on an attachment. The subpoena and cover letter are attached as Exhibit "A" to this declaration.

  The subpoena is addressed to:

    MSS International Consultants LLC &

    MSS International Consultants (BVI), Ltd.

    c/o Mark Scott as custodian of records

Prior to serving the subpoena on Mr. Scott, the government served a grand jury subpoena on David Pike, who was also named by the government as "custodian of records" for MSS International

Consultants (BVI), Ltd. The subpoenas appear to be identical except the Pike subpoena does not include MSS International Consultants LLC. The Pike subpoena is attached hereto as Exhibit "B".

The defense believes that for Mr. Scott to comply with the subpoena, he would have to use a mental process that would be equivalent to offering testimony. The subpoena calls for Mr. Scott to determine which if any documents "pertain to" the listed individuals and companies. In order to prevent delay and to raise this issue as soon as possible, on February 15, 2019, I notified the government that Mr. Scott would assert his Fifth Amendment privilege in response to the subpoena and asked that Mr. Scott be released from the subpoena. The government responded, taking the position that Mr. Scott does not have a Fifth Amendment privilege as custodian. It appears that the parties are at an impasse as to this issue.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 19, 2019

Miami, Florida

_____
DAVID M. GARVIN