

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 8, 2019

**BY ECF**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> The defendant may respond to this letter by March 14, 2019.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: 3/11/2019
> New York, New York

Re:   *United States v. Mark S. Scott,*
      S6 17 Cr. 630 (ER)

Dear Judge Ramos:

The Government writes to address the scheduling of trial in this matter. For the reasons explained below, the Government respectfully requests that this matter be scheduled for trial in September 2019, or as soon thereafter as practicable for the Court.

As the Court is aware, during the February 20, 2019 pre-trial conference in this matter, the Government requested a September trial date, and the defense ultimately requested a July trial date after first requesting an August date. Your Honor did not set a trial date at the time, and instead asked the parties to confer to determine if they could reach an agreement on a proposed trial date. The parties have spoken several times since the conference, but have been unable to reach such an agreement. Based on representations from defense counsel, we understand that the defendant seeks a trial beginning in July 2019. We also understand that if a trial were scheduled to begin in July, the Court is generally available between the dates of July 15 to August 12. As explained below, however, a July trial date is not practicable in this case for several reasons.

First, as the Court is aware, the parties are in the process of reviewing for privilege a voluminous amount of digital data. The privilege review is proceeding in a cooperative manner and is essential in order to protect and preserve the defendant's attorney-client privilege, as well as the privileges belonging to his clients.[1] Privilege review is time-consuming, and even more

---

[1] While the parties are working cooperatively in this process, it bears noting that "[i]t is well settled that '[t]he burden of establishing the existence of an attorney-client privilege, in all of its elements, rests with the party asserting it.'" *In re Grand Jury Proceedings*, 219 F.3d 175, 182

so in a complex case such as this, which involves a review of several terabytes of digital data, and raises complicated privilege issues. In this case, given that the defendant is a lawyer, all of the materials that were seized from his residences are being reviewed for privilege. This includes a voluminous amount of material from more than a dozen electronic devices that were seized pursuant to judicially authorized search warrants from the defendant's two residences.

The privilege review process requires, among other things, that defense counsel be afforded the opportunity to review any material that is deemed non-privileged before it is turned over to the prosecution team. Given the defendant's positions on privilege issues thus far, the Government expects protracted litigation in connection with these determinations and the overall review process. For example, while the defense has provided the Government's privilege review team (the "Privilege Team") with a list of the defendant's clients and attorneys (the "Client List"), the defense has taken the position that the Privilege Team may not share that list with the prosecution team, notwithstanding the non-privileged nature of that information.[2] *See, Vingelli v. United States,* 992 F.2d 449, 454 (2d Cir. 1993); *In the Matter of Search Warrants Executed on April 9, 2018,* 18 Mag. 3161 (KMW), Apr. 16, 2018 Tr. (Dkt. No. 104) at 28. Moreover, while the Privilege Team has not shared the Client List with the prosecution team, the Privilege Team has informed the prosecution team that the Client List is far too broad to effectively segregate non-privileged materials. As a result, the Privilege Team is attempting to engage the defense in a dialogue about narrowing the Client List. Until that issue is resolved, either by agreement, or litigation, the potentially privileged materials cannot be reviewed. Indeed, the defense's position means that the Privilege Team could not even provide a privilege log to the prosecution team because such logs routinely identify the names of the clients involved in the communications being withheld.

Moreover, the defendant's submission of an overbroad Client List and his refusal to share that non-privileged Client List with the prosecution team effectively prevents the Government from filing certain appropriate pre-trial motions. Specifically, the Government intends to submit a crime fraud motion regarding certain communications between the defendant and his co-conspirators. However, the Government will be unable to file that motion until the prosecution team gains access to non-privileged materials, a privilege log of materials withheld, and the client list. Accordingly, for all these reasons, a July trial date would not provide an adequate amount of time for a thorough review of the potentially privileged discovery materials in this case, and litigation connected to that review.

*Second,* the Government currently anticipates calling several international witnesses, including potential witnesses from the United Kingdom, Ireland, and the Cayman Islands. These individuals are critical witnesses for the Government's case-in-chief at trial. As Your Honor is aware, the defendant is alleged to have participated in laundering approximately $400 million in proceeds of a global pyramid scheme involving a purported cryptocurrency known as "OneCoin."

---

(2d Cir. 2000) (quoting *United States v. Int'l Bhd. of Teamsters,* 119 F.3d 210, 214 (2d Cir. 1997)).

[2] In an effort to expedite the privilege review process, and consistent with regular practice, on February 8, 2019, the Government requested that counsel provide to the Government a list containing the names of clients and attorneys with whom the defendant has an attorney-client relationship. Three weeks later, on March 1, 2019, the defense provided the list to the Government.

The Government expects the evidence at trial to show that Scott set up a series of hedge funds registered abroad with accounts at banks located in the Cayman Islands in order to launder OneCoin proceeds. Furthermore, Scott transferred a significant portion of the funds to related accounts at banks in the Republic of Ireland. The Government will very likely call witnesses from these financial institutions, as well as other witnesses who reside overseas. The appearance of these witnesses for testimony at trial will require coordination with the Central Authorities of the countries in which these witnesses are located, and the foreign entities for which they work. For these reasons a trial date beginning as early as July will present significant challenges to the Government in ensuring that all of the Government's witnesses are available to testify at trial.

*Lastly*, many of the Government's law enforcement witnesses are unavailable during late July and early August. In particular, the primary FBI case agent is unavailable from July 22 through August 2.[3]

Although the Government recognizes the defendant's right to a speedy trial, the Government submits that his rights would be adequately protected were the trial to occur in September, rather than July. Notably, this case has only been pending for approximately six months—the defendant was arrested and presented on September 5, 2018—and he has remained out on bail with the exception of a brief period of incarceration at the outset of the case. Accordingly, a September trial date would ensure that the complex privilege issues described above are appropriately addressed prior to trial, and that essential international and domestic witnesses are available to testify, while also protecting the public's and the defendant's interest in a speedy trial.[4]

---

[3] Additionally, AUSA DiMase, who has been handling this matter since its inception, is unavailable for a ten-day period between mid-July and mid-August.

[4] In addition to the issues discussed above, the Government charged and arrested one of the leaders of the OnceCoin fraud scheme—Konstantin Ignatov— by complaint (19 Mag. 2258) earlier this week and may bring a superseding indictment which charges Mark Scott and Ignatov in the same indictment. If that happens, it could potentially impact the trial schedule for Scott's case.

Based on the foregoing, the Government respectfully requests that the Court schedule this matter for trial on a mutually agreeable date in September 2019, or as soon thereafter as practicable.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

By: ___/s/___
Christopher J. DiMase / Nicholas Folly/
Julieta V. Lozano
Assistant United States Attorneys /
Special Assistant United States Attorney
(212) 637-2433 / (212) 637-1060/
(212) 335-4025

Cc: David Garvin, Esq.
James Nobles, Esq.