LAW OFFICES
# DAVID M. GARVIN, P.A.
200 SOUTH BISCAYNE BOULEVARD, SUITE 3150
MIAMI, FLORIDA 33131
TELEPHONE (305) 371-8101
FAX (305) 371-8848

David M. Garvin
Florida Bar Board Certified in Taxation
LLM, Tax

E-MAIL: ontrial2@gmail.com
WEBSITE: davidmgarvin.com

March 11, 2019

Via ECF
Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re: United States v. Mark Scott**
    **Case No.: S6 17 Cr. 630 (ER)**
    **Requested Trial Date**

Dear Judge Ramos:

I am writing to you in response to the letter motion filed by the United States [Doc. 47] requesting the trial in this cause be scheduled for September, 2019 or later. For the reasons set forth below, Mr. Scott respectfully objects to the Government's motion and requests this Honorable Court to schedule his jury trial to commence on or about July 15, 2019.

Regrettably, the United States has found it necessary to attempt to lay blame upon Mr. Scott for the government's apparent difficulties in being ready to go to trial four full months from the date of this letter. Mr. Scott now feels that he must attempt to set the record straight.

The United States knew full well when it began investigating Mr. Scott that he had been a long time lawyer who's practice involved large scale transactions. Unheeded by these facts, the United States chose to simultaneously arrest Mr. Scott and execute search warrants in multiple locations. This resulted in the Government seizing all of Mr. Scott's computers, electronic devices, and paper documents. This abrupt action took place on September 4, 2018. The Government now acts as if it is shocked to find that there is a great deal of data on the computers

**Via ECF**
The Honorable Edgardo Ramos
United States District Judge
March 11, 2019
Page -2-

and a long list of client's communications that fall within the ambit of the attorney-client privilege.

The Government's taint team has had possession of Mr. Scott's computers for six months and had never requested any information from Mr. Scott or his lawyers until very recently. Approximately one month ago, the Government's trial team requested Mr. Scott to assist the taint team by providing it a list of client names and identifying the documents that the defense believed to be privileged.

Mr. Scott provided a list of client's names to the taint team as requested but, requested the taint team to keep the list confidential. The Government now complains that the list is too long. Further, the trial team now complains that it should have access to the list that Mr. Scott prepared, at the Government's request, to assist the taint team.  Mr. Scott cannot and should not be forced to spend his limited resources available for trial preparation to assist the Government's trial team, which seeks to have him convicted and incarcerated for a crime that Mr. Scott adamantly maintains he did not commit.  While there may be some rationale for Mr. Scott providing a client list to the taint team for privilege review purposes, the Government's efforts to compel Mr. Scott to provide information to the prosecution team itself, to be used for any purpose, would violate his rights under the Fifth Amendment.[1]

The Government now complains that Mr. Scott should do the taint team's job and identify the documents, contained in the computers it seized, that are privileged.  Mr. Scott respectfully maintains that is not his job. He prefers to spend his energy and limited available resources preparing for his trial.

Normally, the United States conducts a thorough investigation and only seeks an indictment when it believes that it can be ready for trial within 70 days. This insures the Government that it will be ready for trial even if the Defendant immediately invokes his speedy trial rights upon arraignment. However, in the instant case, the United States chose to indict Mr. Scott first and conduct its investigation second.  This is analogous to the would be robber who, "shoots first and asks for your wallet second."

---

[1] The Government's contention that "the Client list is far too broad to effectively segregate non-privileged materials" is itself remarkable.  Mr. Scott listed the people and companies he represented as a practicing lawyer. No one compelled the Government to seize all electronic media belonging to an admitted and actively registered lawyer, and the problem of reviewing such material without violating the privilege of Mr. Scott's many clients is a problem solely of the Government's own making, and not something that that can be solved by wishing that Mr. Scott had worked for fewer clients.

Case 1:17-cr-00630-ER   Document 56   Filed 03/11/19   Page 3 of 4

**Via ECF**
Honorable Edgardo Ramos
United States District Judge
March 11, 2019
Page -3-

    The delay sought by the United States is prejudicial to Mr. Scott. When Mr. Scott sought to be released on bond, the Government opposed a reasonable bond. In support of its position, the United States claimed that it had a strong case and asserted that it had evidence of communications that established that Mr. Scott knew that the funds he received in certain private equity funds were the proceeds of specified illegal activity. Mr. Scott remained incarcerated for a period of 14 days before he was able to post the large bond ordered as a result of the United States' objections. During the course of discovery the defense has repeatedly requested the United States to identify the emails and/or documents that support its claim that Mr. Scott knew that the funds he received were the proceeds of a specified activity. The United States has represented that it has produced all relevant emails and documents in its possession. The defense has reviewed the production and has not located any documents that can be reasonably said to prove this claim.

    Mr. Scott's business has suffered greatly while this case has lingered. He continues to sustain financial losses directly attributable to his pending charges and trial. Understandably, Mr. Scott's prospective clients have shied away from doing business with him until his legal issues are resolved.

    Mr. Scott is on a curfew that requires him to submit a schedule for the entire week in advance. Changes in the schedule are frowned upon by Mr. Scott's probation officer. This has led to Mr. Scott having to cancel important business meetings. Mr. Scott's probation officer suggested that Mr. Scott seek a modification of the conditions of his bond to eliminate his curfew. However, when Mr. Scott moved to modify the conditions of his bond to eliminate his curfew, the United States objected and argued to the Court that Mr. Scott was a flight risk and without a curfew, no one would know where Mr. Scott would be each night. This argument ignored the fact that Mr. Scott is required to wear a GPS ankle bracelet that permits Probation to monitor Mr. Scott's every move, 24 hours a day.

    In addition to the incredible stress of having a criminal charge hanging over him, Mr. Scott's elderly mother is severely ill and her life expectancy is short. She has been diagnosed with stage four cancer. Mr. Scott's mother resides in Germany. The restrictions placed upon Mr. Scott by the terms of his bond have made it impossible for Mr. Scott to visit his mother and spend quality time with her in what may prove to be her final days.

    For the reasons set forth above, Mr. Scott respectfully requests that this Honorable Court

200 SOUTH BISCAYNE BOULEVARD • SUITE 3150 • MIAMI, FLORIDA 33131 • TELEPHONE (305) 371-8101 • FAX (305) 371-8848

**Via ECF**
Honorable Edgardo Ramos
United States District Judge
March 11, 2019
Page -4-

schedule the jury trial in this case to commence on or about July 15, 2019.

Respectfully submitted,

David M. Garvin

cc:  Government counsel