

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 12, 2019

**BY ECF**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:   *United States* **v.** *Mark S. Scott*,
                  S6 17 Cr. 630 (ER)

Dear Judge Ramos:

        The Government submits this brief reply letter in response to the letter submitted by defense counsel and dated March 11, 2019 (the "Response Letter"), regarding the scheduling of trial in this matter.

        As set forth in the Government's prior letter (the "March 8 Letter"), there are three primary reasons that trial in this matter is not practicable in July 2019: (1) a trial that soon will not afford adequate time for a thorough review of the potentially privileged discovery materials in this case, and litigation connected to that review; (2) there will be significant challenges to the Government in ensuring that all of the Government's witnesses—many of whom are located overseas—will be available to testify at a trial in July; and (3) the primary FBI case agent is unavailable. The defendant's Response Letter does not address items (2) and (3) at all.

        The Response Letter also underscores some of the contentious issues regarding the privilege review matters that will undoubtedly require protracted litigation. Specifically, as noted in the Response Letter, the defendant continues to maintain that he is entitled to withhold the list of the defendant's clients *and* attorneys (the "Attorney-Client List") from the prosecution team. The resolution of this issue will undoubtedly require litigation before the Court—as noted in the March 8 Letter, the information contained in the Attorney-Client List is non-privileged, and withholding of that information will prevent the privilege team from even providing a privilege log to the prosecution team. (*See* March 8 Letter at 2). Further, the defendant has provided the Government's privilege team with an overly broad list of attorneys and clients, which will necessitate extensive litigation on these issues. The protracted litigation necessitated by the

defendant's over-broad Attorney-Client List will likely also require the Court to review a substantial volume of documents *in camera*, adding additional time to resolve these issues and severely impeding the prosecution team's review of the evidence. Furthermore, as noted in the March 8 Letter, the Government intends to file a crime fraud motion, which will require additional litigation as well, and potentially additional *in camera* review. There is no feasible way in which to address all of these issues in time for a July trial.[1]

Based on the foregoing, the Government respectfully requests that the Court schedule this matter for trial on a mutually agreeable date in September 2019, or as soon thereafter as practicable. Furthermore, the Government is fully available at a convenient date for the Court to appear at a conference and address these issues further.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
Christopher J. DiMase / Nicholas Folly/
Julieta V. Lozano
Assistant United States Attorneys /
Special Assistant United States Attorney
(212) 637-2433 / (212) 637-1060/
(212) 335-4025

Cc: David Garvin, Esq.
James Nobles, Esq.

---

[1] It bears noting that while the defendant continues to object to providing relevant information to assist in the privilege review, it is *his* burden to establish in the first instance that such a privilege exists. *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000) (quoting *United States v. Int'l Bhd. of Teamsters*, 119 F.3d 210, 214 (2d Cir. 1997)).