UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | NO.: 17-cr-00630 (ER) |
| ) | |
| - v. - ) | MEMORANDUM IN SUPPORT |
| ) | OF MOTION TO COMPEL |
| ) | GOVERNMENT TO PROVIDE |
| ) | EXHIBIT AND WITNESS LIST |
| MARK S. SCOTT, ) | IN ADVANCE OF TRIAL |
| ) | |
| Defendant. ) | ECF CASE |
| ) | |

Pursuant to U.S. Const. amend. V and VI; Fed. R. Crim. P. 16; this court's inherent discretion to order pretrial disclosure under *United States v Cannone*, 528 F.2d 296, 300-01 (2d Cir. 1975); and other authorities cited herein, Mr. Scott respectfully moves this Honorable Court to enter an Order compelling the government to provide the defense a witness and exhibit list at least 14 days prior to trial.

In this case, an exhibit and witness list are necessary based on the nature of the case, the volume of discovery materials and information, and the vagueness of the indictment. The result of the combination of these factors is that a vast amount of evidence could potentially form the basis of the charges against Mr. Scott, and an equally vast amount could be critical to his defense. An exhibit and witness list are needed to enable Mr. Scott to prepare a defense and to protect his rights to a fair and speedy trial, effective assistance of counsel, and due process.

The conspiracy alleged in the indictment states that over a period of three years Mr. Scott and others known and unknown conspired to launder money. The alleged coconspirators are not identified. The indictment states that the proceeds of specified unlawful activity was approximately $400 million in proceeds of a pyramid scheme involving a cryptocurrency known

as OneCoin. The government has provided a bill of particulars stating that the specified unlawful activity was wire fraud.

Although the indictment does not identify any alleged coconspirators, the government has provided orally a lengthy list of individuals it may allege were coconspirators. The potential witnesses in this case are spread across multiple foreign jurisdictions. The discovery in this case is voluminous.

In cases such as this one, early production is critical to the adequate preparation of the defense, and while it is not required by Fed. R. Crim. P. 16, the District Court has the power to order the government to provide a witness and exhibit list available to the defense. In the Second Circuit, since 1975 it has been clear that district courts can order the production of a witness list when the defendant shows a compelling need in a particular case. *United States v. Cannone*, 528 F.2d 296, 299-302 (2d Cir. 1975) (noting that district courts have discretion to require government to disclose a witness list pretrial).

In this district, courts have ordered the production of a witness list, especially in cases that do not involve violent crime and involve extensive documentation and a lengthy timespan. *United States v. Nachamie*, 91 F. Supp. 2d 565, 580 (S.D.N.Y. 2000); *United States v. Rueb*, No. 00-CR-91, 2001 U.S.Dist. LEXIS 943 (S.D.N.Y. 2/5/2001)(witness list ordered based on document production and three year time frame); *United States v. Rosenthal*, No. 91-CR-412, 1991 U.S. Dist. LEXIS 17363 (S.D.N.Y. 12/3/1991). See also, *United States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980) ("It is well recognized that the defendants cannot obtain lists of prosecution witnesses as a matter of right, although the district court has discretion to order the prosecution to produce it."); *United States v. Grace*, 526 F.3d 499, 513 (9th Cir. 2008) (affirming district court's Order requiring government to provide defendant with finalized witness and

exhibit list over a year before trial, and collecting cases describing district court's inherent authority to do so); *United States v. Cadet,* 727 F.2d 1453, 1468-69 (9th Cir. 1984) (holding district court did not abuse its discretion by requiring government to produce pretrial a list of witnesses it did not intend to call at trial because the defendant had a right to know of such witnesses); *United States v. Barrett,* 153 F.Supp. 3d 552, 575-76 (E.D.N.Y. 2015)(requiring good faith disclosure of witnesses 45 days before trial in health care fraud case); *United States v. Moss,* No. 02-20145, 2005 U.S. Dist. LEXIS 45231 (W.D. Tenn., 06/15/2005, Order [Doc. 538] at 5-7) (Donald, D.J.) (requiring government to provide witness and exhibit list complex case with fraud allegations and large volume of discovery); *United States v. Myers,* No. 12-9-JJB, 2013 U.S. Dist. LEXIS 22140 at *7-8 (M.D. La. Feb. 19, 2013) (Ordering government to provide defendant with full witness list within three days of issuance of Order so that defendant could effectively prepare for trial); *United States v. Poindexter,* 727 F. Supp. 1470 (D.D.C. 1989).

"The purpose of requiring the government to identify which documents it will rely upon at trial in a situation such as this – where there are thousands of documents – is to allow the defendant to adequately prepare his or her defense." *United States v. Upton,* 856 F. Supp. 727, 748 (E.D.N.Y. 1994). "The government can have no legitimate objection to such witness disclosure since the Attorney General herself recognize[d] that 'upon a proper showing of materiality and need, Federal trial courts may order pretrial disclosure of the Government's prospective witnesses." *United States v. Owens,* 933 F. Supp. 76, 89 (D. Mass 1996) (citing Letter of September 11, 1995, from U.S. Attorney General to Supreme Court Chief Justice, which argued against the need to amend Fed. R. Crim. P. 16 expressly to require the providing of

a witness list by the government since district courts had the authority and discretion to order exhibit and witness lists in appropriate cases).[1]

Mr. Scott also moves the Court to compel the government to identify the documents it will seek to introduce at trial. The Court has discretion to make such an order. *United States v. Moss*, No. 02-20145, 2005 U.S. Dist. LEXIS 45231 (W.D. Tenn., 06/15/2005, Order [Doc. 538] at 6) (unpublished); *United States v. Grace*, 526 F.3d 499, 513 (9th Cir. 2008) (affirming district court's Order requiring government to provide defendant with finalized witness and exhibit list over a year before trial, and collecting cases describing district court's inherent authority to do so); *United States v. Columbo*, 2006 U.S. Dist. LEXIS 49255 at *61 (S.D.N.Y. July 18, 2006) (noting that the district court's scheduling order required the government to provide an exhibit list a month before trial); *United States v. Turkish*, 458 F. Supp. 874, 882 (S.D.N.Y. 1978) (directing prosecution to "identify to the defendants those documents it intends to offer, or to use or refer to in connection with the testimony of any witness, on its case in chief.").

Given that the defense is only requesting notice fourteen days before trial, the government cannot argue that it will not know what its precise witnesses or exhibits will be; the government is deemed to have its witnesses and exhibits together at the time it obtained the Indictment and, in this case, later obtained the Superseding Indictment. *United States v. Poindexter*, 727 F.Supp. 1470, 1484 (D.D.C. 1989); *United States v. Washington*, 819 F.Supp. 358 (D. Vermont 1993), *aff'd* 48 F.3d 73 (2d Cir.); *United States v. Owens*, 933 F.Supp. 76, 89

---

[1] *See also* Pretrial Disclosure of Witness Identity, Justice Manual § 9-6.200 https://www.justice.gov/usam/usam-9-6000-release-and-detention-pending-judicial-proceedings (last accessed February 15, 2019) ("[P]retrial disclosure of the identity or statements of a government witness may often promote the prompt and just resolution of the case. Such disclosure may enhance the prospects that the defendant will plead guilty or lead to the initiation of plea negotiations; in the event the defendant goes to trial, such disclosure may expedite the conduct of the trial by eliminating the need for a continuance.")

4

(E.D.N.Y. 1996) ("By seeking an indictment, the government represents in good faith that it can make out a *prima facie* case as to each crime charged. This means *at that time* it has witnesses and exhibits in hand.") (emphasis in original); *United States v. Tanner*, 279 F.Supp. 457, 468-71 (N.D. Ill. 1967); *United States v. Johnson*, 713 F.2d 633, 649 (11th Cir. 1983); *United States v. Rodriguez*, 799 F.2d 649, 652 (11th Cir. 1986).

Absent an exhibit and witness list, Mr. Scott's ability to receive effective assistance of counsel, due process of law and a fair jury trial are imperiled. Review of the voluminous discovery materials, conducting defense investigation, preparing to meet and confront the government's case at trial, and preparing and presenting the defense evidence cannot be done effectively in this particular case absent a designation of what specific materials and witnesses the government intends to introduce at trial. *See* U.S. Const. amend. V and VI; *Missouri v. Frye*, 566 U.S. 133 (2012); *Lafler v. Cooper*, 566 U.S. 156 (2012).

For these reasons, Mr. Scott respectfully moves this Honorable Court to enter an Order compelling the government to provide him at least 14 days prior to trial with a witness and exhibit list.

Dated: May 14, 2019                                      Respectfully submitted,

                                                         /s/ David M. Garvin
                                                         David M. Garvin
                                                         Counsel for Defendant, Mark S. Scott
                                                         DAVID M. GARVIN, P.A.
                                                         200 South Biscayne Boulevard
                                                         Suite 3150
                                                         Miami, Florida 33131
                                                         Tel: (305) 371-8101
                                                         Fax: (305) 371-8848
                                                         Email: ontrial2@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2019, I electronically filed Defendant's Memorandum in Support of Motion to Compel Government to Provide Exhibit and Witness List in Advance of Trial with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the parties in this case:

Christopher Joseph DiMase, AUSA
Julieta Veronica Lozano, AUSA
Nicholas Folly, AUSA
James Nobles, Esq.

/s/ David M. Garvin
David M. Garvin, Esq.
Counsel for Defendant, Mark S. Scott
DAVID M. GARVIN, P.A.
200 South Biscayne Boulevard Suite 3150
Miami, Florida 33131
Tel: (305) 371-8101
Fax: (305) 371-8848
Email: ontrial2@gmail.com