UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | NO.: 17-cr-00630 (ER) |
| ) | |
| - v. - ) | MEMORANDUM IN SUPPORT |
| ) | OF MOTION TO DISMISS |
| ) | FOR INSUFFICIENCY |
| ) | OF INDICTMENT |
| MARK S. SCOTT, ) | |
| ) | |
| Defendant. ) | ECF CASE |

The defendant, Mark S. Scott, by and through counsel and pursuant to the Fifth and Sixth Amendments to the United States Constitution; Fed. R. Crim. P. 7(c) & 12(b); *Apprendi v. New Jersey*, 530 U.S. 446 (2000); *Hamling v. United* States, 418 U.S. 87, 117 (1974); and other authorities, respectfully moves this Honorable Court for the entry of an Order dismissing the Indictment because it fails to state an offense and provide Mr. Scott with notice required by the Constitution and Rule 7(c).

I.      INTRODUCTION

The indictment fails to give Mr. Scott notice of what he has done that the government contends is illegal. The indictment is a bare bones indictment that tracks certain statutory language but does not contain factual allegations sufficient to satisfy the constitutional and rule-based requirements for an indictment. The indictment only tells Mr. Scott that he is accused of conspiring with one or more unnamed individuals over a three-year period to launder money related to an alleged Ponzi scheme involving OneCoin.

## II. AN INDICTMENT MUST STATE EVERY ELEMENT OF THE ALLEGED OFFENSE AND THE ESSENTIAL FACTS SATISFYING THOSE ELEMENTS.

The notice clause of the Sixth Amendment requires that a criminal defendant has the right "to be informed of the nature and cause of the accusation" against him. U.S. Const. amend. VI; *United States v. Pirro*, 212 F.3d 86, 98 (2d Cir. 2000) (quoting *United States v. Brozyna*, 571 F.2d 742, 746 (2d Cir.1978)); *United States v. Miller*, 734 F.3d 530, 537 (6th Cir. 2013). The indictment clause of the Fifth Amendment requires that a defendant be charged with only those charges brought before the grand jury. U.S. Const. amend V; *United States v. Gonzalez*, 686 F.3d 122, 127 (2d Cir. 2012) (quoting *United States v. Miller*, 471 U.S. 130, 149 (1985)); *United States v. Lawrence*, 735 F.3d 385, 420 (6th Cir. 2013). The Fifth Amendment indictment clause and the Sixth Amendment notice clause require that all elements necessary to the conviction and punishment of the defendant, and the essential facts to support those elements, be charged in an indictment and proven to a jury beyond a reasonable doubt. *Alleyne v. United States*, 133 S. Ct. 2151 (2013); *United States v. Booker*, 543 U.S. 220 (2005); *Blakely v. Washington*, 542 U.S. 296 (2004); *Ring v. Arizona*, 536 U.S. 584 (2002); *Apprendi v. New Jersey*, 530 U.S. 446 (2000); *United States v. Jones*, 526 U.S. 227 (1999); *United States v. Osborne*, 673 F.3d 508, 512 (6th Cir. 2012).

Fed. R. Crim. Proc. 7(c)(1) states, in pertinent part, that "[t]he indictment or information must be a plain, concise and definite written statement of the essential facts constituting the offense charged." The Supreme Court has held that the Fifth Amendment indictment clause and the Sixth Amendment notice clause require an inquiry to determine (1) whether the indictment "contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet," and (2) "in case

any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." *Russell v. United States*, 369 U.S. 749, 763-64 (1962); *United States v. Pirro*, 212 F.3d 86, 92 (2d Cir. 2000) (citing *Russell*, 369 U.S. at 760-61); *United States v. Douglas*, 398 F.3d 407, 413 (6th Cir. 2005) (citing *Russell*, 369 U.S. at 763-64). The indictment must be also specific enough "to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction […]. For this, facts are to be stated, not conclusions of law alone." *Valentine v. Konteh*, 395 F.3d 626, 631 n. 1 (6th Cir. 2005) (citing *United States v. Cruikshank*, 92 U.S. 542, 558 (1875)). *See also United States v. Pirro*, 212 F.3d 86, 93 (2d Cir. 2000) (quoting *Russell*, 369 U.S. at 765); *United States v. Landham*, 251 F.3d 1072, 1080 n.4 (6th Cir. 2001).

An indictment will usually be sufficient if it states the offense using the words of the statute itself, so long as the statute *fully and unambiguously* states *all* the elements of the offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Farah*, 766 F.3d 599, 613 (6th Cir. 2014) (citation omitted). "Undoubtedly the language of the statute may be used in the general description of the offense, *but it must be accompanied with such a statement of facts and circumstances* as will inform the accused of the specific offense, coming under the general description with which he is charged." *Hamling*, 418 U.S. at 117-18 (emphasis added). An indictment is insufficient when only conclusory statements of fact are alleged. *See United States v. Pirro,* 202 F.3d 86, 93 (2d Cir. 2000) (finding indictment insufficient where government did not allege all elements of a particular violation); *United States v. Landham*, 251 F.3d 1072, 1081 (6th Cir. 2001) (citing and applying *Hamling* standard, finding indictment insufficient and reversing convictions where government did not

3

allege specific facts to support each count). "A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances." *United States v. Cruikshank*, 92 U.S. 542, 558 (1875)). Further, "[a]n indictment that requires speculation on a fundamental part of the charge is insufficient." *United States v. Bobo*, 344 F.3d 1076, 1084 (11th Cir. 2003) (citation omitted). The facts alleged must also be sufficient to determine upon what basis the grand jury returned the indictment. *Russell v. United States*, 369 U.S. 749, 769-770 (1962).

## III. THE INDICTMENT FAILS TO PROVIDE NOTICE.

The indictment fails to provide notice required by the Constitution and the Rules of Criminal Procedure of how the government alleges that Mr. Scott committed a criminal offense.

### A. The Allegations

The indictment does not reasonably provide notice of the time of the alleged offense. Rather, the indictment covers a three-year timespan, from 2016 through 2018. Doc. 6, Indictment, par. 1.

Apart from the statutory language, the only factual allegations are that the specified unlawful activity allegedly involved $400 million from a pyramid scheme involving a cryptocurrcy called OneCoin.

The Government has provided a partial Bill of Particulars. *See* Declaration of David Garvin, Exhibit A). The government has provided orally and informally a list of individuals it may consider co-conspirators but has declined to commit in writing to the identification of these individuals as co-conspirators. As to the specified unlawful activity, the Government has particularized that it alleges that it is wire fraud pursuant to 18 U.S.C. § 1343 "involving

4

a fraud scheme involving OneCoin." The Government also identified several transactions it contends would satisfy the venue requirements in the Southern District of New York.

### B. Failure to Provide Notice

The indictment fails to contain sufficient detail to allow Mr. Scott and ultimately this Court to determine whether there has been a constructive amendment or variance. *United States v. D'Amelio*, 683 F.3d 412, 416-17 (2d Cir. 2012)(defining constructive amendment and variance); *United States v. Pirro*, 212 F.3d 86, 93 (2d Cir. 200)(indictment must identify the underlying offense). For constructive amendment purposes, it would be impossible to determine whether Mr. Scott might be convicted of an offense other than presented to the Grand Jury because we cannot tell the "essential facts" presented to the Grand Jury.

An indictment is interpreted more strictly where, as here, the defendant challenges the sufficiency before trial rather than waiting until jeopardy attaches. *United States v. Sabbeth*, 262 F.3d 207, 218 (2d Cir. 2001)(interpreting indictment liberally in favor of sufficiency at the close of the Government's case); *United States v. Perry*, 757 F.3d 166, 171 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 1000 (2015).

The lack of notice in this case is not just a technical argument. A multi-year charge claiming a conspiracy to launder money requires more than a simple indictment for an offense like bank robbery. Unless Mr. Scott is given notice of the facts the government alleges constitute the crime, he could be called upon to defend every act over a three-year period. "The validity of an indictment is governed by practical, not technical considerations." *United States v. Cooper*, 714 F3d 873, 877 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 313 (2013). As a practical consideration, for a money laundering conspiracy charge to be brought using a three-year timeframe and including no allegation other than that the

5

criminal conduct alleged was a Ponzi scheme involving OneCoin does not provide adequate notice to satisfy the purposes of an indictment.

An insufficient indictment cannot be cured by a bill of particulars. *Russell v. United States*, 369 U.S. 749, 770 (1962); *United States v. Carrier*, 672 F.2d 300, 303 (2d Cir. 1982). Counsel for Mr. Scott appreciate the information provided by Government counsel, but Mr. Scott does not have notice of the essential facts that would constitute a conspiracy to launder money.

### C. Failure to Plead Venue/Jurisdiction Facts

Other than the conclusory allegation that the conspiracy occurred in the Southern District of New York and elsewhere, no facts establishing jurisdiction and venue are contained in the indictment. Again, the bill of particulars cannot cure the indictment's deficiency. Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, Mr. Scott moves the Court to dismiss the indictment on jurisdictional and venue grounds.

### IV. CONCLUSION

In this case involving an indictment against an attorney, the bare bones indictment, including a three-year timeframe, is insufficient as a matter of law. Accordingly, Mr. Scott respectfully request this Honorable Court to grant his motion and enter an order dismissing the indictment.

Dated: May 14, 2019 Respectfully submitted,

/s/ David M. Garvin
David M. Garvin
Counsel for Defendant, Mark S. Scott
DAVID M. GARVIN, P.A.
200 South Biscayne Boulevard
Suite 3150
Miami, Florida 33131
Tel: (305) 371-8101
Fax: (305) 371-8848
Email: ontrial2@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2019, I electronically filed Defendant's MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENCY OF INDICTMENT with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the parties in this case:

Christopher Joseph DiMase, AUSA
Julieta Veronica Lozano, AUSA
Nicholas Folly, AUSA
James Nobles, Esq.

/s/ David M. Garvin
David M. Garvin, Esq.
Counsel for Defendant, Mark S. Scott
DAVID M. GARVIN, P.A.
200 South Biscayne Boulevard
Suite 3150
Miami, Florida 33131
Tel: (305) 371-8101
Fax: (305) 371-8848
Email: ontrial2@gmail.com