

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 15, 2019

**BY ELECTRONIC MAIL**

Law Offices of David M. Garvin, P.A.
200 South Biscayne Boulevard, Suite 3150
Miami, FL  33131
Email: ontrial2@gmail.com

    Re:   *United States v. Mark S. Scott*, S6 17 Cr. 630 (ER)

Dear Mr. Garvin:

    The Government writes in response to your letter dated December 20, 2018, in which you request a bill of particulars relating to four matters outlined in the letter. The Government's responses follow.

    1.   *Please identify all individuals with whom Mr. Scott is alleged to have conspired with to commit money laundering.*

    As an initial matter, the law in this Circuit generally does not require the Government to identify alleged co-conspirators as part of its Rule 16 discovery. *See United States v. Torres*, 901 F.2d 205, 233-34 (2d Cir. 1990), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36, 41 (2d Cir. 2010) (upholding district court's denial of a bill of particulars where the defendant had requested, in part, "the identity of those other persons 'known and unknown' as alleged in . . . the indictment"); *United States v. Murgio*, 209 F. Supp. 3d 698, 721 (S.D.N.Y. 2016) ("courts in this circuit frequently exercise their discretion to deny requests to identify co-conspirators through a bill of particulars") (citing *United States v. Mahaffy*, 446 F. Supp. 2d 115, 120 (E.D.N.Y. 2006)); *United States v. Cook*, No. 13 Cr. 777 (AJN), 2014 U.S. Dist. LEXIS 182268, at *15 (S.D.N.Y. Mar. 10, 2014) (denying motion for bill of particulars identifying other co-conspirators where "the co-conspirators are alleged to have worked directly with one another"); *United States v. Trippe*, 171 F. Supp. 2d 230, 240 (S.D.N.Y. 2001) ("[D]emands for particular information with respect to where, when, and with whom the Government will charge the defendant with conspiring are routinely denied."). That is particularly true where, as here, "the Government has provided discovery that will enable a defendant to adequately prepare his defense." *Murgio*, 209 F. Supp. 3d at 721-22; *see also United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam) ("Generally, if the information sought by defendant is provided in the indictment or in some acceptable alternate form, no bill of particulars is required.").



EXHIBIT A

The materials provided to you thus far as part of the Government's Rule 16 discovery productions—including, but not limited to, email correspondence between Scott and other individuals; correspondence between Scott and financial institutions and fund administrators; financial records; and bank account statements—are sufficient to allow the defendant to identify the other co-conspirators in the charged money laundering conspiracy and adequately to prepare his defense. That being said, we would be happy to discuss this issue with you further. Please let us know if you would like to schedule a conference call to do so.

2. *Please confirm that the specified unlawful activity referred to in the indictment is wire fraud pursuant to 18 U.S.C. Section 1343 based upon a pyramid scheme involving OneCoin.*

The specified unlawful activity referred to in the S6 Indictment is wire fraud, pursuant to 18 U.S.C. § 1343, involving a fraud scheme related to OneCoin. *See United States v. Szur*, 289 F.3d 200, 213 (2d Cir. 2002) ("Wire fraud is a "specified unlawful activity" under 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1).").

3. *Please provide the basis of venue in the Southern District of New York by identifying the date and nature of the acts in furtherance of the conspiracy alleged to have occurred in the Southern District of New York.*

As you are aware, Title 18, United States Code, Section 1956 contains its own venue provision. That venue provision, among other things, states: "For purposes of this section, a transfer of funds from one place to another, by wire or any other means, shall constitute a single, continuing transaction. Any person who conducts (as that term is defined in subsection (c)(2)) any portion of the transaction may be charged in any district in which the transaction takes place." 18 U.S.C. 1956(i)(3).

The materials provided to you thus far as part of the Government's Rule 16 discovery productions—including but not limited to email correspondence between Scott and other individuals; correspondence between Scott and financial institutions and fund administrators; financial records; and bank account statements—are sufficient to allow the defendant to identify the acts occurring in the Southern District of New York ("S.D.N.Y.") that serve as the basis for venue in S.D.N.Y. over the charged money laundering conspiracy and adequately to prepare his defense. Moreover, several of the seizure warrant affidavits provided to you as part of the Government's Rule 16 discovery productions describe a number of transactions associated with the charged money laundering offense that involved the use of correspondent bank accounts located in New York County (*i.e.*, Manhattan), which lies within S.D.N.Y. *See, e.g.,* MS_USAO_00000101, ¶ 31(e); MS_USAO_00000102, ¶ 31(i).

Beyond the transactions in the discovery materials identified above, the Government hereby provides the following non-exhaustive list of additional transactions that, among others, support venue in S.D.N.Y.:

      a. A wire transfer of approximately $2 million, through a Manhattan correspondent bank account, from a U.S. account to an account at Deutsche Bank Cayman Limited in the name of Fenero Equity Investments II L.P. (the "Fenero II Account"), on or about June 30, 2016;

2

      b. A wire transfer of approximately $3 million, through a Manhattan correspondent bank account, from a U.S. account to the Fenero II Account, on or about July 1, 2016; and

      c. A wire transfer of approximately $5 million, through a Manhattan correspondent bank account, from a U.S. account to the Fenero II Account, on or about September 13, 2016.

*See, e.g.*, USAO_00010948 – USAO_00010950.

    *4.*   *With regard to the forfeiture count, please specify all property that it is alleged that Mark S. Scott personally obtained.*

        Prior to the next pretrial conference in this matter, presently scheduled on February 20, 2019, the Government intends to file with the Court a Forfeiture Bill of Particulars, providing notice to the defendant regarding specific property that the Government is currently seeking to forfeit in this case. As set forth in the S6 Indictment, the Government will also seek to forfeit a sum of money in United States currency representing the amount of property involved in the offense. To the extent the Government identifies additional property subject to forfeiture that it will seek to forfeit prior to trial in this matter, it shall file an additional Forfeiture Bill of Particulars in advance of trial. In addition, the Government always retains the right under Federal Rule of Criminal Procedure Rule 32.2(e) to seek forfeiture of subsequently located or substitute property, in the event that the defendant is convicted.

                                              Sincerely,

                                              GEOFFREY S. BERMAN
                                              United States Attorney

                          By:       /s/
                                  Christopher J. DiMase / Nicholas Folly
                                  Assistant United States Attorneys
                                  (212) 637-2433 / 1060
                                  Julieta V. Lozano
                                  Special Assistant United States Attorney
                                  (212) 335-4025

cc:     James Nobles, Esq. (by electronic mail)