

David M. Garvin
Florida Bar Board Certified in Taxation
LLM, Tax

LAW OFFICES
**DAVID M. GARVIN, P.A.**
200 SOUTH BISCAYNE BOULEVARD, SUITE 3150
MIAMI, FLORIDA 33131
TELEPHONE (305) 371-8101
FAX (305) 371-8848

E-MAIL: ontrial2@gmail.com
WEBSITE: davidmgarvin.com

January 25, 2019

**BY E-MAIL**

Christopher DiMase, Esq.
Julietta Lozano, Esq.
Nicholas Folly, Esq.
Assistant United States Attorneys
United States Attorney's Office
Southern District of New York
Central Islip, New York 11722

Re    United States v. Mark Scott, 17 Cr. 360

Dear Mr. DiMase, Ms. Lozano and Mr. Folly:

    We write on behalf of our client, Mark Scott, to request the production of material under *Brady v. Maryland* and its progeny and to advise the Government of particular information that we believe would be responsive to a *Brady* request.

    As you are no doubt well aware, under *Brady*, the government has a "broad duty" to disclose material information favorable to the defense in a timely manner prior to trial. *Strickler v. Green*, 527 U.S. 263, 281 (1999). *Brady* imposes an obligation to provide any potentially exculpatory information that may directly, or indirectly, rebut the prosecution's case "to assist the defense in making its case," *Bagley*, 473 U.S. 667, 675 & n.6, even if that information also contains portions that are consistent with the government's theory. *United States v. Mahaffy*, 693 F.3d 113, 130-33 (2d Cir. 2012). *See also United States v. Rivas*, 377 F.3d 195, 199-200 (2d Cir. 2004) (vacating conviction where the government failed to disclose a statement by a testifying witness that, though *in* some sense incriminating, also exculpated the defendant because it supported the defendant's theory of the case).

    In this case the Government has alleged that Mr. Scott, acting with criminal intent, laundered "proceeds of a cryptocurrency known as 'OneCoin.'" Any information of which the prosecution team is aware that tends to rebut that Mr. Scott was aware that the funds he transferred were criminal proceeds, or any other element of the money laundering offense, is core *Brady* material which should be disclosed promptly in order to enable us to prepare a defense.



EXHIBIT
"A"

As previously stated, the defense team has reviewed the discovery provided to date and has searched for those particular emails between Mr. Scott and alleged co-conspirators which the government has stated prove that Mr. Scott had knowledge that OneCoin was an illegal fraudulent scheme and that the money received by Mr. Scott's investment funds were the proceeds of this cryptocurrency scheme. The defense team has been unable to locate any of these emails.

On September 13, 2018 at a reconsideration of bail hearing before Judge Ramos, SAUSA Lozano stated: "In response to counsel's argument regarding the strength of the case, I would note that we do have communications among Mr. Scott and the coconspirators that establishes that he knew that the money that was coming into his funds were the proceeds of the cryptocurrency scheme." Transcript page 26. The defense has requested the bates numbers for these alleged communications but none have been provided. It now appears that there will be no further information provided by the Government as to these alleged emails other than to state that all known emails in the possession of the Government have been produced.

This brings the Defense to address a new area of concern. Because the *Brady* obligation rests with the Government, and because only the Government knows what information has been gathered in its investigation, we cannot and do not purport to provide an exhaustive list of categories of *Brady* material that must be disclosed. However, we respectfully submit that each of the following categories of information constitute *Brady* in this case and should be disclosed to the extent such information is available to the prosecution team[1]:

1. Any evidence that OneCoin was, during the relevant period, engaged in legitimate business activity.

2. Any evidence that any regulator, government body or judicial authority determined that OneCoin was engaged in legitimate business activity.

3. Any evidence that any financial services provider, law firm, or other third party service provider did business with OneCoin or any of its affiliates after due diligence.

4. Any evidence tending to show that Mr. Scott was not aware that any of the funds he is alleged to have laundered were proceeds of unlawful activity. Such evidence would include but is not limited to the following:

    a) Any information provided to Mr. Scott to the effect OneCoin was engaged in legitimate, non-criminal activity. This includes but is not limited to information provided by individuals associated with OneCoin or anyone alleged to be a co-conspirator, regardless of whether that information was accurate.

---

[1] The Government's obligation to provide discovery -- with respect to *Brady* material and otherwise -- extends not just of the U.S. Attorney's Office for the Southern District of New York, but also the New York County District Attorney's Office, the Federal Bureau of Investigation and any other law enforcement agencies who have played any role in the investigation or investigations resulting in the indictment of Mark Scott or any alleged co-conspirators.

b) Any information provided to Mr. Scott to the effect OneCoin or individuals associated with OneCoin had been successfully vetted following due diligence by any third party, including but not limited to information provided by any financial institution or legal services provider.

c) Any statement by any person interviewed by the prosecution team or otherwise obtained by the prosecution team to the effect that Mr. Scott was not aware, or did not appear to be aware, that some or all of the funds he is accused of laundering were traceable to the operations of OneCoin. With respect to this request and request d below, such statements constitute *Brady* even if the individual making the statement has at other times made statements that are inconsistent.

d) Any statement by any person interviewed by the prosecution team or otherwise obtained by the prosecution team to the effect that Mr. Scott was not aware, or did not appear to be aware, during any period within the charged conspiracy, that OneCoin was engaged in unlawful activity.

We thank you for your attention to this request. We respectfully request that you advise the defense if you do not intend to produce material in response to the specific enumerated requests set forth above so we can understand whether and to what extent our views of the Government's *Brady* obligations differ and seek judicial intervention to address any such differences should that be necessary.

Very truly yours,

David M. Garvin