UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | NO.: 17-cr-00630 (ER) |
| - v. - | ECF Case |
| MARK S. SCOTT, | |
| Defendant. | |

## DEFENDANT MARK S. SCOTT'S REPLY TO GOVERNMENT'S MEMORANDUM IN OPPOSITION TO PRETRIAL MOTIONS

Mark Scott has moved the Court to dismiss the barebones indictment (Dkt Nos. 75-77), to suppress the fruits of an extensive search and seizure that was conducted without probable cause to believe that Mark Scott knew that the money he helped invest represented the proceeds of unlawful activity (Dkt. Nos. 69-71), to order a witness and exhibit list two weeks before trial (Dkt. Nos. 72-74), and to compel the production of Brady material (Dkt. Nos. 78-90). The government has submitted a consolidated response. (Dkt. No. 84). Mr. Scott relies primarily on his opening motions and will try not to reiterate his previously stated points – he submits this Reply to emphasize that the government cannot overcome the reasonableness and the legal authority upon which his motions are based.

I.  Motion to Dismiss

Mr. Scott has pointed out that the indictment fails to set out the basic factual allegations that are required to charge a criminal offense. The Government's bare bones indictment fails to satisfy the well-established constitutional and rule-based requirements to give a defendant proper notice. In addition to stating every element of the alleged offenses, an indictment must state the essential *facts* satisfying those elements. *See Alleyne v. United States, 133 S. Ct. 2151 (2013);* Fed R. Crim. Pro. 7(c)(1) (stating in pertinent part, that "[t]he indictment or information must be a plain, concise and definite written statement of the *essential facts* constituting the offense charged.") (emphasis added). The instant indictment fails to put Mr. Scott on notice of the essential facts that allegedly constitute a conspiracy to launder money related to OneCoin.

The government cites many cases in which courts have approved indictments. It is certainly correct that to satisfy the requirements in many cases all that it is necessary is to set out the elements of the offenses and the date and location of the event. However, the indictment in this case presents a real notice issue because Mr. Scott is being called upon to defend years of his conduct and his business dealings with a large array of individuals in

various counties. He truly does not have adequate notice of how he supposedly conspired to launder money.

The Government cites *United States v. Alfonso*, *inter alia*, for the proposition that: for an indictment to be sufficient, it must plead the "elements of the offense[s] charged" and fairly inform the defendant "of the charge against which he must defend." (Doc. No. 84 at 29) (*quoting United States v. Alfonso*, 143 F.3d 772, 777-78 (2d Cir. 1998)). However, *Alfonso* is distinguishable from Mr. Scott's case because it involves a narrow examination of whether sufficient jurisdictional facts are alleged. As the government notes elsewhere the inquiry into whether an indictment properly charges jurisdictional elements is very narrow. *See United States v. Yousef*, 750 F.3d 254, 259 (2d Cir. 2014).

In *Alfonso*, the opinion followed a district court's grant of a motion to dismiss an indictment based on the indictment's failure "to satisfy the jurisdictional requirement of the Hobbs Act." *Alfonso, 143 F.3d at 775*. Notably, this theory was "not advanced by defendants," nor was it briefed or argued by any of the parties. *Id.* at 774. Moreover, the indictment on its face met the Hobbs Act's broad jurisdictional requirements. The indictment alleged that the defendants "conspired to commit robbery" and "thereby obstructed, delayed and affected commerce" and that the robbery occurred "on or about March 25, 1997 . . . at 1838 Vyse Avenue, Apartment 3B, Bronx,

New York." *Id.* at 776. The district court however, felt the indictment failed to "adduce sufficient facts to establish a nexus between the robbery . . . and any obstruction of interstate commerce." *Id.* at 773. Such a critique, the Second Circuit held, "presented a challenge to the sufficiency of the evidence [which] is not appropriately decided on a pretrial motion to dismiss. *Id.* at 773.

Mr. Scott is not challenging the sufficiency of the evidence at this stage, as the government claims. He is challenging the sufficiency of the indictment. The indictment in *Alfonso* dealt with a single date, a single location, and a single event. Here, the indictment alleges countless events, over the course of several years, involving persons "known and unknown," occurring in "the Southern District of New York and elsewhere." (Doc. No 6. at 1).

The government's argument regarding failure to include venue facts is illustrative of its approach. The government claims Mr. Scott's argument is factually wrong because the indictment has boilerplate language that the offense took place in the Southern District of New York and elsewhere. That is a conclusion. The problem with the indictment is that it does not allege *facts* to support the conclusion. Fed. R. Crim. Proc. 7(c)(1) states, in pertinent part, that "[t]he indictment or information must be a plain, concise and definite written statement of the essential **facts** constituting the offense charged." (Emphasis added). Thus Mr. Scott's argument is hardly "novel." (Govt. Response at 30).

4

## II. Motion to Suppress

Mr. Scott has shown that the affidavits in his case fail to allege facts regarding an essential element – probably the most important element – of money laundering. (*See* Dkt. No. 70). The majority of the affidavits consist of a recitation of OneCoin's history and allegedly fraudulent motives of the OneCoin principals. The affidavit fails to establish probable cause that Mr. Scott knew the funds in question were fraudulently obtained–a requirement under 18 U.S.C § 1956(a)(1), 1956(a)(2)(B)(i)—and the warrant makes no real effort to establish that Mr. Scott committed bank fraud under 18 U.S.C. § 1344.[1]

Furthermore, the affidavit was not sufficiently particular as it failed to establish a nexus between items seized and the alleged criminal activity. Additionally, the warrants were unconstitutionally overbroad, as they essentially allowed officers unlimited discretion to seize every document in Mr. Scott's possession through the seizure of electronic devices and records. The government has knowingly kept irrelevant and privileged information in a constitutionally unreasonable manner without following established procedures.

---

[1] The government correctly points out that Mr. Scott's initial motion incorrectly refers to the searches as having been executed in August 2018. Although the Florida warrant was issued in August, the warrants were executed in September.

5

As to the lack of probable cause, the government makes much of the fact that the affidavit claims that Mr. Scott was provided an encrypted phone. (Dkt. 84 at 16). Mr. Scott is an attorney. It is widely known that many international calls are intercepted and monitored and in many countries there may be no reasonable expectation of privacy on a phone call. In all United States jurisdictions, an attorney has the responsibility to preserve client confidences. Lawyers also have a duty to take reasonable steps to understand technology to preserve client confidences. *See* ABA Model Rules of Professional Conduct 1.1 (competence, including technological competence), 1.4 (communications), and 1.6 confidentiality; ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 477R (2017). There is no precedent for the government to try to make the leap that if a client from a foreign jurisdiction provides a lawyer a confidential phone, the lawyer's use of the confidential phone means that the attorney knew the client was engaged in unlawful activity.

Further, there is no significance to the fact that a grand jury found probable cause. (Govt. Response, Dkt. 84 at 17). The Court is to examine whether probable cause is set out in the affidavit. We do not know what evidence was presented to the grand jury. The government provides no authority for the proposition that a grand jury's finding of probable cause is relevant to whether probable cause is set out in a search warrant affidavit.

6

The government attempts to apply what it believes it now knows about OneCoin to argue that Mr. Scott knew of such unlawful activity several years ago. The government has informed the Court that it has investigated this conduct for years. The government may now be in possession of incriminating information about the founders of OneCoin. However, the government has not shown those facts were known by Mark Scott at the time. The affidavit does not show any facts regarding any public knowledge or official warning that OneCoin was problematic at the time of the alleged transactions, either from governmental actions against OneCoin or from information Mr. Scott had access to at the time.

In fact, the government's argument that probable cause was established is limited to a paragraph in its response. (Dkt. 84 at 16-17). The government mentions several times that the affidavits were lengthy. Length of an affidavit is irrelevant. The factual basis for probable cause as to each essential element of the alleged violations of law must be the focus.

The government relies upon the deference reviewing courts owe to the judge issuing the warrant. But *Leon* reinforced that no deference is owed when, as here, an element is completely lacking: "reviewing courts will not defer to a warrant based on an affidavit that does not "provide the magistrate with a substantial basis for determining the existence of probable cause."

*United States v. Leon*, 468 U.S. 897, 915, 104 S. Ct. 3405, 3416 (1984), quoting *Illinois* v. *Gates*, 462 U.S. 213, 239 (1983).

The good faith exception cannot cure this constitutional violation. After its brief argument regarding probable cause, the government shifts quickly to an attempt to rely on the good faith exception. (Dkt. 84 at 18). It acknowledges that it bears the burden under the good faith exception. Very simply, the good faith exception requires objectively reasonable reliance. In this case the affidavit fails on the most important element of money laundering – it does not even come close to setting forth facts showing Mr. Scott knew, at the time, that funds were proceeds of unlawful activities. The government cannot meet its burden of showing that its reliance was reasonable. Additionally, the Court in *Leon* reached the conclusion that evidence should not be suppressed based on the idea that law enforcement officers without legal training would not be deterred by suppressing evidence when it was really the judge who made the error. *United States v. Leon*, 468 U.S. 897, 921, 104 S. Ct. 3405, 3419 (1984). Here, however, the affidavit was not simply drafted by a police officer without legal training. As the government points out, Mr. Scott was already under indictment when the Florida affidavit was drafted. (Dkt. 84 at 17). Elsewhere, the government says the F.B.I. had been investigating for one and a half years before the affidavit was drafted. The highly trained prosecution team had been working

8

on this case extensively and knew that an affidavit must establish probable cause for each and every element. *Leon* shows that the decision about whether to excuse a constitutional violation turns on whether suppression would have a deterrent effect.

Next, the government fails to overcome the fact that the affidavit does not particularize the particular electronic devices and/or documents to be seized. The fact that Mr. Scott used email as noted at page 19 simply does not serve to particularize and justify the seizure of all electronic devices because they are capable of storing email or electronic documents.

Notably, the government does not address the heightened particularity requirements for electronic searches: "Where . . . the property to be searched is a computer hard drive, the particularity requirement assumes even greater importance." *United States v. Galpin*, 720 F.3d 436, 446 (2d Cir. 2013).

The government points out that the affidavit cites statutes that were allegedly violated. (Govt. Response, Dkt. 84 at 19). However, merely citing broad statutes does not save a warrant from being overly broad. *See United Stated v. Cioffi*, 668 F.Supp.2d 385, 392 (E.D.N.Y 2009) (*quoting United States v. Maxwell*, 920 F.2d 1028, 1033 (D.C. Cir. 1990) ("References to broad statutes realistically constitute no limitation at all on the scope of an otherwise overbroad warrant and therefore cannot save it.") and *United States v. Roche,* 614 F.2d 6, 8 (1st Cir. 1980) "[S]ection 1341 makes illegal all

9

frauds that utilize the mails; limitation by so broad a statute is no limitation at all."))

At page 21 of the Response the government quotes from Mr. Scott's memorandum regarding the lack of date restriction on one of the affidavits and claims Mr. Scott's argument is "simply wrong" implying that Mr. Scott miscited the affidavit. The government then quotes from a *different* affidavit. (See Scott Motion at 11-12). In any event, even in the residence warrants, there were no date restrictions on the seizure of the electronic devices. If there were restrictions, it does not appear that efforts were made to ensure that only devices that could contain relevant information were seized.

The government relies on the fact that it returned items seized beyond the scope of the warrant. It is true that some items were returned that never should have been seized. However, even after nine months have passed, the government has not reviewed the electronic evidence that it seized.

The statements made by the government about the privilege review procedure indicate that review has not been completed. Nor was it started for many months. This delay supports the argument made by Mr. Scott at pages 13-14 in his original motion.

### III.   Witness and Exhibit List Fourteen Days Before Trial

Mr. Scott moved for a witness and exhibit list pursuant to U.S. Const. Amend. V and VI; Fed R. Crim. P. 16; and this court's inherent discretion to

order pretrial disclosure under *United States v. Cannone*, 528 F.2d 296, 300-01 (2d Cir. 1975). Mr. Scott has reasonably asked that this notice be given only fourteen days before trial. The government does not articulate any argument against the reasonableness of this request. It simply asks that the court deny it because trial will be in October. There is no reason to deny the motion and make the defendant refile it. It would be more efficient for the Court to address this issue now and not at the last minute.

Mr. Scott's initial memorandum provided numerous citations describing the court's power to require the government to provide exhibits and witness lists in advance of trial. (Doc. No. 73 at 2-4). Moreover, Mr. Scott showed that such disclosures were reasonable in light of the circumstances. Mr. Scott pointed to this district court's willingness to order the production of witness lists in cases similar to his: those involving non-violent crimes, extensive documentation, and lengthy timespans (Doc. 73 at 2-3). Furthermore, given the vagueness of the indictment, Mr. Scott emphasized that such disclosures are critical to his ability to protect his constitutional due process rights and right to receive effective assistance of counsel.

In its response, the government acknowledges the Court's ability to compel witness lists and exhibits prior to trial, provided a defendant makes a "specific showing that the disclosure [is] material to the preparation of the defense and reasonable in light of the circumstances." (Doc. 84, at 40).

11

However, rather than assert that Mr. Scott has failed to make such a showing—presumably because they recognize that he has—the Government merely argues that Mr. Scott's motion "should be denied by the Court as premature." (Doc. 84 at 41). In support of its claim that Mr. Scott's request is premature, the Government cites two cases: *United States v. Delacruz*, No. 14 CR 815 KBF, 2015 WL 2211943, at *3 (S.D.N.Y. May 12, 2015) and *United States v. Russo,* 483 F. Supp. 2d 301, 309 (S.D.N.Y. 2007). *Delacruz* and *Russo* are readily distinguishable. In *Delacruz*, the defendant failed to make a specific showing that pretrial disclosure of government witnesses was material to the defense and reasonable in light of the circumstances. *Delacruz*, 2015 WL 2211943, at *3 ("Aside from defendant's general comments regarding sting operations, no such showing has been made here."). So too in *Russo*: "Defendants here make no particularized showing that the requested witness list is material to preparation of the defense." 483 F. Supp. 2d at 309. Further, in *Russo*, the government had already "indicated that it intend[ed] to produce its witness list." *Id.* Additionally, in *Russo* the court merely took issue with the defendant's request for exhibits 30 days prior to trial. *Id.*

Here, it is uncontested that Mr. Scott has made a specific showing that pretrial disclosure of government witnesses and exhibits are material to his defense and reasonable in light of the circumstances. Furthermore, the

12

Government has not already agreed to turn over a witness list, but agrees only to "engage in good faith consultations with the defendant . . . regarding the production of various material in advance of trial." (Doc. No. 84 at 41). Lastly Mr. Scott is merely asking for the materials 14 days in advance of trial, not 30. For these reasons, and those set out in Mr. Scott's motions and memoranda, the motions should be granted.

Dated: June 17, 2019

Respectfully submitted,

 /s/   David M. Garvin
David M. Garvin
Counsel for Defendant, Mark S. Scott
DAVID M. GARVIN, P.A.
200 South Biscayne Boulevard, Suite 350
Miami, Florida 33131
Tel: (305) 371-8101
Fax: (305) 371-8848
Email: ontrial2@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2019, I electronically filed Defendant's Memorandum in Support of Motion to Suppress with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the parties in this case:

Christopher Joseph DiMase, AUSA
Julieta Veronica Lozano, Special Assistant United States Attorney
Nicholas Folly, AUSA

James Nobles, Esq.

                      /s/ David M. Garvin
                      David M. Garvin, Esq.
                      Counsel for Defendant, Mark S. Scott
                      DAVID M. GARVIN, P.A.
                      200 South Biscayne Blvd., Suite 3150
                      Miami, Florida 33131
                      Tel: (305) 371-8101
                      Fax: (305) 371-8848
                      Email: ontrial2@gmail.com