

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 12, 2019

**BY ECF & ELECTRONIC MAIL**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

     **Re:**    *United States* **v.** *Mark S. Scott*, **S6 17 Cr. 630 (ER)**

Dear Judge Ramos:

     We write in response to the defendant's letter dated July 10, 2019 (the "July 10 Letter Motion"). In that letter, the defendant requests that the Court issue an order effectively withholding from the Government's prosecution team (the "Prosecution Team") documents reviewed by the Government's filter team (the "Filter Team") and determined to be non-privileged, and requiring the Filter Team to supplant the Prosecution Team in a responsiveness review of the seized documents. Specifically, the defense has requested that the Court order: (i) the Filter Team to visually inspect every document contained in the seized materials; (ii) the Filter Team to search the seized materials for case-relevant terms using a list provided by the Prosecution Team, and to withhold from the Prosecution Team any documents that do not contain those specific terms; and (iii) affording the defendant an opportunity to inspect the documents that the Filter Team intends to release to the Prosecution Team before those documents are released. As set forth in greater detail below, the Government has engaged in a reasonable and thorough process to effectively screen the documents at issue for privilege, consistent with the protocols set forth in the warrants. Accordingly, the defendant's request should be denied in its entirety.

**A.**    **Background**

     The documents at issue consist of materials seized from the defendant's homes in Coral Gables, Florida, and Barnstable, Massachusetts, pursuant to judicially-authorized search warrants. These search warrants authorize the Prosecution Team to review *all* seized materials (with the exception of materials that are privileged) for responsiveness. Specifically, the search warrant orders provide that:

Letter to the Honorable Edgardo Ramos
July 12, 2019

> Law enforcement personnel will make reasonable efforts to search only for files, documents, or other electronically stored information within the categories identified in Attachment B. *However, law enforcement personnel are authorized to conduct a complete review of all the ESI from seized devices or storage media if necessary to evaluate its contents and to locate all data responsive to the warrant.*

The search warrants also specify that the privilege review shall be a separate and distinct process from the responsiveness review, and shall be conducted by an independent filter team:

> Additionally, review of the items described in Attachment B shall be conducted pursuant to established procedures designed to collect evidence in a manner reasonably designed to protect any attorney-client or other applicable privilege. *Because the owner and resident of the Subject Premises is an attorney, the procedures shall include use of a designated "filter team," separate and apart from the investigative team, in order to address potential privilege issues.*

Consistent with the obligations and authority provided in the search warrants, the Government implemented a process that involves an initial privilege review conducted by the Filter Team, and a subsequent review for responsiveness by the Prosecution Team, of materials determined by the Filter Team to be non-privileged. In a letter dated February 2, 2019, the defendant requested an opportunity to review materials deemed non-privileged before those materials were released to the Prosecution Team. While not obligated to do so, the Government agreed to this request. The defendant committed to this process, and in a letter dated February 14, 2019, informed the Government that the "defense stands ready to review any documents that the taint team preliminarily determined are not protected by privilege."

In early May 2019, the Filter Team finished its review of approximately 30,000 documents through a thorough process designed to effectively screen for privilege. Specifically, the review was organized into documents that included terms on the Defendant's List of Attorneys and Clients (the "A/C List") and those that did not include terms on the A/C List. Of those documents:

- The Filter Team *individually reviewed* each of the approximately 7,800 documents that included terms on the A/C List and designated approximately 4,200 as non-privileged and approximately 3,600 as potentially privileged.[1]

---

[1] The Government describes volume in terms of the number of documents at issue as opposed to the number of pages because it is generally not necessary to read each page of a document in order to screen for privilege. A public document may have hundreds of pages but it only takes a moment to determine that it is not privileged; likewise, a draft contract may be hundreds of pages, but it only takes a moment to determine that it is potentially privileged based on the header or attorney notes.

Letter to the Honorable Edgardo Ramos
July 12, 2019

- The Filter Team then ran specific and generic searches in the set of approximately 21,000 documents that did not include terms on the A/C List, and reviewed an overview of the results of those searches to make sure that the key words did not need to be expanded, or that additional key words did not need to be added in order to identify the potentially privileged documents to undergo individual review; after conducting this review, the Filter Team determined that this set of documents was non-privileged.

The standard protocol would be for the Filter Team to release the documents that had been screened by the Filter Team and designated as non-privileged to the Prosecution Team, so that the Prosecution Team could conduct a responsiveness review, as required pursuant to the search warrants. As part of the protocol, the Filter Team would instruct the Prosecution Team to stop its review and notify the Filter Team if the Prosecution Team came across any document that it believes may be privileged, so that the Filter Team could review the document and claw back potentially privileged material.[2] After the Prosecution Team finished its responsiveness review, it would produce to the defendant a set of the non-privileged responsive documents.

In this case, however, in accordance with the request from the defense described above, the Prosecution Team provided the defendant with an opportunity to review the non-privileged documents before the documents were released to the Prosecution Team. Accordingly, on May 6, 2019, the Filter Team produced approximately 25,000 documents that it had deemed non-privileged to the defendant in searchable electronic format.[3] Of these, approxiamtely 21,000 documents were identified as non-privileged documents that did not include terms on the A/C List, and approximately 4,200 were identified as non-privileged documents that included terms on the A/C List. In its cover letter to the defense, the Filter Team explained which documents fell into which category, to provide context to the defendant. The Filter Team requested that the defendant identify documents over which he intended to assert privilege in a privilege log on or before May 14, 2019, so that those documents could be withheld and the remainder released to the Prosecution Team for responsiveness review.

---

[2] In an effort to aid in the identification of potentially privileged materials, the Filter Team would also typically provide the Prosecution Team with the list of attorneys (and in the case of attorney defendants like Scott, the list of clients) so that the Prosecution Team was aware of the privileges being asserted by the defendants. As the Court is aware, in this instance, the defendant has refused to allow the Filter Team to provide the A/C List to the Prosecution Team, despite the fact that the law is clear that such a list is not privileged and the defendant has failed to provide any support for his assertion that disclosure of the list would violate his Fifth Amendment rights. As such, the Government renews its request, set forth in the Government's Motion Regarding Application of Crime-Fraud Exception and its Motion to Compel Responses to Grand Jury Subpoenas, that the Court direct the defense to disclose the A/C List to the Prosecution Team.

[3] As noted in the Filter Team's May 6, 2019 letter, a complete forensic image of the defendant's laptop, containing all the documents being produced on May 6, 2019, was initially produced to the defendant on or about November 1, 2018.

Letter to the Honorable Edgardo Ramos
July 12, 2019

Defense counsel responded by letter dated May 13, 2019, objecting to what it perceived as the Filter Team's request that it produce a privilege log for the entire production. The Filter Team replied by letter dated May 16, 2019 (the "May 16 Letter"), to explain that the production was of *non-privileged* documents, and that the defendant did not need to provide a privilege log unless he disagreed with that determination. The May 16 Letter also noted that "while we are offering you this opportunity to review the documents before they are released, you are not obligated to do so and should you later determine that any of the documents may be privileged, please contact me to discuss next steps." The Filter Team, after conferring with the Prosecution Team, also extended the deadline by which it requested the defendant identify any potentially privileged documents to May 21, 2019, and advised that it would be sending the second production of non-privileged materials in June. The defendant never responded to the May 16 Letter.

Thereafter, by letter dated June 25, 2019 (the "June 25 Letter"), the Filter Team requested that the defendant supply a hard drive so that the Filter Team could produce the second batch of non-privileged documents to the defendant. The Filter Term further advised the defendant that it was in the process of releasing the first batch of non-privileged documents to the Prosecution Team, since the defendant had not responded to the May 16 Letter, and had not identified any of the documents as potentially privileged in the almost two months since those documents were produced by the Filter Team (and over six months from when they were initially produced to the defendant in discovery). Upon receipt of the June 25 Letter, the defense requested an additional week to review the first set of non-privileged documents. The Prosecution Team agreed to extend the deadline to July 1, 2019.

On July 1, 2019, for the first time in the two months since the documents were produced by the Filter Team, the defendant sent the Government a letter identifying only ten purportedly privileged documents out of the over 25,000 documents produced. The defendant relies on these ten documents in requesting that the Court declare the privilege review insufficient. He also refuses to engage in further review of documents determined to be non-privileged, claiming that the process is too burdensome and that the defendant does not have the resources to allocate to the review. As discussed below, nine of the ten documents identified by the defense were re-reviewed by the Filter Team, which confirmed the its assessment that they were non-privileged, and the tenth contained the name of a purported client not previously disclosed to the Filter Team by the defendant in his A/C List.

**B.      Discussion**

The Government respectfully requests that the Court deny in its entirety the defendant's July 10 Letter Motion—which would effectively prevent the Prosecution Team from performing its responsiveness review on the first production of over 25,000 non-privileged documents, as it is authorized to do by the terms of the search warrant and the law of this Circuit. As discussed below, the defendant improperly conflates the roles of the Filter Team and Prosecution Team in a way that is entirely inconsistent with the requirements set forth in the search warrants and would risk tainting the prosecution. Furthermore, the defendant's purported identification of "a significant number of arguably privileged documents" is inaccurate and, in all events, does not call into question the Government's privilege review process. Accordingly, the Government

Letter to the Honorable Edgardo Ramos
July 12, 2019

requests that the Court (i) permit the Government to proceed with its existing review and allow the Filter team to release to the Prosecution Team the approximately 23,000 non-privileged documents; and (ii) order the defendant to provide the Prosecution Team with the defendant's A/C List.

As an initial matter, the defendant entirely misconstrues the respective duties of the Filter and Prosecution Teams. The Filter Team is responsible for segregating and reviewing any potentially privileged materials, and the Prosecution Team is responsible for reviewing the entirety of the seized materials (excepting materials deemed privileged) for responsiveness. Notwithstanding the clear authority granted to the Prosecution Team by the search warrant to review all non-privileged materials for responsiveness, the defendant seeks to limit that authority by preventing the Prosecution Team from reviewing—by the defendant's own estimate—the vast majority of the seized materials.[4] The defendant's suggestion that the Filter Team conduct a responsiveness review through the use of search terms, prior to conducting its privilege review of materials designated as potentially privileged, completely misapprehends the appropriate—and *distinct*—roles and obligations of the Filter Team and the Prosecution Team. Setting aside the fact that reviewing for responsiveness is clearly a role for the Prosecution Team under the terms of the search warrant, it is even more clear that conducting the responsiveness review is not an appropriate role for the Filter Team. The Filter Team has been exposed to potentially privileged materials and has therefore been tainted. As such, the Filter Team cannot perform any prosecutorial roles without potentially tainting the prosecution.[5]

The defendant's attempt—by objecting to the release of the approximately 25,000 documents already deemed non-privileged—to prevent the Prosecution Team from reviewing the seized materials as authorized by the search warrants, is a thinly-veiled and purposeful effort to frustrate the Government's right to access lawfully obtained evidence.[6] To be clear, the

---

[4] The defendant claims in his July 10 Letter Motion, that "as much as 90% of the documents in the possession of the taint team are completely irrelevant to the case now before the Court." The defendant provides no explanation for how he arrived at that estimate. However, the estimate is beside the point, as the Prosecution Team is permitted to, and responsible for reviewing *all* non-privileged seized materials for responsiveness, including those materials characterized as irrelevant by the defendant.

[5] To the extent that the defendant is arguing that the Prosecution Team should rely on blindly running key word searches to fulfill its obligation to perform a responsiveness review, the Government urges the Court to reject this undermining of the Government's important role. While prosecution teams do use terms while performing responsive reviews, prosecution teams do not rely solely on key word searches, and any terms are carefully vetted to make sure that they are not over or under inclusive. *See United States v. Ulbricht*, 858 F.3d 71, (2d Cir. 2017) (file-by-file review of electronically-stored data recovered pursuant to search warrant appropriate and necessary to address issues such as misleading, misspelled, or coded language in file names or document names).

[6] The Government notes that the defendant argues that he cannot allocate the necessary resources to review the search warrant materials because he needs to prepare for trial, while at the same time, he has moved to suppress these materials based on the fact that the Government's

Letter to the Honorable Edgardo Ramos
July 12, 2019

Government provided these documents to the defense *upon the defendant's own request*. Now that the defendant has been given the materials, however, he has indicated that he is unwilling to review them, claiming that such review would be too burdensome and that he has insufficient resources to conduct the review.[7] Inexplicably, the defendant asks the Court to issue an order granting him the very same opportunity to review documents before they are released to the Prosecution Team. The defendant had this opportunity and only reviewed a handful of documents in two months; there is no reason to believe that the defendant will be any more diligent if the Court grants this request.

Moreover, the defendant's complaints regarding the privilege review process employed by the Filter Team are baseless. Contrary to the defendant's claims, only one of the ten documents described above appears to be potentially privileged.[8] This one potentially privileged document was in the set of five documents that did *not* include terms on the A/C List, because it involved a client whose name the defendant failed to include in the A/C List. Now that the defendant has identified this individual as a client, the name has been added to the A/C List and all documents including that name are in the process of being individually reviewed by the Filter Team.[9] Identifying one potentially privileged document involving a client that had not been previously disclosed by the defendant simply does not call into question the privilege review, as it is necessarily an iterative process.

---

privilege and responsiveness reviews of these materials have taken too long. The defendant's refusal to engage in a review of the documents for more than two months, and even then to only engage in a cursory sampling of the documents, may reasonably be viewed as a dilatory tactic intended to impede the Government's review of the search warrant materials and simultaneously create grounds for suppression of these same materials.

[7] The Government notes that the defendant's claim that his resources are limited is inconsistent with his recent credit card payment records. Those records reflect, among other things (i) a one-night December 2018 stay at the Four Seasons in New York, costing approximately $2,700; (ii) an $11,074 purchase at Cartier in New York City on February 15, 2019; (iii) a $6,375 purchase at Cartier in Boston, Massachusetts on December 6, 2018; (iv) a $3,740 expenditure on Adria Limousine in Miami, Florida on February 4, 2019; (v) purchases of $5,021 on November 16, 2018, and $4,305 on December 19, 2018, at Prime 333, a steak house located in the Sapphire Gentlemen's Club in New York City; and (vi) a purchase of $74,007 at Hermes in Boston, Massachusetts on November 26, 2018.

[8] Nine of the ten documents identified by the defense were deemed non-privileged by the Filter Team after review, for reasons including that the documents contained no legal content or advice, were not prepared for the purpose of obtaining legal advice, were not confidential, or the privilege had been waived by inclusion of a third-party.

[9] One of the ten documents identified by the defense, although non-privileged, also included a previously undisclosed attorney name. The new attorney name has also been added to the A/C List and all hits are in the process of being individually reviewed by the Filter Team. Given this new information, the Filter Team has run additional searches in the approximately 21,000 non-hits documents, and clawed back approximately 2,400 as a result, leaving a total of approximately 18,700 non-hits documents ready to be released to the Prosecution Team.

Letter to the Honorable Edgardo Ramos
July 12, 2019

Additionally, the defendant's assertion that the privilege review is flawed because it did not identify the three documents involving Nicole Huesmann, Esq. is likewise without merit and entirely inaccurate.  The Filter Team did use "Nicole Huesmann" as a filter term to identify potentially privileged documents and, in fact, all three documents identified by the defendant as potentially privileged were individually reviewed by the Filter Team and determined to be non-privileged.  To be clear:  all three documents identified by the defendant and involving Ms. Huesmann were in the set of five documents that included terms on the A/C List, all were individually reviewed by the Filter Team for privilege before production, and all were correctly determined to be non-privileged based on the fact that they contained no substantive legal content or advice.

Thus, the defendant fails to offer any support for his request that the Filter Team visually inspect each of document before its release.  Moreover, the Filter Team has already visually inspected the approximately 4,200 documents that included terms on the A/C List.  The defendant has had these documents for two months and has only called into question the Filter Team's determination with respect to five documents, none of which are privileged.[10]

The Filter Team should therefore be allowed to release to the Prosecution Team (i) the approximately 18,700 documents that did not include terms on the A/C List, or the new client or attorney names recently identified by the defense; and (ii) the approximately 4,200 documents that included terms found on the A/C list and were individually reviewed and determined to be non-privileged.  The Filter Team will not release to the Prosecution Team the ten documents identified by the defense in its July 10 Letter Motion or any documents that hit on the new client name or new attorney name; those will each be individually reviewed by the Filter Team per its protocol.  Should the Prosecution Team come across any potentially privileged documents during its responsiveness review, it will stop its review and notify the Filter Team, which will claw back and review any potentially privileged documents.

For all these reasons, the Government respectfully requests that the Court deny the defendant's request in its entirety, and order that the Filter Team should be allowed to release to the Prosecution Team (i) the approximately 18,700 documents that did not include terms on the A/C List, or the new client or attorney names recently provided by the defense; and (ii) the

---

[10]  Should the defendant wish to assert privilege over these documents, he should provide the Government with a privilege log setting forth the basis for the assertion of the privilege.  "The law is clear in this circuit that a person claiming the attorney-client privilege has the burden of establishing all the essential elements thereof."  *von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 146 (2d Cir. 1987) (citing *In re Horowitz*, 482 F.2d 72 (2d Cir. 1973)).  "That burden is not, of course, discharged by mere conclusory or ipse dixit assertions, for any such rule would foreclose meaningful inquiry into the existence of the relationship, and any spurious claims could never be exposed."  *Id.* (quoting *In re Bonanno*, 344 F.2d 830, 833 (2d Cir. 1965)).  "To facilitate its determination of privilege, a court may require 'an adequately detailed privilege log in conjunction with evidentiary submissions to fill in any factual gaps.'"  *United States v. Constr. Prod. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996) (quoting *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993)).

Letter to the Honorable Edgardo Ramos
July 12, 2019

approximately 4,200 documents that included terms on the A/C list and were individually reviewed and determined to be non-privileged.  The Government additionally renews its request that the Court order the defense to provide the A/C List to the Prosecution Team.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney


by: _____/s/_____
     Julieta V. Lozano/Christopher J. DiMase/
     Nicholas S. Folly
     Special Assistant United States Attorney/
     Assistant United States Attorneys
     (212) 335-4025 / (212) 637-2433 / 1060


cc: David Garvin, Esq. (by electronic mail)
     James Nobles, Esq. (by electronic mail)