

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 29, 2019

**BY ECF**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Mark S. Scott*,
              S6 17 Cr. 630 (ER)

Dear Judge Ramos:

       The Government submits this letter to respectfully request that the Court schedule a conference in this matter as soon as practicable to address a number of issues concerning the trial scheduled for October 7, 2019. As the Court is aware, for the past several months, defense counsel has insisted they be allowed to "manually review" nearly a *hundred thousand documents* before the Filter Team released those documents to the Prosecution Team. This manual review process, and defense counsel's subsequent challenge to the entire privilege review process, resulted in significant delays in the release of these documents for the Prosecution Team's review. In fact, the Prosecution Team has yet to receive over seventy thousand documents that the Government seized from the defendant's residences pursuant to lawfully executed search warrants. Now, after months of litigation, and with just over five weeks before the start of trial, defense counsel abruptly changed its position yesterday and abandoned the very review process they have insisted on for months, and consented to the release of all of these documents to the Prosecution Team. At this stage, in light of the significant delay in the Prosecution Team gaining access to these materials, which was caused by the defense's delays, the Prosecution Team will not have a reasonable amount of time to review and make use of potentially critical evidence—such as the defendant's emails and text messages with co-conspirators— unless the October 7 trial is adjourned.

1. **<u>Privilege Review</u>**

On the day of the defendant's arrest, law enforcement agents executed search warrants at his residences, and seized more than a dozen electronic devices containing several terabytes of data.  The Government produced the entire contents of those devices to the defendant in discovery as part of two productions made in November and December 2018.  Given that the defendant is a lawyer, the Prosecution Team has relied on a designated Filter Team to review all of the materials that were seized from Scott's residences.  To date, the Filter Team has identified nearly 100,000 documents that are non-privileged, and several thousand additional documents that are potentially privileged but subject to the crime-fraud exception based on the Court's July 23, 2019 Order granting the Government's crime-fraud motion.  After the Filter Team determined that these documents were non-privileged, the normal protocol would have been for the Filter Team to immediately release the documents to the Prosecution Team so that the Prosecution Team could conduct a responsiveness review, as required by the relevant search warrants.  However, in response to defense counsel's demand made in a letter dated February 2, 2019, the Government agreed to provide defense counsel with an opportunity to review materials deemed non-privileged before those materials were released to the Prosecution Team.  As detailed below, despite numerous requests from the Government and Court intervention, defense counsel has delayed this process and the release of non-privileged documents to the Prosecution Team began only two weeks ago.

      a. **Defense Fails to Respond to May 21, 2019 Deadline for Non-Privileged Production**

In light of the defendant's demand that he be afforded an opportunity to review materials deemed non-privileged before they were released to the Prosecution Team, on May 6, 2019, the Filter Team produced approximately 25,000 documents that it had deemed non-privileged to the defendant in a searchable electronic format.  The Government set a deadline of May 14, 2019, for the defendant to identify any potentially privileged documents.  The Government subsequently extended that deadline to May 21, 2019.  The Government received no response whatsoever from defense counsel before the deadline of May 21, 2019.

Thereafter, by letter dated June 25, 2019 (the "June 25 Letter"), the Filter Team requested that the defendant supply a hard drive so that the Filter Team could produce the second batch of non-privileged documents to the defendant.  The Filter Term further advised the defendant that it was in the process of releasing the first batch of non-privileged documents to the Prosecution Team, since the defendant had not responded regarding the first production, and had not identified any of the documents as potentially privileged in the almost two months since those documents were produced by the Filter Team (and over six months from when they were initially produced to the defendant in discovery).  Upon receipt of the June 25 Letter, the defense requested an additional week to review the first set of non-privileged documents.  The Prosecution Team agreed to extend the deadline to July 1, 2019.

2

### b. Defense Challenges to the Filter Team's Privilege Review Process Cause Additional Delay

Subsequently, defense counsel challenged the entire privilege review process in a letter dated July 1, 2019 to the Government, and a letter dated July 10, 2019, to the Court. In its letter to the Court, defense counsel asserted that the Prosecution Team should only be entitled to review documents that hit on designated search terms, as opposed to all non-privileged documents, as permitted under the search warrants. Defense counsel also claimed, for the first time in the two months since the documents were produced by the Filter Team, that he had identified ten purportedly privileged documents out of the over 25,000 documents produced. The defendant relied on these ten documents in requesting that the Court declare the entire privilege review process insufficient. The defense also *refused to engage in further review of documents determined to be non-privileged*, claiming that the process was too burdensome and that the defendant "did not have the resources to accomplish" the review. (July 1, 2019 defense counsel letter to Government).

After an appearance before Your Honor on July 16, 2019, to address the disputes about the privilege review process, among other issues, the Filter Team met and conferred with defense counsel, and they were able to reach an agreement on the privilege review process moving forward. Notwithstanding this agreement, the defense did not agree to the release of any of the approximately 25,000 non-privileged documents to the Prosecution Team for approximately one month. Furthermore, on August 5, 2019, defense counsel informed the Government that the review of documents provided by the Filter Team had stopped altogether because of a decision made by Chase Bank to freeze certain funds of Mr. Scott as the result of a restraining order served on the bank. Chase Bank subsequently decided to release those funds, and we understand that the defense resumed reviewing documents at that time.

### c. Prosecution Team Receives *First* Set of Non-Privileged Documents on August 15, 2019

As a result of defense counsel's delay in responding to the Filter Team's first production in May, as well as the delay caused by defense counsel's litigation about the privilege review process, it was not until August 15, 2019, more than three months after the defense first received the approximately 25,000 non-privileged documents, that the defense agreed that the Filter Team could release a first subset of the documents to the Prosecution Team. An initial set of approximately 15,000 documents was released to the prosecution team on August 15, 2019, and subsequent sets totaling approximately 8,000 documents were released to the Prosecution Team between August 16 and August 18, 2019.[1]

## 2. Crime-Fraud Litigation

In addition to the litigation described above regarding the privilege review process, the parties have also been engaged in litigation on the issue of whether the crime-fraud exception applies to certain documents. The Government filed its crime-fraud motion on June 4, 2019; the

---

[1] As of yesterday, defense counsel had yet to review an additional approximately 400 documents from the May 6, 2019 production, and therefore those documents have not yet been released to the Prosecution Team.

defense responded on June 28, 2019; and the Court issued an order (the "Crime-Fraud Order") granting the Government's crime-fraud motion on July 23, 2019.

The Filter Team produced an initial set of documents it deemed to fall within the Crime-Fraud Order on August 13, 2019, and a second set of such documents on August 22, 2019. Based upon the process set forth in the Government's crime-fraud motion and the Crime-Fraud Order granting that motion, the defense was provided with the opportunity to review and object to the materials designated by the Filter Team to fall within the Crime-Fraud Order before the materials were released to the Prosecution Team. Defense counsel responded to the initial set of approximately 72 documents (with a one-day extension of the response deadline) and did not raise any disputes as to the crime-fraud designations. As to the second set of approximately 3,500 documents, on August 27, 2019, defense counsel informed the Government that "Mr. Scott has tried to review the crime-fraud documents. The amount of documents make the task impossible given the amount of time available." Therefore, defense counsel informed the Government, he was not objecting to the release of this batch of crime-fraud documents to the Government, as long as the defendant could preserve "any objection that he has to any of these particular records at a later date."

### 3. Defense Counsel's Sudden Decision to Release All Relevant Documents to the Prosecution Team *Yesterday Afternoon*

After months of obstructing the Prosecution Team's ability to review lawfully-obtained evidence, and insisting on having the opportunity to review any documents before they are released to the Prosecution Team, defense counsel informed the Government for the first time yesterday afternoon they no longer wish to be directly involved in the crime-fraud or privilege review process. Specifically, defense counsel authorized the Filter Team to release to the Government immediately all documents that the Filter Team has determined/determines are non-privileged or fall within the Crime-Fraud Order. As a result, the Filter Team is now in the process of releasing more than 70,000 documents to the Prosecution Team.

Defense counsel has insisted for months that they be given the chance to "manually review" every document *before* the Filter Team releases the documents to the Prosecution Team. This has caused months of delay and litigation. Now, with less than six weeks before trial, defense counsel has abruptly changed its position and is suddenly willing to allow the release of all of the documents without reviewing them first. This change of position occurred after the Government insisted yesterday afternoon that the defense articulate and commit to specific dates for their objections to the release of documents deemed non-privileged or within the Crime-Fraud Order. In response, the defense abandoned their long-standing objection – expressed as recently as August 23, 2019 – to release of documents to the Prosecution Team absent review by the defense.

A period of five-and-a-half weeks does not provide the Government with a reasonable amount of time to review over 70,000 documents that it was just given permission to review for the first time yesterday afternoon. Unlike defense counsel, who have had all of these materials in their possession since November and December of 2018, the Prosecution Team has been prevented from reviewing these documents due to defense counsel's insistence that it manually review all documents before they are released to the Prosecution Team. The Government is lawfully entitled to review this evidence in advance of trial, and requires a reasonable amount of

4

time to do so.  Moreover, under the terms of the relevant search warrants, the Government is obligated to conduct a responsiveness review of the materials, the vast majority of which have been withheld from the Prosecution Team as part of the privilege review process.

This evidence is essential evidence for trial.  As noted above, the evidence at issue includes documents extracted from the defendant's electronic devices.  Based on our review so far, these documents include, for example, emails between the defendant and his co-conspirators, such as OneCoin co-founder Ruja Ignatova.  These documents also contain emails sent by Scott and his co-conspirators to banks and other third parties, containing lies that were made in furtherance of the charged money-laundering scheme.  The Government anticipates that the central issue at trial will be the defendant's knowledge that the OneCoin proceeds he laundered through a series of purported investment funds derived from unlawful activity.  Therefore, the types of emails described above would be highly probative of the defendant's knowledge and would be crucial evidence for the Government at trial.  Indeed, the defendant's privilege litigation strategy appears calculated to deprive the Government of the use of such evidence.  Based on the Prosecution Team's review of some of the approximately 23,000 non-privileged emails to which it was given access in the last two weeks, the Government has already identified numerous emails that it intends to use as exhibits at trial.  The Government is entitled to a reasonable amount of time to review the more than 70,000 additional documents that it was granted access to for the first time only yesterday afternoon.[2]

In light of the complicated privilege issues in this case, which have been exacerbated by defense counsel's insistence, until yesterday afternoon, that it manually review every document before it was released to the Prosecution Team, the Prosecution Team does not have a reasonable amount of time between now and the current trial date to make effective use of such a large volume of data.  At this stage, the Government has no choice but to request that the Court adjourn the currently scheduled trial, as the interests of justice would not be served if the Government is required to proceed to trial without a reasonable opportunity to review all of the lawfully-obtained evidence relevant to this case.  The Government therefore respectfully requests the Court schedule a conference (even if it is telephonic) to address these issues, as early as this morning,

---

[2] Although defense counsel consented to the release of these documents to the Prosecution Team yesterday afternoon, the Filter Team is still in the process of releasing these documents, and the Prosecution Team has not yet gained access to them.  The Government anticipates that the Prosecution Team will gain access to these documents within the next day.

when the Government understands Your Honor is available.

                                         Very truly yours,

                                         GEOFFREY S. BERMAN
                                         United States Attorney

By:      /s/
              Christopher J. DiMase / Nicholas Folly/
              Julieta V. Lozano
              Assistant United States Attorneys /
              Special Assistant United States Attorney
              (212) 637-2433 / (212) 637-1060/
              (212) 335-4025

Cc:    David Garvin, Esq.
        Arlo Devlin Brown, Esq.