UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/25/2019
```

UNITED STATES OF AMERICA,

– against –

MARK SCOTT,

              Defendant.

**ORDER**
17 Cr. 630 (ER)

RAMOS, D.J.:

    On June 4, 2019, the Government filed a sealed motion to apply the crime-fraud exception to certain communications normally protected under attorney-client privilege ("Relevant Communications"). The Relevant Communications fall into three categories:

(1) **Category-1:** Communications involving Defendant Mark Scott ("Defendant" or "Scott") and (a) OneCoin Ltd., and its associated entities, including OneLife, OnePay, OneAcademy, OneNetwork, and OnePayments Ltd., (b) Ruja Ignatova ("Ignatova"), a founder of OneCoin Ltd., and (c) International Marketing Strategies Limited, a United Kingdom company linked to Ignatova;

(2) **Category-2:** Communications between Scott and certain entities and investment funds owned and operated by Scott, including MSS International Consultants LLC, MSS International Consultants (BVI), Ltd., Fenero Equity Investments L.P., Fenero Equity Investments II, L.P., Fenero Financial Switzerland L.P., Fenero Equity Investments (Cayman) I, L.P., Fenero Equity Investments (Ireland) Ltd., Fenero Securities Trading Ltd., and Fenero TradeNext Holding Ltd. (collectively, the "MSSI/Fenero Entities")—relating to the formation of the MSSI/Fenero Entities, the operation of the MSSI/Fenero Entities, and transactions involving the MSSI/Fenero Entities; and

(3) **Category-3:** Communications between lawyers at Locke Lorde, the international law firm where Scott was a partner, Peregrine Law, MJ Hudson, and Breidenbach Rechtsanwälte relating to transactions in which certain entities received funds from the MSSI/Fenero Entities, including TradeNext Limited, Payment Card Technologies Limited, Payment Cloud Technologies Limited, CryptoReal Investments Trust Ltd., and Barta Holdings Limited (collectively, the "Receiving Entities").

The attorney-client privilege applies where a client seeks legal advice from a lawyer in confidence and is thus protected from disclosure unless the client waives the right. *United States v. Kovel*, 296 F.2d 918, 921 (2d Cir. 1961). The privilege, however, is not absolute. "[A]dvice in furtherance of a fraudulent or unlawful goal cannot be considered 'sound.'" *United States v. Kaplan*, No. 02 CR. 883(DAB), 2003 WL 22880914, at *7 (S.D.N.Y. Dec. 5, 2003). Thus, "It is well-established that communications that otherwise would be protected by the attorney-client privilege or the attorney work product privilege are not protected if they relate to client communications in furtherance of contemplated or ongoing criminal or fraudulent conduct." *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1038 (2d Cir. 1984). For the crime-fraud exception to apply, the Government must show that there is probable cause to believe that (1) a fraud or crime has been attempted or committed, and (2) the communications or materials in question were in furtherance of the fraud or crime. *In re Richard Roe, Inc.*, 68 F.3d 38, 40 (2d Cir. 1995).

The Government claims that it easily satisfies its burden that there is a probable cause to believe that a fraud or crime has been committed, specifically both wire fraud and money laundering. The indictments and complaints establish (1) probable cause that OneCoin is an illegal pyramid fraud scheme , (2) that Scott and Ignatova participated in a money laundering conspiracy with the object of money laundering OneCoin fraud proceeds, and (3) that Scott engaged in the laundering of approximately $400 million in proceeds from the OneCoin scheme between approximately 2016 and 2018. Finally, the evidence shows that the OneCoin parties, including Ignatova herself, and International Marketing Strategies Limited sought and obtained legal advice from Scott; that Scott established the MSSI/Fenero entities to launder hundreds of millions of dollars for OneCoin; and that the Receiving Entities facilitated transactions furthering

2

the money laundering scheme. After a full review of the relevant indictments, complaints, and the parties' submissions, the Court agrees.

Furthermore, Scott concedes the Government used the correct test for the crime fraud exception and offers no arguments that the Government has failed to make the required showing here. Scott's June 28, 2019 Response 5. Instead, Scott raises an issue with the Government's "categorical approach" to applying the crime-fraud exception on the voluminous record containing tens of thousands of pages and the timing of the Government's request: "Other than the request for a categorical advisory opinion, the defense would have had no objection to this procedure if it had been conducted within a reasonable time." *Id.* at 6.

However, the crime-fraud exception allows for a categorical approach in order to sort through the vast amount of information in this case. *See, e.g., Kaplan*, 2003 WL 22880914, at *10 ("Given the Court's determination that independent evidence supports a finding of probable cause to believe that files in the Government's *Categories One through Four*...fall within the crime-fraud exception, in camera review is not necessary.") (emphasis added); *accord F.T.C. v. Grolier Inc.*, 462 U.S. 19, 28 (1983) (holding in a case about an exception to the attorney work-product privilege under the Freedom of Information Act, that "[o]nly by construing the exemption to provide a *categorical rule* can the Act's purpose of expediting disclosure by means of workable rules be furthered.") (emphasis added).

Finally, Scott argues that although "the government proposes a procedure that probably would have been acceptable had it been conducted months ago," time constraints make the Government's proposal unworkable. Scott's June 28, 2019 Response 2. But the Government has proposed a review process that would be expeditious and efficient by sorting the voluminous record into categories and which provides the defendant with the opportunity to raise any objections with the Court.

For the reasons set forth above, the Government's request for a motion to apply the crime-fraud exception on the Relevant Communications is GRANTED.[1]

SO ORDERED.

Dated: July 23, 2019
      New York, New York

                                                 Edgardo Ramos, U.S.D.J.

---

[1] The Government also moved to compel Scott, as custodian of records, for MSSI Florida and MSSI BVI, and David Pike, as custodian of records for MSSI BVI, to turn over records requested pursuant to grand jury subpoenas issued to those entities. At a status conference held on July 16, 2019, the parties were directed to meet and confer concerning compliance with the subpoenas.