



*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 10, 2019

**BY ECF & ELECTRONIC MAIL**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: *United States* v. *Mark S. Scott*, S10 17 Cr. 630 (ER)

Dear Judge Ramos:

  We write to in connection with the Government's Motion to Offer Testimony of Live Witnesses Via Live Closed-Circuit Television During Trial or, in the Alternative, for a Deposition Pursuant to Rule 15 of the Federal Rules of Criminal Procedure, filed on September 29, 2019 ("Rule 15 Motion"), and the defendant's response to that motion ("Defense Rule 15 Response"). The purpose of this letter is to provide the Court with additional information pertaining to the Government's request, and briefly address some of the arguments raised in the Defense Rule 15 Response

  The Government submitted the Rule 15 Motion after making diligent and good faith efforts, over a lengthy period, to secure the testimony of witnesses located in Ireland. Until recently, the Government believed that these witnesses – all Bank of Ireland ("BOI") current or former employees – would cooperate with the Government voluntarily. However, all witnesses have now taken the position that they will not travel to the United States to testify. Moreover, over the last several days, the Government has been informed that all four witnesses demand compulsory process in order to provide testimony in Ireland. As a result, on October 9, 2019, the Government submitted to the Central of Authority of Ireland a United States-Ireland Mutual Legal Assistance Treat ("MLAT") Request for the testimony of these witnesses.

1. <u>Materiality of Witness Testimony</u>

  In the Defense Rule 15 Response, the defense asserts that the BOI witnesses are not crucial because "all relevant statements were made or repeated by Mr. Scott in admissible e-mails Mr. Scott sent to the Bank of Ireland." *See* Defense Rule 15 Motion at 1. Initially, and as set forth in the Rule 15 Motion, the witnesses' testimony will be broader than the information contained in the documentary evidence, and is vital to provide the necessary context so that the jury can fairly evaluate that evidence. More importantly, the witnesses' testimony will include evidence that is not included in the documentary evidence, such as evidence that the defendant

Letter to the Honorable Edgardo Ramos
October 10, 2019

failed to inform the bank (i) that OneCoin proceeds were flowing through his fund accounts; and (ii) of any new investors representing 10% of the funds, with corresponding due diligence documents, as he had promised.  Because the defendant failed to make these material disclosures, they are not included in the bank's records.  However, the defendant's failure to make such notifications cannot be demonstrated through e-mails and records only; only the witnesses will be able to testify that the bank was never notified in any manner about these material issues.

2. <u>Government Efforts to Secure Witness Testimony</u>

As set forth in the Rule 15 Motion, representatives for the Government traveled to Ireland in March 2019 to interview BOI employee witnesses; those interviews took place at the bank.  These interviews had been requested by the Government via an MLAT request dated October 2018.  Because the BOI indicated that it would cooperate with the Government and make the witnesses available for voluntary interviews, the Central Authority of Ireland played no further role in the interview arrangements and deferred to the Government and BOI to make appropriate arrangements regarding, among other things, venue, scheduling, and participants.  In total, the Government interviewed eight BOI current and former employees over several days.

During the March 2019 interviews of the BOI witnesses, the Government and witnesses generally discussed future trial testimony in the United States.  Based on those discussions, the Government understood that the witnesses would be willing to travel to the United States to testify.

In April 2019, the Government notified the bank that the Government intended to call BOI witnesses to testify at trial, and indicated there would be further communication regarding witness preparation and arrangements for witnesses' travel to New York.  The Government received no indication in response to that communication that any of the eight witnesses previously interviewed were not willing to cooperate with the Government or travel to the United States to testify at trial.[1]

In early August, the Government informed BOI that it intended to call Ceannt, Sands, and Begley as trial witnesses, and offered to cover travel costs if the witnesses were willing to travel to New York to attend trial preparation sessions.  BOI responded that it would reach out to the witnesses, including Begley, who was no longer at the bank, to relay the Government's requests.  Again, in response to this request, the Government received no indication that witnesses would not travel to the United States for trial preparation or trial, and we understood that they would.  Indeed, in late August, the Government communicated with counsel for one of the witnesses, who, at that time, appeared to be willing to testify at trial.

---

[1] The Government previously indicated that in April 2019 it identified Ceannt, Sands, Begley, and Collins as the trial witnesses.  In fact, in April 2019, the Government informed BOI that it intended to call BOI employee witnesses at trial; the Government specifically identified Ceannt, Sands, and Begley as witnesses in August 2019, and identified Collins as a witness in September 2019.

Letter to the Honorable Edgardo Ramos
October 10, 2019

In early September, BOI counsel communicated to the Government that Ceannt, Sands, and Begley were willing to provide further assistance in Ireland in accordance with the MLAT procedures, but were not willing to travel to the United States to testify. The Government and BOI communicated further to explore options for obtaining the testimony. Given the Government's prior experience with BOI employee witness interviews, and the bank's and witnesses' stated willingness to cooperate with the Government's prosecution of this case, the Government continued to discuss witness testimony options with BOI, including venue and scheduling. The Government understood that, even if an MLAT request was required, if the witnesses were willing to provide testimony in Ireland voluntarily – which we were led to believe they were – that could be accomplished by submitting a brief MLAT request that would be processed promptly. Assuming the witnesses would not require compulsory process, the MLAT would permit the parties to make their own mutually-convenient arrangements for the taking of witness testimony.[2]

Over the past week, the Government has continued to engage in discussions with BOI in an effort to secure voluntary witness testimony in Ireland. In the course of these discussions, it has become clear that despite the witnesses' previous representations that they were "willing" to provide testimony, that testimony would not be voluntary, and the witnesses would testify only in response to compulsory process.[3] That process necessarily involves of the Central Authority of Ireland. We have not yet received a response from the Irish Central Authority whether or not it has the ability to accommodate our request in the timeline sought by the Government.

It is now clear that, contrary to the Government's previously-held understanding that the witnesses would voluntarily provide testimony, the witnesses will only provide compulsory testimony via formal MLAT request.[4] As a result, on October 9, 2019, the Government submitted an MLAT request to the Central Authority of Ireland to compel the witnesses' live CCTV testimony from Ireland.[5] Because the witnesses' testimony is material evidence to the criminal charges in this matter, and the witnesses are clearly unavailable, the Government has provided a sufficient and reasonable basis to offer this testimony via closed-circuit television.

---

[2] According to the U.S. Department of Justice Office of International Affairs ("OIA"), a formal MLAT request would not be required for voluntary interviews in Ireland.

[3] On October 8, 2019, BOI counsel informed the Government that Ceannt and Sands would not provide testimony on a voluntary basis outside of the compulsory process under the United States-Ireland MLAT. On October 9, 2019, BOI informed the Government that Begley and Collins were taking the same position.

[4] Indeed, this morning the Government received additional correspondence from counsel for both Sands and Collins reiterating this position. Counsel for Collins specifically articulated that Collins will not provide testimony in any voluntary manner outside of the formal MLAT procedure.

[5] The United States-Ireland MLAT sets forth that "[a]ny evidence supplied by the Republic of Ireland in response to this request, will not, without the consent of the nominated Judge or the witness, be used for any other purpose than that permitted by the Treaty or specified in this request. In addition, any defendant involved with this request will be able to challenge any evidence provided by the Irish authorities if the material is used at his or her trial in the United States."

Letter to the Honorable Edgardo Ramos
October 10, 2019

      For the foregoing reasons, the Government respectfully requests that the Court grant the Rule 15 Motion.

                                        Respectfully submitted,

                                        GEOFFREY S. BERMAN
                                        United States Attorney

                     by: \_\_\_/s/ Julieta V. Lozano_____
                                        Julieta V. Lozano/Christopher J. DiMase/
                                        Nicholas S. Folly
                                        Special Assistant United States Attorney/
                                        Assistant United States Attorneys
                                        (212) 637-2438/ 2433 / 1060

cc: Arlo Devlin-Brown, Esq. (by electronic mail)
    David Garvin, Esq. (by electronic mail)