# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

October 7, 2019

**BY EMAIL**

David M. Garvin, P.A.
200 South Biscayne Blvd., Suite 3150
Miami, FL 33131

Arlo Devlin-Brown, Esq.
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405

    Re:    *United States v. Mark Scott*,
               S8 17 Cr. 630 (ER)

Dear Counsel:

       The Government hereby provides notice, pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, of the following testimony that it intends to offer at trial in the above-referenced case.

       The Government expects to call as a witness at trial an expert in the means and methods of money laundering and the evasion/obstruction of policies and procedures employed by banks and other financial institutions to combat money laundering activities.  The biographical information and/or curriculum vitae will be provided when the particular witness has been identified.  If called, the Government anticipates that the witness will testify as to—among other means and methods of laundering funds and evading/obstructing banks' anti-money laundering procedures—the use of shell companies; the use of nominee directors, principals, and ultimate beneficial owners ("UBOs"); the layering of funds through a series of financial accounts; the so-called "papering" of otherwise illegal transactions to make the transactions appear legitimate; and other ways in which false representations may be made to financial institutions to facilitate money laundering activities.[1]  Note that any such witness will not be asked to testify to his or her

---

[1] Expert testimony regarding the means and methods of money laundering has been admitted by trial courts and upheld by the Second Circuit on numerous occasions.  *See, e.g., United States v. Muzaffar*, 714 F. App'x 52, 55 (2d Cir. 2017) (affirming admission of testimony from

opinion regarding whether the defendant's conduct in this case would constitute money laundering.

                Sincerely,

                GEOFFREY S. BERMAN
                United States Attorney

By:    /s/
       Christopher J. DiMase / Nicholas Folly/
       Julieta V. Lozano
       Assistant United States Attorneys /
       Special Assistant United States Attorney
       (212) 637-2433 / (212) 637-1060 /
       (212) 335-4025

---

Government's money laundering expert, and dismissing the defendant's claim that the expert "improperly testif[ied] to the ultimate issue, in violation of Federal Rule of Evidence 704"); *United States v. Bermudez*, 138 F. App'x 339, 342 (2d Cir. 2005) ("expert testimony has been admitted in money-laundering cases in this Circuit before") (citing *United States v. Daccarett*, 6 F.3d 37 (2d Cir. 1993); *United States v. All Funds on Deposit*, 801 F.Supp. 984, 997 (E.D.N.Y. 1992); *United States v. Nektalov*, No. S203CR.828 (PKL), 2004 WL 1469487, at *5 (S.D.N.Y. June 30, 2004) (denying defendant's motion to preclude expert testimony from an IRS agent regarding "money laundering techniques and background"); *United States v. Dinero Express, Inc.*, 57 F. App'x 456, 460 (2d Cir. 2002) (upholding admission of expert testimony from an FBI agent relating to money laundering and illegal money remitters); *United States v. Monaco*, 199 F.3d 1324 (2d Cir. 1999) (upholding admission of expert testimony from an IRS agent regarding typical money laundering techniques); *United States v. Ortiz*, 112 F.3d 506 (2d Cir. 1997) (upholding admission of expert testimony from an IRS agent relating to, among other topic areas, "the common methods of money laundering"); *United States v. Ortiz*, 906 F. Supp. 140, 141 (E.D.N.Y. 1995) (denying defendant's Rule 29 motion, based in part on expert testimony provided by a case agent regarding the means and methods of money laundering).