# EXHIBIT C



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

September 30, 2019

**BY EMAIL**

David M. Garvin, P.A.
200 South Biscayne Blvd., Suite 3150
Miami, FL 33131

Arlo Devlin-Brown, Esq.
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405

      Re:   ***United States v. Mark Scott,***
           **S6 17 Cr. 630 (ER)**

Dear Counsel:

      While the Government does not believe that such notification is warranted because the expected testimony of the witnesses described below would not constitute expert testimony under Federal Rules of Evidence 702, 703, or 705, out of an abundance of caution, the Government hereby provides notice, pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, of the following testimony that it intends to offer at trial in the above-referenced case.

      The Government expects to call one or more bank representatives as witnesses at trial. The biographical information and/or curriculum vitae will be provided when the specific individual witnesses have been identified.  If called, the Government anticipates that, among other things, the witnesses will testify as to standard practices in the banking industry regarding the maintenance of correspondent banking relationships, the operation of wire transfers and the interpretation of wire transfer instructions (*i.e.* SWIFT messages), the settlement of foreign currency transactions, and policies and procedures designed to combat money laundering.

      The Government also expects to call Paul Spendiff, former Managing Director of Apex Fund Services (UK) Ltd. ("Apex"), as a witness at trial.  Mr. Spendiff's curriculum vitae accompanies this letter.  The Government anticipates that, if called, in addition to testifying about the specifics relating to Apex's administration of the defendant's purported private equity

investment funds, including diligence inquiries, Mr. Spendiff will testify as to the characteristics, attributes, and customary functioning of private equity funds.  This testimony will include descriptions of standard practices in the private equity fund industry, such as practices relating to the structure, authorities, and restrictions governing investments.  Mr. Spendiff also will testify about anti-money laundering and know-your-customer requirements for private equity funds, due diligence measures undertaken by fund administrators in the course of fund administration, and policies and procedures relating to the preparation and filing of suspicious activity reports

Pursuant to Rule 16(b)(1)(C), the Government hereby demands reciprocal notice regarding any expert witness that the defendants intend to rely upon, including a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence.  Such summary shall include the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Sincerely,

GEOFFREY S. BERMAN
United States Attorney

By:     /s/
Christopher J. DiMase / Nicholas Folly/
Julieta V. Lozano
Assistant United States Attorneys /
Special Assistant United States Attorney
(212) 637-2433 / (212) 637-1060 /
(212) 335-4025