**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Arlo Devlin-Brown

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1046
adevlin-brown@cov.com

October 18, 2019

By ECF
Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:   *United States v. Mark S. Scott*,
>       S10 17 Cr. 630(ER)

Dear Judge Ramos:

We write on behalf of Mark Scott, the defendant, with regard to questions to be asked to jurors in *voir dire*. We respectfully suggest that the Court consider in this case a hybrid approach to the process: (1) using a targeted written questionnaire to obtain core biographical information about the jury pool and elicit in an open-ended manner any biases relating to the issues particular to this case (such as preexisting views of cryptocurrency), combined with (2) oral *voir dire* to address other standard questions that the Court would typically ask of the *venire*, such as questions relating to knowledge of the parties or willingness to follow instructions.

Such a process can make for a high-quality yet still rapid jury selection. First, the short questionnaire may enable the parties to agree (or the Court to promptly decide) whether some potential jurors with significant hardships or biases can be excused at the outset. Second, by eliciting biographical information on the questionnaire (schooling, work, hobbies, residence, etc.) there is no need to elicit this same information orally from every juror under consideration. Third, by asking jurors in writing to set out any views on case-specific topics in an open-ended way, the parties and Court are able both to get candid, unguarded answers *and* reduce the need for questioning of individual jurors at sidebar. In this manner, the oral *voir dire* can focus principally on questions that most jurors are unlikely to answer in a way that requires individual follow up.

If the Court is willing to consider such an approach, the defense does not have strong views as to which questions should be asked orally as opposed to in writing. We have attached for the Court's consideration (Exhibit A) a draft of such a questionnaire, which will likewise be provided to Chambers in Word format. While the proposed questionnaire runs onto a seventh page, we suspect that most jurors will answer "no" to the questions starting from the top of page three (Questions 13-27), and thus will not need to spend time completing the narrative responses.

**COVINGTON**

The Court may likewise wish to ask certain of these questions orally (perhaps those going to hardship or ability to serve), for example, which could shorten the questionnaire further.

Trial courts have "ample discretion" in determining the best method to conduct *voir dire*. *United States v. Treacy*, 639 F.3d 32, 46 (2d Cir. 2011); *United States v. Quinones*, 511 F.3d 289, 299 (2d Cir. 2007). In instances such as this case, the best, most efficient means of impaneling an impartial jury is to use a written jury questionnaire as part of *voir dire*. *See United States v. Rahman*, 189 F.3d 88, 121 (2d Cir. 1999) (stating that use of jury questionnaire "skillfully balanced the difficult task of questioning such a large jury pool with the defendants' right to inquire into the sensitive issues that might arise in the case"); *United States v. Cacace*, 2013 WL 4775531, at *5 (E.D.N.Y. Sept. 3, 2013) ("[T]he Court recognizes that courts routinely employ questionnaires to facilitate *voir dire* in a number of circumstances."); *United States v. Awadallah*, 457 F. Supp. 2d 246, 254 (S.D.N.Y. 2006) (noting, after deciding to use questionnaire, that "a careful individual *voir dire* examination [is] the most effective tool to address potential jury prejudice"). Jury questionnaires have been employed in cases alleging wire fraud, *see, e.g., Balkany v. United States*, 2013 WL 1234950 (S.D.N.Y. Mar. 27, 2013), and tax shelter fraud, *see, e.g., Daugerdas*, 867 F. Supp. 2d 445 (S.D.N.Y. 2012).

Jury questionnaires can significantly shorten the amount of time needed to conduct a complicated *voir dire*. *Skilling v. United States*, 561 U.S. 358, 388-89 (2010). Written questionnaires conserve the Court's time and resources by allowing the parties to analyze potential jurors' answers in advance. *See Rahman*, 189 F.3d 88, 121-22 (2d Cir. 1999) (using jury questionnaire to screen large jury pool); *United States v. Bruno*, 700 F. Supp. 2d. 175, 179 (N.D.N.Y. 2010) (same); *Awadallah*, 457 F. Supp. 2d at 254 (S.D.N.Y. 2006) (same); *see also United States v. Wilson*, 925 F. Supp. 2d 410, 411-13 (E.D.N.Y. 2013) (using jury questionnaire "to root out any and all bias").

Written questionnaires also provide an efficient means of "elicit[ing] personal disclosures," *Bruno*, 700 F. Supp. 2d. at 179, because written questionnaires are intended to "achieve greater candor," *United States v. Daugerdas*, 867 F. Supp. 2d 445 (S.D.N.Y. 2012); *see also* Tr. of Hearing Regarding *Voir Dire* at 3:15-22, *United States v. Valle*, No. 12-cr-847 (Jan. 28, 2013), ECF No. 111 (noting that written questionnaires "encourage juror candor"). This enables the parties "to intelligently exercise their challenges for cause and peremptory challenges." (quoting *United States v. Barnes*, 604 F.2d 121, 142 (2d Cir. 1979)).

In this case, the proposed questionnaire seeks bias information relating to banks, cryptocurrencies (including OneCoin), multi-level marketing, and money laundering, which continues to be an area of high interest and strong feelings. *See, e.g.,* Julia Jacobs, *Firm at Center of Panama Papers Sues Netflix Over 'The Laundromat'*, N.Y. TIMES, Oct. 16, 2019, https://www.nytimes.com/2019/10/16/movies/panama-papers-laundromat-netflix.html; Ken Tucker, *'Ozark': Jason Bateman is Breaking Bad*, Yahoo! Entertainment Jul. 21, 2017, https://www.yahoo.com/entertainment/ozark-netflix-review-jason-bateman-141449421.html. OneCoin apparently received billions of dollars from millions of people, and while only a tiny fraction are United States residents, the Government is expected to call witnesses among this group.

**COVINGTON**

  Accordingly, Mr. Scott requests that the Court utilize the hybrid approach of a targeted questionnaire combined with oral *voir dire* to empanel a jury in this case.

                Respectfully Submitted,

                /s Arlo Devlin-Brown
                Arlo Devlin-Brown

                David M. Garvin
                David M. Garvin, P.A.
                200 South Biscayne Blvd.
                Suite 3150
                Miami, FL 33131

cc:  Government Counsel