UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

  UNITED STATES OF AMERICA          :

                                :

          - v. -               :

                                :    S10 17 Cr. 630 (ER)

  MARK S. SCOTT,                :

                                :

          Defendant.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

## **THE GOVERNMENT'S REQUESTS TO CHARGE**

 

 

 

 

                                 GEOFFREY S. BERMAN
                                 United States Attorney
                                 Southern District of New York

Christopher J. DiMase
Nicholas Folly
Assistant United States Attorneys

Julieta V. Lozano
Special Assistant United States Attorney

*- Of Counsel -*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

   UNITED STATES OF AMERICA       :

                                       :

          - v. -               :

                                       :    S10 17 Cr. 630 (ER)

   MARK S. SCOTT,             :

                                       :

            Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

## THE GOVERNMENT'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government

respectfully requests the Court to include the following in its charge to the jury.

## <u>TABLE OF CONTENTS</u>

REQUEST NO. 1 General Requests.............................................................................. 4

REQUEST NO. 2 The Indictment .............................................................................. 5

REQUEST NO. 3 Count One: Conspiracy to Commit Money Laundering .................................. 7

REQUEST NO. 4 Count 1: Money Laundering Conspiracy – The Elements

(Elements of a Conspiracy)...................................................................................... 8

REQUEST NO. 5 Count One: Money Laundering Conspiracy  (Existence of the Conspiracy).... 9

REQUEST NO. 6 Count One: Money Laundering Conspiracy  (Objects of the Conspiracy)..... 11

REQUEST NO. 7 Count One: Money Laundering Conspiracy

(Concealment Money Laundering) .............................................................................. 12

REQUEST NO. 8 Count One: Money Laundering Conspiracy

(Concealment Money Laundering – Element #1)........................................................... 13

REQUEST NO. 9 Count One: Money Laundering Conspiracy

(Concealment Money Laundering – Element #2)........................................................... 15

REQUEST NO. 10 Count One: Money Laundering Conspiracy

(Concealment Money Laundering – Element #2 – Wire Fraud Elements) ................................. 16

REQUEST NO. 11 Count One: Money Laundering Conspiracy

(Concealment Money Laundering – Element #3)........................................................... 19

REQUEST NO. 12 Count One: Money Laundering Conspiracy

(Concealment Money Laundering – Element #4)........................................................... 20

REQUEST NO. 13 Count Five: Money Laundering Conspiracy

(Second Object—Concealment Money Laundering)...................................................... 22

REQUEST NO. 14 Count One: Money Laundering Conspiracy

(Second Object – Concealment Money Laundering – Element #1) ............................................ 23

REQUEST NO. 15 Count One: Money Laundering Conspiracy

(International Concealment Money Laundering – Element #2 And #3) ..................................... 24

REQUEST NO. 16 Count Two: Bank Fraud Conspiracy  (Elements) ........................................ 26

REQUEST NO. 17 Count Two: Bank Fraud Conspiracy  (Existence of the Conspiracy) .......... 27

REQUEST NO. 18 Count Two: Bank Fraud Conspiracy  (Elements of Bank Fraud) ................ 28

REQUEST NO. 19 Count Two: Bank Fraud Conspiracy

(Existence Of a Scheme or Artifice) ........................................................................................... 29

REQUEST NO. 20 Count Two: Bank Fraud Conspiracy  (Intent to Defraud) ........................... 32

REQUEST NO. 21 Count Two: Bank Fraud Conspiracy

(Federally Insured Financial Institution) .................................................................................... 34

REQUEST NO. 22 Conscious Avoidance ................................................................................... 35

REQUEST NO. 23 Venue ............................................................................................................ 37

REQUEST NO. 24 Variance in Dates and Times ....................................................................... 39

REQUEST NO. 25 Motive ........................................................................................................... 40

REQUEST NO. 26 Defendant's Testimony [Or Defendant's Right Not to Testify] ................... 41

REQUEST NO. 27 Preparation of Witnesses .............................................................................. 42

REQUEST NO. 28 Accomplice/Cooperating Witness Testimony .............................................. 43

REQUEST NO. 29 Uncalled Witnesses – Equally Available ..................................................... 44

REQUEST NO. 30 Persons Not On Trial or Not Indicted .......................................................... 45

REQUEST NO. 31 Expert Witnesses [If Applicable] ................................................................. 46

REQUEST NO. 32 Character Testimony [If Applicable] ............................................................ 47

REQUEST NO. 33 Summary Charts - Not Admitted as Evidence [If Applicable] ..................... 48

REQUEST NO. 34 Summary Charts - Admitted as Evidence [If Applicable] ........................... 49

REQUEST NO. 35 Stipulations [If Applicable] ......................................................................... 50

REQUEST NO. 36 Particular Investigative Techniques Not Required ...................................... 51

REQUEST NO. 37 Use of Undercover Law Enforcement Witnesses [If Applicable] ............... 52

REQUEST NO. 38 Use of Audio and Video Recordings and Transcripts [If Applicable].......... 53

REQUEST NO. 39 Statements of the Defendant [If Applicable] ............................................... 54

REQUEST NO. 40 False Exculpatory Statements [If Applicable] ............................................. 55

REQUEST NO. 41 Law Enforcement Witnesses [If Applicable] ............................................... 56

REQUEST NO. 42 Use of Informants or Confidential Sources [If Applicable]......................... 57

REQUEST NO. 43 Redaction of Evidentiary Items [If Applicable]............................................ 58

REQUEST NO. 44 Use of Evidence Obtained Pursuant to Search............................................. 59

CONCLUSION ......................................................................................................................... 60

## REQUEST NO. 1

### General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.      Function of Court and Jury.

b.      Indictment Not Evidence.

c.      Statements of Court and Counsel Not Evidence.

d.      Burden of Proof and Presumption of Innocence.

e.      Reasonable Doubt.

f.      Government Treated Like Any Other Party.

g.      Definitions, Explanations, and Example of Direct and Circumstantial Evidence.

h.      Inferences.

i.      Credibility of Witnesses.

j.      Right to See Exhibits and Have Testimony Read During Deliberations.

k.      Sympathy: Oath of Jurors.

l.      Punishment is Not to Be Considered by the Jury.

m.      Verdict of Guilt or Innocence Must Be Unanimous.

n.      Interest in Outcome.

## REQUEST NO. 2

### The Indictment

The defendant in this matter, Mark S. Scott, has been formally charged in what is called an Indictment.  An Indictment is simply an accusation.  It is no more than the means by which a criminal case is started.  It is not evidence.  It is not proof of a defendant's guilt.  You are to give no weight to the fact that an Indictment has been returned against the defendant.

Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of the charged offenses.

The Indictment contains two counts or "charges."

Count One alleges that from at least in or about September 2015, up to and including in or about 2018, the defendant conspired, or agreed with others, to commit money laundering, that is, to engage in financial transactions in order to conceal and disguise the nature, location, source, ownership, and control of the proceeds of a fraud scheme involving a purported cryptocurrency known as "OneCoin."

Count Two alleges that from at least in or about September 2015, up to and including in or about 2018, the defendant conspired, or agreed with others, to commit bank fraud, by misrepresenting and omitting material facts to banks and other financial institutions worldwide to cause those financial institutions, including FDIC-insured financial institutions in the United States, to transfer funds into and out of accounts associated with purported investment funds operated by the defendant and others.

You must consider each count separately, and you must return a verdict of guilty or not guilty for each count.  Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to the other offense charged.[1]

---

[1] Adapted from Sand et al., *Modern Federal Jury Instructions*, 3-1, 3-2, and Jury Charge of Hon. Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (LAK).

## REQUEST NO. 3

### Count One: Conspiracy to Commit Money Laundering

Count One charges the defendant with conspiring to commit money laundering, in violation of Title 18, United States Code, Section 1956(h).  Count One charges:

*[The Court is respectfully requested to read Count One].*

A conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to violate a federal law is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

For example, in this case, the Count One of the Indictment alleges what is called a "multi-object conspiracy," which charges that the objectives of the conspiracy were to commit two different types of money laundering.  A conspiracy to commit money laundering is an entirely distinct and separate offense from the actual commission of money laundering.  If a conspiracy exists, even if it should fail in its purpose, it is still punishable as a crime.

Indeed, you may find a defendant guilty of the crime of conspiracy to commit money laundering even though the substantive crimes which were the object of the conspiracy were not actually committed.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful.  This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.[2]

---

[2] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-2.

## **REQUEST NO. 4**

## **Count 1:  Money Laundering Conspiracy – The Elements**

### **(Elements of a Conspiracy)**

In order to satisfy its burden of proof with respect to the allegation of conspiracy, the Government must prove beyond a reasonable doubt the following two elements:

First, that the conspiracy charged in Count One of the Indictment existed; that is, that there was an agreement or understanding between two or more people to commit a federal crime, as charged in the Indictment; and

Second, that the defendant knowingly and willfully became a member of the alleged conspiracy.

If you find from your consideration of the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the defendant guilty. If, on the other hand, you find from your consideration of the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

Now let us separately consider the two elements:  first, the existence of the conspiracy, and second, whether the defendant knowingly and willfully associated himself with and participated in the conspiracy.

<u>**REQUEST NO. 5**</u>

<u>**Count One: Money Laundering Conspiracy**</u>

**(Existence of the Conspiracy)**

The first element which the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the conspiracy actually existed, that is, that two or more persons knowingly and willfully entered into the unlawful agreement charged in the Indictment.

The gist or the essence of the crime of conspiracy is the unlawful combination or agreement to violate the law.  As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not relevant to the question of whether the conspiracy existed.

In order for the Government to satisfy this element, you need not find that the alleged members of the conspiracy sat around together and entered into any express or formal agreement.  Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.  What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to commit an unlawful act has been established by direct proof.  However, common sense tells you that when people, in fact, enter into a criminal conspiracy, much is left to unexpressed understanding.  Conspiracy by its very nature is characterized by secrecy.  It is, therefore, rare that a conspiracy can be proven by direct evidence of an explicit agreement.

You may, however, infer the existence of the conspiracy from the circumstances of the case and the conduct of the parties involved if you find that the evidence justifies such an inference.  In a very real sense, then, in the context of a conspiracy charge, actions often speak louder than words.  In this regard you may, in determining whether an agreement existed here, consider the actions and statements of all of those whom you found or find to be participants as proof that a common design existed on the part of the persons involved in the conspiracy to act together to accomplish an unlawful purpose.

So first you must determine whether or not the proof established beyond a reasonable doubt the existence of the conspiracy charged.  In considering the first element, you should consider all of the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, which may include not only the defendant, but other co-conspirators as well, and such inferences as reasonably may be drawn from the evidence.[3]

---

[3] Adapted from the Jury Charge of Hon. J. Paul Oetken in *United States v. Block*, 16 Cr. 595 (2017); Sand, et al., *Modern Federal Jury Instructions*, Instr. 19-4.

### REQUEST NO. 6

### Count One: Money Laundering Conspiracy

### (Objects of the Conspiracy)

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. Count One of the Indictment charges that there were two objectives of the conspiracy, both of which involved concealment money laundering.  I will explain both of these in more detail in a moment.

You need not find that the defendant agreed to accomplish both types of money laundering; an agreement to accomplish either one of the objects is sufficient.  In other words, if you find that the defendant agreed to commit either form of concealment money laundering, the illegal purpose element of conspiracy will be satisfied.  You must, however, be unanimous that the Government has proven beyond a reasonable doubt at least one of these two alleged objectives of the conspiracy.  You must also be unanimous as to which of the two types has been proven.  With that in mind, I will now proceed to discuss the elements of each form of concealment money laundering.[4]

---

[4] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States* v. *Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017).

**REQUEST NO. 7**

**Count One: Money Laundering Conspiracy**

**(Concealment Money Laundering)**

The first type of concealment money laundering occurs when a defendant conducts a financial transaction knowing that the transaction was designed in whole or in part to conceal or disguise the proceeds of specified unlawful activity.  Here, the specified unlawful activity is wire fraud.

In order to prove concealment money laundering, the Government must establish the following four elements beyond a reasonable doubt:

First, that the defendant conducted (or attempted to conduct) a "financial transaction," which must in some way or degree have affected interstate or foreign commerce;

Second, that the financial transaction at issue involved the proceeds of specified unlawful activity, which here was a wire fraud scheme;

Third, that the defendant knew that the financial transaction involved the proceeds of some form of unlawful activity; and

Fourth, that the defendant knew that the transaction was designed in whole or in part either to conceal or disguise the nature, location, source, ownership or control of the proceeds of the unlawful activity.[5]

---

[5] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States v. Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-7.

**REQUEST NO. 8**

**Count One: Money Laundering Conspiracy**

**(Concealment Money Laundering – Element #1)**

The first element of concealment money laundering is that the defendant conducted a financial transaction.

The term "conducts" includes the action of initiating, concluding, or participating in initiating or concluding a transaction.

The term "financial transaction" means (1) a transaction involving a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or (2) a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments. I instruct you that an insured bank constitutes a "financial institution."

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through or to a financial institution by whatever means. The term "funds" includes any currency, money, or other medium of exchange that can be used to pay for goods and services.

Interstate commerce includes any transmission, transfer or transportation of goods or services, both tangible and intangible, communications, and/or persons, between persons, places, or entities located in one state (including the District of Columbia) and persons, places, or entities located in another state, regardless of whether done for a business purpose or otherwise.

Foreign commerce means the same thing, except it is between a person, place, or entity in the United States and a person, place, or entity in a foreign country.

In determining whether someone is engaged in, or whether his activities affect interstate or foreign commerce, the involvement in interstate or foreign commerce can be minimal. Any involvement at all will satisfy this element.

You do not have to decide whether the effect on interstate or foreign commerce was harmful or beneficial to a particular business or to commerce in general. The Government satisfies its burden of proving an effect on interstate or foreign commerce if it proves beyond a reasonable doubt any effect, whether it was harmful or not.

In addition, it is not necessary for the Government to show that the defendant actually intended or anticipated an effect on interstate or foreign commerce by his actions or that commerce was actually affected. All that is necessary is that the natural and probable consequences of the acts the defendant agreed to take would affect interstate or foreign commerce.[6]

---

[6] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States v. Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-8.

## REQUEST NO. 9

### Count One: Money Laundering Conspiracy

### (Concealment Money Laundering – Element #2)

The second element of concealment money laundering, which the Government must prove beyond a reasonable doubt, is that the financial transactions must involve the proceeds of "specified" unlawful activity. Here, the "specified" unlawful activity is wire fraud, in violation of Title 18, United States Code, Section 1343.

I instruct you, as a matter of law, that the term "specified unlawful activity" includes wire fraud. I'll give you the elements of wire fraud in just a moment.

The term "proceeds" means any property, or any interest in property, that someone acquires or retains as profits resulting from the commission of the specified unlawful activity.[7]

---

[7] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States v. Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-8.

### REQUEST NO. 10

### Count One: Money Laundering Conspiracy

### (Concealment Money Laundering – Element #2 – Wire Fraud Elements)

The elements of the substantive crime of wire fraud, which is the specified unlawful activity, are:

First, that there was a scheme or artifice to defraud others of money or property by materially false or fraudulent pretenses, representations, or promises;

Second, that one more participants in that scheme knowingly and willfully devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in the execution of that scheme, the one or more participants in that scheme used, or caused the use by others of, interstate or foreign wires.[8]

As to the first element, a "scheme or artifice" is simply a plan for the accomplishment of an object. Fraud is a general term. It includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth. Thus, a scheme to defraud is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.[9]

---

[8] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-3 (based on the charge of the Honorable Edward Weinfeld in *United States v. Ranney*, 82 Cr. 771 (EW) (1983)); and the charge of the Honorable Michael B. Mukasey in *United States v. Uccio*, 88 Cr. 906 (MBM) (1989), aff'd, 917 F.2d 80 (1990); the charge of the Honorable John G. Koeltl in *United States v. Szur*, 97 Cr. 108 (JGK) (1998); and the charge of the Honorable Charles S. Haight, Jr. in *United States v. Rogers*, 90 Cr. 377 (1991); *see also United States v. Dinome*, 86 F.3d 277, 283 (2d Cir. 1996); *United States v. Altman*, 48 F.3d 97, 101 (2d Cir. 1995); *United States v. Mittelstaedt*, 31 F.3d 1208, 1216 (2d Cir. 1994); United States *v.* Miller, 997 F.2d 1010, 1017 (2d Cir. 1993); *United States v. Wallach*, 935 F.2d 445, 461 (2d Cir. 1991); *United States v. Rodolitz*, 786 F.2d 77, 80 (2d Cir.) (discussing elements of analogous mail fraud violation), cert. denied, 479 U.S. 826 (1986); *Polycast Technology Corp. v. Uniroyal, Inc.*, 728 F. Supp. 926 (1989) (elements of wire fraud).

[9] Adapted from *Sand, et al., Modern Federal Jury Instructions, Instr.* 44-3, 44-4, 44-13, 44-14, 44-15, 44-16; Adapted from the Jury Charge of Hon. J. Paul Oetken, *United States v. Middendorf*, 18 Cr. 0036 (S.D.N.Y. 2019); Jury Charge of Hon. Lewis A. Kaplan, *United States v. Blaszczak*, 17 Cr. 357 (S.D.N.Y. 2018); Jury Charge of the

As to the second element, the Government must establish beyond a reasonable doubt is that one or more participants in the fraud scheme devised or participated in the fraudulent scheme knowingly and with the specific intent to defraud. To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. To act knowingly means to act voluntarily and deliberately, rather than mistakenly or inadvertently.[10]

The third and final element the Government must prove beyond a reasonable doubt is that in the execution of that scheme, the one or more participants in that scheme used, or caused the use by others of, interstate or foreign wires (for example, phone calls, e-mail communications, or text messages). An interstate wire is a wire that passes between two or more states. A foreign wire is a wire that passes between the United States and someplace outside the United States. The use of the wire need not itself be a fraudulent representation. It must, however, further or assist in some way in carrying out the scheme to defraud. It is not necessary that any of the participants in the wire fraud scheme be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which the participants participated in.

Only the wire communication must be reasonably foreseeable, not its interstate or foreign component. Thus, if you find that the wire communication was reasonably foreseeable, and the

---

Hon. Vincent L. Briccetti in *United States v. Lowe*, 13 CR. 985 (S.D.N.Y. 2014); *Carpenter v. United States*, 484 U.S. 19, 25 (1987); *United States v. Yip*, 930 F.2d 142, 146 (2d Cir. 1991).

[10] *Adapted* from the Jury Charge of Hon. J. Paul Oetken, *United States v. Middendorf*, 18 Cr. 0036 (S.D.N.Y. 2019); Jury Charge of Hon. Shira A. Scheindlin in *United States v. Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); *United States v. Yip*, 930 F.2d 142, 146 (2d Cir. 1991); *United States v. McGinn*, 787 F.3d 116, 122-23 (2d Cir. 2015) (*mens rea* requirement for wire fraud is fraudulent intent, or "conscious knowing intent to defraud"); *United States v. Rybicki*, 354 F.3d 124, 151 (2d Cir. 2003) (Raggi, J., concurring, collecting cases holding that mail fraud *mens rea* requirement is specific intent defraud); *United States v. Porcelli*, 865 F.2d 1352, 1358 (2d Cir. 1989) (specific intent required for mail fraud statute is intent to defraud). Jury Charge of the Hon. Vincent L. Briccetti in *United States v. Lowe; see also United States v. Koh*, 199 F.3d 632 (1999 (upholding use of "no ultimate harm" type instruction).

interstate or foreign wire communications actually took place, then this element is satisfied even

if it was not foreseeable that the wire communication would cross state or national lines.[11]

---

[11] Adapted from Sand, *Modern Federal Jury Instructions*, 44-7 (based on the charge of the Honorable Edward Weinfeld in *United States v. Ranney*, 82 Cr. 771 (S.D.N.Y. 1983)); the charge of the Honorable Lewis A. Kaplan in *United States v. James Gatto, et al.*, 17 Cr. 686 (LAK); and the charge of the Honorable Ronnie Abrams in *United States v. Tagliaferri*, 13 Cr. 115 (S.D.N.Y. 2014); the charge of the Honorable Michael B. Mukasey in *United States v. Uccio*, 88 Cr. 906 (S.D.N.Y. 1989), aff'd, 917 F.2d 80 (2d Cir. 1990); the charge of the Honorable Charles S. Haight, Jr. in *United States v. Rogers*, 90 Cr. 377 (S.D.N.Y. 1991); and the charge of the Honorable John G. Koeltl, *United States v. Szur*, S5 97 Cr. 108 (S.D.N.Y. 1998); *Pereira v. United States*, 347 U.S. 1, 8-9 (1954) (defendant "causes" mailing so long as he "does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such can reasonably be foreseen."); *United States v. Keats*, 937 F.2d 58 (2d Cir.) (defendant need not have personally sent charged wire communication; affirming conviction where Government agent and informant initiated charged telephone calls), *cert. denied*, 502 U.S. 950 (1991); *United States v. Bortnovsky*, 879 F.2d 30, 36-41 (2d Cir. 1989) (extended discussion of "in furtherance" requirement in mail fraud case; holding that letter mailed two years after fraud by innocent third party was "reasonably foreseeable" and "in furtherance" of fraud); *United States v. Blackmon*, 839 F.2d 900, 907-08 (2d Cir. 1988) (regarding foreseeability of interstate nature of communication);  *United States v. Muni*, 668 F.2d 87, 89-91 (2d Cir. 1981) (extended discussion of "foreseeability" of wire communication); *Schmuck v. United States*, 489 U.S. 705 (1989); *United States v. Paccione*, 949 F.2d 1183, 1196 (2d Cir. 1991), *cert. denied*, 112 S. Ct. 3029 (1992); *United States v. Keats*, 937 F.2d 58, 64 (2d Cir.), *cert. denied*, 112 S. Ct. 399 (1991).

**REQUEST NO. 11**

**Count One: Money Laundering Conspiracy**

**(Concealment Money Laundering – Element #3)**

The third element of concealment money laundering, which the Government must prove beyond a reasonable doubt, is that the defendant knew that the financial transactions at issue involved the proceeds of some form, though not necessarily which form, of unlawful activity.

Keep in mind that it is not necessary for the defendant to believe that the proceeds came from the wire fraud scheme; it is sufficient that the defendant believed that the proceeds came from some unlawful activity.[12]

---

[12] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States* v. *Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-9.

## REQUEST NO. 12

### Count One: Money Laundering Conspiracy

### (Concealment Money Laundering – Element #4)

The fourth and final element of concealment money laundering concerns the <u>purpose</u> of the transaction.

Specifically, the Government must prove beyond a reasonable doubt that the defendant conducted financial transactions with knowledge that the transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

As I have previously instructed, to act knowingly means to act purposely and deliberately and not because of mistake or accident, mere negligence, or other innocent reason. That is, the acts must be the product of the defendant's conscious objective. If you find that the evidence establishes beyond a reasonable doubt that the defendant knew the purpose of the particular transaction in issue and that the transaction was either designed to conceal or disguise the true origin of the property in question, then this element is satisfied. However, if you find that the defendant knew of the transaction, but did not know that it was either designed to conceal or disguise the true origin of the property in question, but instead thought that the transaction was intended to further an innocent transaction, you must find that this element has not been satisfied and find the defendant not guilty.

For the fourth element to be satisfied, the defendant need not know which "specified unlawful activity" he was agreeing to help conceal. He need only know that a purpose of the

financial transaction was concealing the nature, location, source, ownership, or control of the

funds.[13]

---

[13] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States* v. *Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-10.

**REQUEST NO. 13**

**Count Five: Money Laundering Conspiracy**

**(Second Object—Concealment Money Laundering)**

I will now discuss the second object of the conspiracy charged in Count One of the Indictment, which involves another form of concealment money laundering.

In order to prove the crime of international concealment money laundering, the Government must establish beyond a reasonable doubt each of the following three elements:

First, that the defendant knowingly transported, transmitted, or transferred a monetary instrument or funds from a place in the United States to or through a place outside the United States *or* to a place in the United States from or through a place outside the United States.

Second, that the defendant did so with knowledge that the monetary instrument or funds involved represent the proceeds of some form of unlawful activity;

Third, that the defendant knew that the transportation, transmission, or transfer was designed, in whole or in part, to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.[14]

---

[14] Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-16; *Cuellar v. United States*, 553 U.S. 550, 128 S. Ct. 1994, 170 L. Ed. 2d 942 (2008).

## REQUEST NO. 14

### Count One: Money Laundering Conspiracy

### (Second Object—Concealment Money Laundering – Element #1)

The first element that the government must prove beyond a reasonable doubt is that the defendant transported, transmitted, or transferred, or attempted to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States (or to a place in the United States from or through a place outside the United States).

The term "monetary instrument" means coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, money orders, investment securities in bearer form or otherwise in such form that title thereto passes upon delivery, and negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

The term "funds" refers to money or negotiable paper that can be converted into currency.

"Transport," "transmit," and "transfer" are not words that require a definition; you should give them their ordinary, everyday meaning.  The Government need not prove that the defendant physically carried funds or monetary instruments in order to prove that he is responsible for transferring or transporting or transmitting. All that is required is proof that the defendant caused the funds or monetary instrument to be transported or transferred or transmitted by another person or entity. [15]

---

[15] Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-17; *Cuellar v. United States*, 553 U.S. 550, 128 S. Ct. 1994, 170 L. Ed. 2d 942 (2008).

**REQUEST NO. 15**

**Count One: Money Laundering Conspiracy**

**(International Concealment Money Laundering – Element #2 and #3)**

The second and third elements of the crime constituting the second object of the money laundering conspiracy charged in Count One refer to concepts previously defined with respect to the first object of Count One, namely the term "some form of unlawful activity" and the concept of concealment of or disguising the location, source, ownership, or control of the proceeds of specified unlawful activity. The same definitions and instructions provided previously apply to these terms as they appear in connection with this second object of Count One. As I told you before, the Government must prove beyond a reasonable doubt that the defendant knew that the financial transactions at issue involved the proceeds of some form of unlawful activity, but not necessarily which form of unlawful activity.

With respect to concealment, as that concept relates to this second object of the conspiracy charged in Count One, the Government must prove beyond a reasonable doubt that the defendant transported, transmitted, or transferred the property involved in the transaction with knowledge that the transportation, transfer, or transmission was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the wire fraud scheme. I've already provided you with the definition of wire fraud, and you should apply that same definition here. As I instructed you before, as a matter of law, the term "specified unlawful activity" includes wire fraud.

Proof only that the funds were concealed is not sufficient to satisfy this element. Instead, the government must prove that the purpose of the transportation, transfer, or transmission was to conceal or disguise the nature, location, source, ownership, or control of

the proceeds and that the defendant knew that this was the purpose of the transportation,

transfer, or transmission.[16]

---

[16] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 50A-19.

## REQUEST NO. 16

### Count Two: Bank Fraud Conspiracy

### (Elements)

Count Two charges the defendant with conspiring to commit bank fraud, in violation of Title 18, United States Code, Section 1349.  Count Two charges:

*[The Court is respectfully requested to read Count Two].*

I have already instructed you as to the elements of conspiracy, and you should follow those instructions here.

In order to find the defendant guilty of this count, you must find that the Government has proven the following elements beyond a reasonable doubt:

<u>First</u>, that the charged conspiracy existed; and

<u>Second</u>, that the defendant intentionally joined and participated in this conspiracy during the applicable time period.[17]

---

[17] Adapted from the Jury Charge of Hon. Lewis A. Kaplan, *United States v. Blaszczak*, 17 Cr. 357 (S.D.N.Y. 2018).

## REQUEST NO. 17

## Count Two: Bank Fraud Conspiracy

## (Existence of the Conspiracy)

In determining whether a conspiracy to commit bank fraud existed, you must consider the principles regarding the existence of the conspiracy I set out earlier in these instructions. In this instance, the unlawful object or purpose of the conspiracy charged in Count Two is to commit bank fraud.

It is the conspiratorial agreement to do the crime that is at issue; it is an entirely distinct and separate offense from the substantive crime of bank fraud. And, it follows, it is unnecessary for you to find that the crime of bank fraud actually occurred.

It is sufficient to establish the existence of the conspiracy, as I've already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding to accomplish, by the means alleged, the object of the conspiracy.[18]

---

[18] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States* v. *Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017).

## REQUEST NO. 18

### Count Two: Bank Fraud Conspiracy

#### (Elements of Bank Fraud)

The object of a conspiracy charged in Count Two is bank fraud.  The elements of bank fraud are as follows:

First, that there was a scheme to defraud a bank or a scheme to obtain money owned by or under the custody or control of a bank, by means of materially false or fraudulent pretenses, representations, or promises;

Second, that the defendant executed or attempted to execute the scheme with the intent either to defraud the bank or to obtain money or funds owned by or under the custody or control of the bank; and

Third, that the bank involved was federally insured.[19]

---

[19] Adapted from the charge of the Honorable Shira A. Scheindlin in *United States* v. *Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); Sand, *Modern Federal Jury Instructions*, Instr. 44-9.  *See* 18 U.S.C. § 1344.

## REQUEST NO. 19

## Count Two: Bank Fraud Conspiracy

### (Existence of a Scheme or Artifice)

The first element of bank fraud is that that there was a scheme to defraud a bank or a scheme to obtain money owned by or under the custody or control of a bank, by means of materially false or fraudulent pretenses, representations, or promises;

This element requires proof of the existence of only one of these.  That is, either that there existed a scheme to defraud a bank or a scheme to obtain property under the custody or control of a bank by means of materially fraudulent pretenses, representations, or promises.

In order to prove the first theory of bank fraud, that there was a "scheme to defraud a bank," the Government must prove beyond a reasonable doubt that there was a pattern or course of conduct concerning a material matter designed to deceive a federally insured bank into releasing property.

In order to prove the second theory of bank fraud, the government must prove beyond a reasonable doubt is that there was a scheme to obtain money or property owned by or under the custody and control of a bank by means of false or fraudulent pretenses, representations or promises. A representation is fraudulent if it was falsely made with the intent to deceive. Deceitful statements of half truth, the concealment of material facts, and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, the omission of words, or the circumstances in which they are used

29

may convey a false and deceptive appearance. If there is intentional deception, the manner in which it is accomplished does not matter.

A fraudulent representation must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.[20]

In considering this element of bank fraud, it is unimportant whether a bank actually relied on a misrepresentation.  It is sufficient if the misrepresentation is one that is merely capable of influencing the bank's decision.[21]

It is not necessary for the Government to prove that the financial institutions actually lost money or property as a result of the scheme, or that the defendant intended for the financial institutions to lose money or property.[22]  A scheme to defraud a bank also exists when a bank is provided false or fraudulent information that, if believed, would prevent the bank from being able to make informed economic decisions about what to do with its money or property.[23]  For example, if the Government proves beyond a reasonable doubt that because of the scheme, the

---

[20] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-10.

[21] *See Neder* v. *United States*, 527 U.S. 1, 25 (1999) (holding that federal fraud statutes do not incorporate a reliance element); *United States* v. *Shapiro*, 29 F. App'x 33, 35 (2d Cir. 2002) ("[A]ctual reliance is not an element of bank fraud."); *United States* v. *Rodriguez*, 140 F.3d 163, 167 (2d Cir.1998) ("A misrepresentation is material if it's capable of influencing the bank's actions.").

[22] *See Shaw* v. *United States*, 137 S. Ct. 462, 469 (2016) (holding that the Government need not prove that the defendant intended that the bank ultimately suffer monetary loss).

[23] *See*, *e.g.*, *United States* v. *Atilla*, 15 Cr. 867 (RMB).

financial institutions entered into transactions they would otherwise not have entered into, then the Government will have met its burden of proof as to this element.[24]

---

[24] *See Shaw* v. *United States*, 137 S. Ct. 462, 467 (2016) (The bank fraud "statute, while insisting upon 'a scheme to defraud,' demands neither a showing of ultimate financial loss nor a showing of intent to cause financial loss.  Many years ago Judge Learned Hand pointed out that '[a] man is none the less cheated out of his property, when he is induced to part with it by fraud,' even if 'he gets a quid pro quo of equal value.' *United States* v. *Rowe,* 56 F.2d 747, 749 (C.A.2 1932). That is because '[i]t may be impossible to measure his loss by the gross scales available to a court, but he has suffered a wrong; he has lost,' for example, 'his chance to bargain with the facts before him.' *Ibid.*"); *United States* v. *Regent Office Supply Co.*, 421 F.2d 1174, 1181–82 (2d Cir. 1970) ("[A] wrong has been suffered when a man is deprived of his chance to bargain with the facts before him where the absent facts are facts material to the bargain he is induced thereby to enter.").

## REQUEST NO. 20

## Count Two: Bank Fraud Conspiracy

### (Intent to Defraud)

The second element of bank fraud is that the defendant executed, attempted to execute, or participated in the scheme or artifice knowingly, willfully, and with the intent to defraud the bank or that the defendant executed or attempted to execute the scheme knowingly and willfully and with the intent to obtain money or funds owned or under the custody or control of the bank.

A person acts "knowingly" if he acts voluntarily and deliberately and not mistakenly or inadvertently.  A person acts "willfully" and "intentionally" if he acts purposely and voluntarily and with the specific intent to disobey or disregard the law.

This element requires that the defendant engaged in, or participated in, the scheme alleged with an understanding of its fraudulent or deceptive character and with an intention to help it succeed.  It is not required that the defendant participate in or have knowledge of all the operations of the scheme.  The guilt of the defendant is not governed by the extent of his participation.  It also is not necessary that the defendant originated the scheme to defraud, or that the defendant participated in the alleged scheme from the beginning.  A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if the defendant participated in the scheme to a lesser degree than others, he is nevertheless guilty, so long as the defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

The questions of whether a person acted knowingly, willfully, and with intent to defraud are questions of fact for you to determine, like any other fact question.  These questions involve the state of mind of the defendant.

Direct proof of knowledge and fraudulent intent is often unavailable.  Indeed, it is not typical that a person writes or states that as of a given time in the past he or she committed an act with fraudulent intent.  Such direct proof is not required.  The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

When deciding whether the defendant possessed or lacked an intent to defraud, you need not limit yourself to just what the defendant said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.[25]

---

[25] Adapted from the charge of the Honorable Shira A. Scheindlin in *United States* v. *Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); Sand, *Modern Federal Jury Instructions*, Instrs. 44-5, 44-11.  *See also United States* v. *Schwartz*, 924 F.2d 410, 420 (2d Cir. 1991) ("It need not be shown that the intended victim of the fraud was actually harmed it is enough to show defendants contemplated doing actual harm, that is, something more than merely deceiving the victim."); *United States* v. *King*, 860 F.2d 54, 55 (2d Cir. 1988) (same); *United States* v. *Karro*, 257 F.3d 112, 118 (2d Cir. 2001) (defendant who intentionally provides false information to lender about her identity to obtain credit card has intent to defraud, whether or not she intended to repay debts).

**REQUEST NO. 21**

**Count Two: Bank Fraud Conspiracy**

**(Federally Insured Financial Institution)**

The third element of the crime of bank fraud is that a financial institution in question was federally insured at the time of the scheme.  This simply means that the financial institution was a bank insured by the Federal Deposit Insurance Corporation or a credit union with accounts insured by the National Credit Union Share Insurance Fund during the time frame alleged in the Indictment.  The Government need not show that the defendant knew that a financial institution was federally insured to satisfy this third element.[26]

---

[26] *See* Sand, *Modern Federal Jury Instructions*, Instr. 44-11; 18 U.S.C. § 20(1) & (2).

## REQUEST NO. 22

### Conscious Avoidance

As I have explained, the two counts charged in the Indictment require the Government to prove that the defendant acted knowingly.  In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious.

I would like to point out that the necessary knowledge on the part of the defendant with respect to any particular charge cannot be established by showing that that defendant was careless, negligent, or foolish.  However, one may not willfully and intentionally remain ignorant of a fact material and important to his conduct in order to escape the consequences of criminal law.  The law calls this "conscious avoidance" or "willful blindness."  In other words, the Government can prove either that the defendant actually knew the objective of the conspiracy or he consciously avoided knowledge of the object of the conspiracy.

Thus, if you find beyond a reasonable doubt that the defendant  was aware that there was a high probability a crime was being committed, but that the defendant deliberately and consciously avoided confirming this fact, such as by purposely closing his or her eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendant actually believed that he was not engaged in such unlawful behavior.  In other words, a defendant cannot avoid criminal responsibility for his own conduct by "deliberately closing his eyes," or remaining purposefully ignorant of facts which would confirm to him that he was engaged in unlawful conduct.

You must also keep in mind that there is an important difference between knowingly and intentionally participating in the conspiracy – which I just explained to you – and knowing the specific objective of the conspiracy on the other. You may consider conscious avoidance in deciding whether the defendant knew the objective of the conspiracy, that is, whether he reasonably believed that there was a high probability that a goal of the conspiracy was to commit the crime charged as objects of the conspiracy and took deliberate and conscious action to avoid confirming that fact but participated in the conspiracy anyway.  But conscious avoidance cannot be used as a substitute for finding that the defendant knowingly and intentionally joined the conspiracy in the first place.  It is logically impossible for a defendant to intend and agree to join a conspiracy if he or she does not actually know it exists.  However, if you find beyond a reasonable doubt that the defendant knowingly chose to participate in such a joint undertaking, you may consider whether the defendant took deliberate and conscious action to avoid confirming otherwise obvious facts about the purpose of that undertaking.

In sum, if you find that a defendant believed there was a high probability that a fact was so and that the defendant took deliberate and conscious action to avoid learning the truth of that fact, you may find that the defendant acted knowingly with respect to that fact.  However, if you find that the defendant actually believed the fact was not so, then you may not find that he acted knowingly with respect to that fact.[27]

---

[27] Adapted from Jury Charge of Hon. P. Kevin Castel, *United States v. William Walters*, 16 Cr. 338 (S.D.N.Y. 2017); Sand, et al., *Modern Federal Jury Instructions*, Instr. 3A-2.

## REQUEST NO. 23

## Venue

With respect each count in the Indictment, the Government, in addition to proving the essential elements of that charge, must also prove that at least one act in furtherance of the charge occurred in the Southern District of New York.  This is called establishing venue. The Southern District of New York includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.

The Government does not have to prove that a completed crime was committed within the Southern District of New York, or that the defendant was ever in the Southern District of New York.  It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred in this District.  The act itself may not be a criminal act.  And the act need not have been taken by the defendant, so long as the act was part of the crime that you find the defendant committed.

With respect to Count One, you must find that it is more likely than not that either an overt act in furtherance of the charged conspiracy was committed or caused to be committed in the Southern District of New York by the defendant or a coconspirator during the life of the conspiracy, or that the financial or monetary transfer that you are considering took place in or passed through the Southern District of New York.  You need not find both of these things.

Specifically, with respect to Count Two, you need to find that it is more likely than not that an overt act in furtherance of the charged conspiracy was committed or caused to be committed in the Southern District of New York by the defendant or a coconspirator during the life of the conspiracy.

37

Unlike the elements of the offenses which must be proven beyond a reasonable doubt, the Government is only required to prove venue by a preponderance of the evidence. A preponderance of the evidence means that it is more probable than not that some act in furtherance of the crime you are considering occurred in this District.[28]

---

[28] Adapted from Jury Charge of Hon. Laura T. Swain in *United States v. Stewart*, 15 Cr. 287 (S.D.N.Y. 2016); Jury Charge of Hon. Gregory Woods in *United States v. Chow*, 17 Cr. 667 (S.D.N.Y. 2018).

## REQUEST NO. 24

## Variance in Dates and Times

As we have proceeded through the Indictment, you have noticed that it refers to various dates or times.  It does not matter if the Indictment provides that specific conduct is alleged to have occurred on or about a certain date, month, or time and the evidence indicates that in fact it was on a different date, month, or time.  The law only requires a substantial similarity between the dates alleged in the Indictment and the date established by testimony and exhibits.[29]

---

[29] Adapted from Jury Charge of Hon. J. Paul Oetken in *United States v. Block*, 16 Cr. 595 (S.D.N.Y. 2017); Jury Charge of Hon. Gregory Woods in *United States v. Chow*, 17 Cr. 667 (S.D.N.Y. 2018).

## **REQUEST NO. 25**

### **Motive**

Proof of motive is not a necessary element of any of the crimes with which the defendant is charged.  Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendant is not guilty.  If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what that defendant's motive for the crime or crimes may be, or whether the defendant's motive was shown at all.  The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of the defendant.[30]

---

[30] Adapted from Sand et al., *Modern Federal Jury Instructions*, 6-18; the Hon. Deborah A. Batts's instructions in *United States v. Gupta*, 07 Cr. 177.

## REQUEST NO. 26

## Defendant's Testimony [or Defendant's Right Not to Testify]

[*If any defendant testifies:*] A defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and each defendant is presumed innocent. In this case, the defendant did testify and he was subject to cross-examination like any other witness. You should examine and evaluate defendant's testimony just as you would the testimony of any witness with an interest in the outcome of the case.

[*If any defendant does not testify and requests an instruction concerning his election not to do so:*] [The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant.

A defendant is never required to prove that he is innocent. Therefore, you must not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider it against the defendant in any way in your deliberations in the jury room.[31]

---

[31] Adapted from Jury Charge of Hon. J. Paul Oetken in *United States v. Block*, 16 Cr. 595 (S.D.N.Y. 2017); Jury Charge of Hon. Gregory Woods in *United States v. Chow*, 17 Cr. 667 (S.D.N.Y. 2018).

**REQUEST NO. 27**

**Preparation of Witnesses**

You have heard evidence that, prior to appearing in court, witnesses have discussed the facts of the case and their testimony with attorneys.  Although you may consider this fact when you are evaluating a witness's credibility, I should tell you that there is nothing either improper or unusual about a witness meeting with lawyers before testifying, so that the witness can be aware of the subjects he or she will be questioned about, and can focus on those subjects and have the opportunity to prepare or review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.[32]

---

[32] Adapted from Jury Charge of Hon. Gregory Woods in *United States v. Chow*, 17 Cr. 667 (S.D.N.Y. 2018).

## REQUEST NO. 28

### Accomplice/Cooperating Witness Testimony

You have also heard from witnesse(s) who testified that he/they pled guilty to criminal charges.  He/They each testified pursuant to an agreement to cooperate with the Government. The law allows the use of accomplice testimony.  Indeed, it is the law in federal courts that the testimony of an accomplice may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.  It is also the case, however, that accomplice testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here.  Nevertheless, let me say a few things that you might want to consider during your deliberations on the subject of accomplices. You should ask yourself whether the witness would benefit more by lying or by telling the truth.  Was either witness's testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness you are considering was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?  In sum, you should look at all of the evidence in deciding what credence and what weight, if any, to give to an accomplice witness.[33]

---

[33] Adapted from Jury Charge of Hon. Laura T. Swain in *United States v. Stewart*, 15 Cr. 287 (S.D.N.Y. 2016).

**REQUEST NO. 29**

**Uncalled Witnesses – Equally Available**

There are people whose names you heard during the course of the trial that did not appear in court to testify.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have said if they had been witnesses in this case.  Their absence should not affect your judgment in any way about what any witness would have testified about if he or she had been called as a witness.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence whatsoever, and that the burden always rests with the Government to prove a defendant's guilt beyond a reasonable doubt.[34]

---

[34] Adapted from Jury Charge of Hon. J. Paul Oetken in *United States v. Block*, 16 Cr. 595 (S.D.N.Y. 2017); Jury Charge of Hon. Gregory Woods in *United States v. Chow*, 17 Cr. 667 (S.D.N.Y. 2018).

**REQUEST NO. 30**

**Persons Not on Trial Or Not Indicted**

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that any person other than the defendant is not on trial here.  You also may not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors. [35]

---

[35] Adapted from Jury Charge of Hon. J. Paul Oetken in *United States v. Block*, 16 Cr. 595 (S.D.N.Y. 2017); Jury Charge of Hon. Gregory Woods in *United States v. Chow*, 17 Cr. 667 (S.D.N.Y. 2018).

## REQUEST NO. 31

## Expert Witnesses [If Applicable]

In this case, I permitted certain witnesses to express opinions about certain matters that are at issue.  Such testimony, which we refer to as "expert testimony," was presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing expert testimony, you may consider that witness's qualifications, his opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all of the evidence in this case.  You should not, however, credit the opinion testimony just because I allowed the witness to testify as an expert.  Nor should you substitute the expert's opinion for your own reason, judgment, and common sense.  The determination of the facts in this case rest solely with you.[36]

---

[36] Adapted from Jury Charge of Hon. Valerie Caproni in *United States v. Riley*, 13 Cr. 339 (S.D.N.Y. 2014).

## **REQUEST NO. 32**

## **Character Testimony [If Applicable]**

You have heard testimony that [name of applicable defendant] has a good reputation for [to be completed as appropriate].

Along with all the other evidence you have heard, you may take into consideration what you believe about a defendant's reputation for [to be completed as appropriate] when you decide whether the Government has proven, beyond a reasonable doubt, that that defendant committed the charged crimes.[37]

---

[37] Adapted from Jury Charge in *United States v. Pujana-Mena*, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge); *See also* Jury Charge of Hon. Ronnie Abrams in *United States v. Galanis*, 16 Cr. 371 (S.D.N.Y. 2018).

## **REQUEST NO. 33**

## **Summary Charts - Not Admitted as Evidence [If Applicable]**

There have been a number of summary charts and exhibits that were shown to you but not admitted into evidence.  At the time that they were shown to you, I had noted this fact to you. For these charts and exhibits that were not admitted into evidence, they serve merely as summaries and analyses of testimony and documents in the case and are here to act as visual aids for you.  It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts.  To the extent that the charts conform to what you determine the underlying facts to be, you should accept them. To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.[38]

---

[38] Adapted from Jury Charge of Hon. Ronnie Abrams in *United States v. Galanis*, 16 Cr. 371 (S.D.N.Y. 2018), and Sand et al., *Modern Federal Jury Instructions*, Instr. 5-13.

## REQUEST NO. 34

### Summary Charts - Admitted as Evidence [If Applicable]

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries. For these charts and summaries that were admitted into evidence, you should consider them as you would any other evidence.[39]

---

[39] Adapted from the charge of the Hon. Ronnie Abrams in *United States v. Galanis*, 16 Cr. 371 (S.D.N.Y. 2018), and Sand, et al., *Modern Federal Jury Instructions*, Instr. 5-12. *See also* Fed. R. Evid. 1006.

## REQUEST NO. 35

## Stipulations [If applicable]

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

You also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.[40]

---

[40] Adapted from Jury Charge of Hon. J. Paul Oetken in *United States v. Block*, 16 Cr. 595 (S.D.N.Y. 2017); Jury Charge of Hon. Gregory Woods in *United States v. Chow*, 17 Cr. 667 (S.D.N.Y. 2018).

## REQUEST NO. 36

### Particular Investigative Techniques Not Required

You have heard references in the arguments in this case to the fact that certain investigative techniques were used by the Government and that certain others were not used. There is no legal requirement that the Government use any specific investigative techniques to prove its case.  However, you may consider these facts in deciding whether the Government has met its burden of proof, because, as I told you, you should look to all of the evidence and lack of evidence in deciding whether the defendant  is guilty or not guilty.[41]

---

[41] Adapted from Jury Charge of Hon. Gregory Woods in *United States v. Chow*, 17 Cr. 667 (S.D.N.Y. 2018).

## REQUEST NO. 37

### Use of Undercover Law Enforcement Witnesses [If Applicable]

Now, there has been testimony before you with respect to the use of undercover law enforcement witnesses. There are certain types of crimes where, without the use of undercover law enforcement witnesses, detection would be extremely difficult. Because this law enforcement technique is entirely lawful, your personal view on its use – whether you approve or disapprove – is beside the point and must not affect your evaluation of the evidence in this case.

Let me put it another way. If you are satisfied beyond a reasonable doubt that the defendant committed the offenses or certain of the offenses charged in the Indictment, you should find that defendant guilty even though you believe that his apprehension came about in some measure by the Government's use of an undercover witness.[42]

---

[42] Adapted from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (S.D.N.Y. 1991); and from Sand, et al., Modern Federal Jury Instructions, Instr. 5-23.

## REQUEST NO. 38

### Use of Audio and Video Recordings and Transcripts [If Applicable]

Audio and video recordings have been admitted into evidence and transcripts of those recordings were provided to use as aids.

Whether you approve or disapprove of the recording of the activity may not enter your deliberations.  I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful and it was properly admitted into evidence at this trial.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant .

In connection with the recordings that you have heard, you were provided with transcripts of the conversations to assist you while listening to the recordings.  I instructed you then, and I remind you now, that the transcripts are not evidence.  The transcripts were provided only as an aid to you in listening to the recordings.  It is for you to decide whether the transcripts correctly present the conversations recorded on the recordings that you heard.

If you wish to hear any of the recordings again, they will be made available to you during your deliberations.[43]

---

[43] Adapted from Hon. Paul A. Engelmayer, Jury Charge, *United States v. Angelo Fernandez*, 13 Cr. 20 (S.D.N.Y. 2013); Hon. Pierre N. Leval, *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992); Hon. John G. Koeltl, *United States v. Alvarado-Matriller*, 94 Cr. 723 (JGK) (S.D.N.Y. 1995); *United States v. Joseph Brideson*, S6 00 Cr. 1118 (MBM); *see United States v. Ulerio,* 859 F.2d 1144, 1145 (2d Cir. 1988) (not abuse of discretion to admit foreign language transcripts in evidence); *United States v. Vasquez*, 605 F.2d 1269, 1272 & n.4 (2d Cir. 1979) (proper to play Spanish language tapes and to provide translated transcripts to jury, with cautionary instruction that jury is ultimate factfinder).

## **REQUEST NO. 39**

### **Statements of the Defendant** **[If Applicable]**

There has been evidence that a defendant made statements to law enforcement authorities.  Evidence of these statements was properly admitted in this case, and may be properly considered by you.  You are to give the evidence of such statements such weight as you feel it deserves in light of all the evidence.  Whether you approve or disapprove of the use of these statements may not enter your deliberations.  I instruct you that no one's rights were violated and that the Government's use of this evidence is entirely lawful.[44]

---

[44] Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 5-19, and from the charge of the Honorable Lewis A. Kaplan in *United States v. Sterling*, 16 Cr. 488 (LAK).

## REQUEST NO. 40

### False Exculpatory Statements [If Applicable]

You have heard testimony that a defendant made statements in which the defendant claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements in which the defendant exculpated himself are false.

If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer that the defendant believed that he was guilty.  You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to the defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.[45]

---

[45] Sand *et al.*, *Modern Federal Jury Instructions*, 6-11.

## **REQUEST NO. 41**

### **Law Enforcement Witnesses [If Applicable]**

You have heard the testimony of law enforcement officials. The fact that a witness may be, or may have been, employed by the Government as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of other witnesses. At the same time, in considering the credibility of such a witness, you are entitled to consider whether the testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witnesses and to give that testimony whatever weight you find it deserves.[46]

---

[46] Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 7-16; and from the charge of the Honorable Richard J. Sullivan in *United States v. Ramirez*, 13 Cr. 135 (RJS) (S.D.N.Y. 2013).

## REQUEST NO. 42

### Use of Informants or Confidential Sources [If Applicable]

There has been testimony before you about the use of informants or confidential sources. Informants or such sources are frequently used by the Government to obtain leads and to gain introduction to people suspected of violating the law.  There are certain types of crimes where, without the use of informants or confidential sources, detection would be extremely difficult. Because this law enforcement technique is entirely lawful, your personal view on its use – whether you approve or disapprove – is beside the point and must not affect your evaluation of the evidence in the case.

Let me put it another way.  If you are satisfied beyond a reasonable doubt that the defendant  committed the charged offense that you are considering, you should find him or her guilty even though you believe that his or her apprehension came about in some measure by the Government's use of informants or confidential sources.[47]

---

[47] Adapted from the charge of the Honorable John F. Keenan in *United States v. Carrero*, 91 Cr. 365 (JFK) (S.D.N.Y. 1991), and from Sand *et al.*, *Modern Federal Jury Instructions*, 5-23.

## **REQUEST NO. 43**

## **Redaction of Evidentiary Items [If Applicable]**

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or recording was covered over or taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been covered over or deleted.[48]

---

[48] Adapted from the charge of the Honorable Lewis A. Kaplan in *United States v. Kevin Sterling*, S4 16 Cr. 488 (LAK).

## REQUEST NO. 44

## Use of Evidence Obtained Pursuant to Search

You have heard testimony about evidence seized in connection with certain searches conducted by law enforcement officers. Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you. Such searches were entirely appropriate law enforcement actions.

Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the government has met its burden of proof.[49]

---

[49] Adapted from the Jury Charge of the Hon. Robert Sweet in *United States v. Mejia*, 16 Cr. 45 (S.D.N.Y. 2016); Judge Charge of the Hon. Katherine B. Forrest in *United States v. Morales*, 15 Cr. 879 (KBF) (S.D.N.Y. 2017).

## **CONCLUSION**

In submitting these requests to charge, the Government respectfully reserves the right to submit additional or modified requests at or near the close of evidence.

Dated:  New York, New York
        October 18, 2019

                                Respectfully submitted,

                                GEOFFREY S. BERMAN
                                United States Attorney

                    By:     _____/s/_____
                                Christopher J. DiMase / Nicholas Folly
                                Assistant United States Attorneys
                                (212) 637-2433 / 1060

                                Julieta V. Lozano
                                Special Assistant United States Attorney
                                (212) 335-4025