

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

October 26, 2019

**BY ECF & ELECTRONIC MAIL**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States* v. *Mark S. Scott*, S10 17 Cr. 630 (ER)

Dear Judge Ramos:

      The Government respectfully requests that the Court preclude the defense from offering as evidence those portions of the defendant's recorded statements not offered by the Government. Although the Government is permitted to offer Scott's statements as statements by a party opponent, no such hearsay exception applies to the defendant, and the statements are not necessary to put those offered by the Government into proper context.

      **A.**    **Relevant Facts**

      As the Court is aware, on or about September 5, 2018, after his arrest, Scott was interviewed by special agents with the FBI and the IRS. The interview was video and audio recorded. The recording was subsequently transcribed. At trial, the Government will seek to offer the highlighted portions of the transcript of Scott's post-arrest video interview set forth in Exhibit A hereto (the "Statements').[1] Once admitted into evidence, the Government plans to play these portions of the video interview for the jury.

      **B.**    **Applicable Law**

      The Government is permitted to introduce at trial statements made by the defendant as party admissions, pursuant to Federal Rule of Evidence 801(d)(2)(A). *See United States v. Russo*, 302 F.3d 37, 43 (2d Cir. 2002) ("Statements made by the defendant may be introduced by the government in a criminal trial to prove the truth of the facts stated in them because they are admissions of an adverse party." (citing Fed. R. Evid. 801(d)(2)(A))). The defendant, however, does not have a parallel ability to offer his statements into evidence. "When the defendant seeks

---

[1] At present, the Government intends to offer only the highlighted portions identified in Government Exhibit A. If the Government identifies any additional portions to be offered, or determines that it will not offer certain highlighted portions, it will immediately provide notice to the defense.

to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible." *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982).

Moreover, the Government is under no obligation to offer all portions of a statement when it offers inculpatory admissions. *See United States v. Branch*, 91 F.3d 699, 728 (5th Cir. 1996) (finding that a "self-serving [exculpatory] statement that does not contradict, explain, or qualify the rest of the statement" did not need to be offered by Government under rule of completeness when Government offered inculpatory statements); *United States v. Smith*, 794 F.2d 1333, 1335-36 (8th Cir. 1986) (holding that district court did not err in precluding cross-examination on portions of post-arrest statement describing relationship to co-defendant and implicating co-defendant when Government offered admission that defendant had been present at the time of co-defendant's arrest).

Nevertheless, there are certain instances when a defendant may require the admission of certain portions of a post-arrest statement when the Government offers excerpts of a post-arrest statement. Rule 106 of the Federal Rules of Evidence provides that: "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time."

"Under this principle, an omitted portion of a statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion. . . . The completeness doctrine does not, however, require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." *United States v. Jackson*, 180 F.3d 55, 73 (2d Cir. 1999), on reh'g, 196 F.3d 383 (1999); *see United States v. Marin*, 669 F.2d at 84; *United States v. Benitez*, 920 F.2d 1080, 1086-87 (2d Cir. 1990) ("[The] 'rule of completeness' . . . is violated 'only where admission of the statement in redacted form distorts its meaning or excludes information substantially exculpatory of the declarant.'" (quoting *United States v. Alvarado*, 882 F.2d 645, 651 (2d Cir. 1989)). As such, "the rule of completeness is not a mechanism to bypass hearsay rules for any self-serving testimony." *United States v. Gonzalez*, 399 Fed. App'x 641, 645 (2d Cir. 2010).

The burden rests with the defendant to demonstrate that the portions of the statement he seeks to offer are necessary to clarify or explain the portions the Government intends to offer. *See United States v. Glover*, 101 F.3d 1183, 1190 (7th Cir. 1996) ("[T]he proponent of the additional evidence sought to be admitted must demonstrate its relevance to the issues in the case, and must show that it clarifies or explains the portion offered by the opponent."). "The trial court's application of the rule of completeness is reviewed only for abuse of discretion." *Jackson*, 180 F.3d at 73.

### C. Discussion

There is no legitimate basis on which Scott could offer those portions of his post-arrest statement not offered by the Government. These remaining portions—i.e., the non-highlighted portions of Exhibit A—are all hearsay, and consist largely of self-serving statements by Scott in which he attempted to explain the particulars of certain allegedly legitimate transactions that he engaged in through his investment funds, and the reasons why he purportedly believed that the operation of the funds was lawful. These portions constitute nothing more than self-serving statements of the defendant, and constitute inadmissible hearsay when offered by Scott.

Moreover, the remaining statements are not necessary to explain the context of the Statements or to prevent the Statements from being misleading. The Statements are primarily limited to a discussion of the identities of the investors in Scott's funds, the amount and source of monies deposited into the funds, and the relationship between the funds, on one hand, and OneCoin and its founder, Ruja Ignatova, on the other hand. These statements stand on their own. They do not require other portions of the statement for context or to prevent any misunderstanding. Accordingly, the remaining statements of Scott should be precluded as inadmissible hearsay.

### D. Conclusion

For the foregoing reasons, the Court should grant the Government's motion to preclude as inadmissible hearsay those portions of the defendant's recorded post-arrest statements not offered by the Government.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

by: ___/s/_____
Julieta V. Lozano/Christopher J. DiMase/
Nicholas S. Folly
Special Assistant United States Attorney/
Assistant United States Attorneys
(212) 637-2438 / 2433 / 1060

cc: Arlo Devlin-Brown, Esq. (by electronic mail)
    David Garvin, Esq. (by electronic mail)

# **EXHIBIT A**
# **(REDACTED)**