*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 27, 2019

**BY ECF & ELECTRONIC MAIL**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

>  Re:   *United States* v. *Mark S. Scott*, S10 17 Cr. 630 (ER)

Dear Judge Ramos:

   The Government writes briefly in response to the defendant's letter of October 23, 2019, regarding the scope of the bank fraud conspiracy charged in Count Two and the Court's jury instructions on that count.

   Count Two of the operative indictment charges that:

> From at least in or about September 2015 through in or about 2018, in the Southern District of New York and elsewhere, MARK S. SCOTT, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit bank fraud, in violation of Title 18, United States Code, Section 1344.
>
> It was a part and object of the conspiracy that MARK S. SCOTT, the defendant, and others known and unknown, willfully and knowingly, would and did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation ("FDIC"), and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, SCOTT and others misrepresented and omitted material facts to banks and other financial institutions worldwide to cause those financial institutions, including FDIC-insured financial institutions in the United States, to transfer funds into and out of accounts associated with purported investment funds operated by SCOTT and others, in violation of Title 18, United States Code, Section 1344.

First, it is critical to note that in order to prove a violation of bank fraud under 18 U.S.C. 1344(2), the Government *need not* prove that misrepresentations or omissions regarding material facts were made to an FDIC insured bank, or for that matter, any financial institution.  The Supreme Court has squarely held that Section 1344(2) does not require a showing that "a defendant intended to defraud a federally insured bank or other financial institution." *Loughrin v. United States*, 573 U.S. 351, 355, 356-57 (2014) ("nothing in the [Section 1344(2)] clause . . . demands that a defendant have a specific intent to deceive a bank").[1]  Rather, the Government may prove a violation of 1344(2) by establishing that the defendant "acquire[d] (or attempt[ed] to acquire) bank property 'by means of' [a] misrepresentation." *Id.* at 362-63.  In other words, the Government need only prove that "the defendant's false statement [was] the mechanism naturally inducing a bank (or custodian of bank property) to part with money in its control." *Id.* at 363.  Thus, a scheme to defraud FDIC-insured banks may be proven through evidence that the defendant and his co-conspirators obtained funds under the control of FDIC-insured banks by means of misrepresentations to others, such as lies to the defendant's fund administration firm, Apex.  Indeed, the charged scheme to defraud may involve misrepresentations and omissions of material facts to many such non-FDIC-insured entities.[2]

Second, the defendant misapprehends the law regarding "constructive amendment" of an indictment.  "Constructive amendment occurs when the terms of the indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment.  In such cases, the amendment results in the defendant being convicted on a charge the grand jury never made against him." *United States v. Wallace*, 59 F.3d 333, 337 (2d Cir. 1995) (internal quotations and citations omitted).  Under this standard, the Government's presentation of evidence regarding efforts to obtain funds from FDIC-insured banks other than those banks specifically identified in the Government's letter to the defendant of October 7, 2019 ("October 7 Letter"), would not in any way constitute a constructive amendment of the indictment—which alleges that "Scott and others misrepresented and omitted material facts to banks and other financial institutions worldwide to cause those financial institutions, including FDIC-insured financial institutions in the United States, to transfer funds into and out of accounts associated with purported investment funds operated by Scott and others."

Furthermore, the October 7 Letter made abundantly clear that "the Government has no obligation to prove any particular transaction or misrepresentation" in connection with the bank fraud conspiracy charge, and that the list of three transactions set forth in the October 7 Letter was not exhaustive.  (*See* October 7 Letter at 2 ("these transactions include, <u>but are not limited to</u>" (emphasis in original)).  The Government thereby reserved its right to prove the bank fraud conspiracy charge through evidence of other transactions and involving additional FDIC-insured banks.

---

[1] Moreover, the Supreme Court has also held that neither Section 1344(1) nor Section 1344(2) requires proof that, as part of a bank scheme, the defendant intended to cause financial loss to a bank or exposed a bank to a risk of such loss, let alone proof of actual loss.  *See Loughrin*, 573 U.S. at 366, n.9; *Shaw v. United States*, 137 S. Ct. 462, 466-67 (2016).

[2] The Government, of course, does not object to the defendant's proposal that the description of the bank fraud conspiracy charge given during the Court's voir dire clarify that the alleged scheme to defraud involves the obtaining of funds under the control of FDIC-insured financial institutions.

Third, the defendant's proposed revisions to the bank fraud conspiracy jury instructions—regarding the requirement of a duty to disclose in the context of the omission of material facts—is inconsistent with one of the very cases he cites, *United States v. Bryser*. As the *Bryser* Court concluded, "[d]eceptive nondisclosures" . . . are covered by [the federal criminal fraud statutes]." 838 F. Supp. 124, 125 (S.D.N.Y. 1993) (citing *United States v. Bohonus*, 628 F.2d 1167, 1171-72 (9th Cir. 1980); *United States v. Armantrout*, 411 F.2d 60 (2d Cir. 1969)); *see also United States v. Fed. Record Serv. Corp.*, No. 99 CIV. 3290 (BSJ), 1999 WL 335826, at *17 (S.D.N.Y. May 24, 1999) ("Fraudulent omissions may violate the mail fraud statute as much as do fraudulent misstatements."). "Under the mail fraud statute, it is just as unlawful to speak 'half truths' or to omit to state facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading." *United States v. Autuori*, 212 F.3d 105, 118 (2d Cir. 2000) (internal brackets omitted). Thus, "'the language of the bank fraud statute should be broadly construed so as to reach anyone engaged in a scheme or artifice to defraud, including a scheme to actively conceal material information through deceptive conduct, with the intent to mislead and suppress the truth, even in the absence of an independent legal duty to disclose such information.'" *United States v. Zarrab*, No. 15 CR 867 (RMB), 2016 WL 6820737, at *13 (S.D.N.Y. Oct. 17, 2016) (quoting *United States v. Colton*, 231 F.3d 890, 903 (4th Cir. 2000), and citing *United States v. Keplinger*, 776 F.2d 678, 697-98 (7th Cir. 1985)).

Indeed, the Second Circuit recently upheld jury instructions in which the trial court instructed the jury that the defendant's "omission of certain facts must have made his affirmative representations to investors under the circumstances misleading." *United States v. Petrossi*, No. 18-1685-CR, 2019 WL 4267874 (2d Cir. Sept. 10, 2019) (internal quotations omitted) (citing *Autuori*, 212 F.3d at 118). A copy of relevant portions of the *Petrossi* jury charge is attached as Exhibit A. The Government respectfully requests that the Court instruct the jury on the omission of material facts consistent with the *Petrossi* charge, which was upheld by the Second Circuit.

                                         Respectfully submitted,

                                         GEOFFREY S. BERMAN
                                         United States Attorney

by:   /s/
      Julieta V. Lozano/Christopher J. DiMase/
      Nicholas S. Folly
      Special Assistant United States Attorney/
      Assistant United States Attorneys
      (212) 637-2438 / 2433 / 1060

cc: Arlo Devlin-Brown, Esq. (by electronic mail)
    David Garvin, Esq. (by electronic mail)

# **EXHIBIT A**

JURY CHARGE

1  Now, in order for you to determine whether the
2  government has proven the charge of conspiracy in Count One, I
3  need to explain the substantive crime of securities fraud.
4  So the claim, ladies and gentlemen, is for
5  conspiracy, but a claim is that the conspirators were seeking
6  to commit the substantive crime of securities fraud. So for
7  you to determine whether a conspiracy has been proven, I now
8  need to tell you what a securities fraud is.
9  Remember, therefore, that as to this count, the
10 issue is not whether the defendant actually committed a
11 securities fraud, rather the issue is whether he entered into
12 a conspiracy to commit a securities fraud.
13 To prove the substantive crime of securities fraud,
14 the government has to establish each of the following elements
15 beyond a reasonable doubt:
16 First, that in connection with the purchase or sale
17 of a security, the defendant did any one or more of three
18 unlawful acts. I'm going to call these going forward "three
19 unlawful acts." They are as follows:
20 One, employed a device, scheme or artifice to
21 defraud, or;
22 ==Two, made an untrue statement of a material fact or==
23 ==omitted to state the material fact which made what was said==
24 ==under the circumstances misleading==, or;
25 Three, engaged in an act, practice, or course of

1 business that operated or would operate as a fraud or deceit
2 upon a purchaser or a seller.
3       Second, that the defendant acted willfully,
4 knowingly, and with the intent to defraud.
5       And third, that the defendant knowingly used or
6 caused to be used any means or instruments of transportation
7 or communication in interstate commerce, or the use of the
8 mails in furtherance of the fraudulent conduct.
9       Let me go over those one at a time.  As I just
10 explained to you, the first element that the government would
11 have to prove beyond a reasonable doubt to prove a securities
12 fraud is that in connection with the purchase of a sale of a
13 security, the defendant did any one or more of the three
14 unlawful acts.  The government doesn't need to prove all three
15 of the unlawful acts, any one will be sufficient to satisfy
16 this element if you find that the defendant committed it.  But
17 here, you have to be unanimous as to which unlawful act the
18 government has proven beyond a reasonable doubt.  You all have
19 to agree on the same unlawful act, and if you can't, then the
20 defendant is not guilty.
21       A device, scheme or artifice to defraud is merely a
22 plan for the accomplishment of any objective.  Fraud is a
23 general term which engraces all efforts and means that
24 individuals devise to take advantage of others.
25       The law which the defendant is alleged to have

1   violated prohibits all kinds of manipulative and deceptive
2   acts.  Among these acts is orchestrating or manipulating
3   trading in securities.  The essential element of manipulation
4   is the deception of investors, deceiving them into believing
5   that prices at which they purchased and sell securities are
6   determined by the natural interplay of supply and demand.
7   Consequently, any conduct that's designed to deceive or
8   defraud investors by controlling or artificially affecting the
9   price of securities is prohibited.  Market manipulation may be
10  accomplished through a variety of means or ways undertaken
11  either alone or in combination.
12         Now you need not find that the defendant actually
13  participated in any securities transaction if the defendant
14  was engaged in fraudulent conduct that was in connection with
15  a purchase or a sale.  The in connection with aspect of this
16  element is satisfied if you find that there was some nexus or
17  relation between the allegedly fraudulent conduct and the sale
18  or purchase of securities.  Fraudulent conduct may be in
19  connection with the purchase or sale of securities if you find
20  that the fraudulent conduct touched upon a securities
21  transaction.
22         It's not necessary for you to find that the
23  defendant was the actual seller or offerer of the securities,
24  however you must find that the defendant participated in the
25  scheme of fraudulent conduct that involved the purchase or

Case 1:16-cv-00237-BMC-GRB Document 290 Filed 10/27/19 Page 8 of 11 PageID #: 4090
Case 2:14-cr-00630-ER Document 636 Filed 10/27/14 Page 58 of 11
1131
JURY CHARGE

1 sale of stock.

2 With regard to the alleged misrepresentations and
3 omissions, you must determine whether the statement was true
4 or false when it was made. And in the case of alleged
5 omissions, whether the omission was misleading. If you find
6 that the government has established beyond a reasonable doubt
7 that a statement was false or omitted, you must next determine
8 whether the fact was stated was material under the
9 circumstances.

10 A material fact is one that would have been
11 significant to a reasonable investor's investment decision.
12 Now, in order for you to find that a misrepresentation was
13 material, the government must prove beyond a reasonable doubt
14 that there was a substantial likelihood that the misstated
15 fact would have been viewed by the reasonable investor as
16 having significantly altered the total mix of information
17 available. To significantly alter the total mix of
18 information available, means to meaningfully affect a
19 reasonable investor's consideration about whether they should
20 buy or sell and at what price. However, to be material, a
21 misstatement need not determine any particular outcome.

22 In determining whether any false or omitted
23 statement is material, you may consider any contract that a
24 witness has signed. Now this is not to say that the
25 government must prove that the misrepresentation would have

1  deceived a person of ordinary intelligence.  Once you find
2  that there was material misrepresentation or omission of
3  material facts, it does not matter whether the intended
4  victims were gullible buyers or sophisticated investors
5  because the securities laws protect the gullible and
6  unsophisticated as well as the experienced investor.  Nor does
7  it matter whether the alleged unlawful conduct was successful
8  or not, or that the defendant profited or received any
9  benefits as a result of the alleged scheme.  Success is not an
10  element of the crime charged.  However, if you find that the
11  defendant did profit from the alleged scheme, you may consider
12  that in relation to the third element of intent, which is what
13  I'm going to cover next.
14          Not next, the one after the second element.
15          The second element that the government has to prove
16  beyond a reasonable doubt is that the defendant participated
17  in the scheme to defraud knowingly, willfully, and with the
18  intent to defraud.
19          Now I've already explained to you what it means to
20  act knowingly.  Willfully means to act knowingly and
21  purposefully with an intent to do something that the law
22  forbids.  In determining whether the government acted
23  willfully, the government is not required to establish that
24  the defendant knew he was breaking any particular law or rule.
25          In the context of securities laws, with the intent

JURY CHARGE

1    Second, that the defendant knowingly and willfully
2    participated in the scheme or artifice to defraud with
3    knowledge of its fraudulent nature and with specific intent to
4    defraud.
5         And third, that an execution or in furtherance of
6    that scheme the defendant used or caused the use of interstate
7    or foreign wires.  Let me go over each one of those three
8    items.
9         The first element that the government has to prove
10   beyond a reasonable doubt is the existence of a scheme or
11   artifice to defraud or to obtain money or property by means of
12   false or fraudulent pretenses, representations or promises.
13        A scheme or artifice is a plan for the
14   accomplishment of an objective.  Fraud is a general term which
15   embraces all the various means that an individual can devise
16   and that are used by an individual to gain an advantage over
17   another by false representation, suggestions or deliberate
18   disregard for the truth.
19        A scheme to defraud is any pattern or course of
20   conduct designed to obtain money or property by means of
21   trick, deceit, deception or by false or fraudulent
22   representations or promises.
23        A representation or statement is fraudulent if it
24   was falsely made with the intent to deceive.  Half truths, the
25   concealment or omission of material facts or the expression of

1    an opinion not honestly entertained; that is, not honestly

2    believed by the person expressing the opinion, may also

3    constitute false or fraudulent statements under the statute.

4            The fraudulent representation must relate to a

5    material fact or matter.  I previously told you what a

6    material fact is with regard to Count One, that same standard

7    applies here.

8            Now, the deception doesn't have to be premised upon

9    spoken or written words alone.  The arrangement of the work or

10   the circumstances into which they are used may convey a false

11   and deceptive appearance.  If there is intentional deception,

12   the manner in which it's accomplished doesn't really matter.

13   In addition to proving that a statement was false or

14   fraudulent, and related to a material fact, in order to

15   establish a scheme to defraud, the government must prove that

16   the alleged scheme contemplated depriving another of money or

17   property.

18            It's not necessary that the defendant actually

19   realized any gain from a scheme, or that the intended victim

20   actually suffered any loss.  Only a scheme to defraud and not

21   actual fraud must be proved to sustain a conviction.

22            It's also not necessary for the government to prove

23   each and every misrepresentation or false promise that the

24   government alleges in the indictment, it's sufficient that the

25   proves beyond a reasonable doubt that one or more of the