**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Arlo Devlin-Brown

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1046
adevlin-brown@cov.com

October 31, 2019

By ECF
Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: *United States v. Mark S. Scott*, S10 17 Cr. 630 (ER)
     Letter Motion Seeking Reconsideration Of Excerpt From Post-Arrest Statement

Dear Judge Ramos:

  We write on behalf of Mark Scott, the defendant, to respectfully request that the Court reconsider its ruling from October 28, 2019, at least with respect to a single extremely problematic portion of the Government's use of Mr. Scott's post-arrest statement. The exchange is listed below, with the language the Government sought and obtained Court approval to remove in red and struck out. A copy of both versions is included on the CD filed directly with the Court as Exhibit A, with Exhibit A-1 the full statement and A-2 the redacted version.

| 8:18:14 | Agent Eckel | Ok. So you never heard of OneCoin besides reading about it in the press? |
|---|---|---|
| 8:18:21 | Scott | No I heard about OneCoin. ~~That's why, when I, at the beginning I like I said when I knew the relationship between her and OneCoin is when I basically asked for that opinion of which country or if at all any country OneCoin was illegal or, or, you know banned or whatever so then we wouldn't do business with them.~~ You know there was rumors were going around, pyramid scheme and all that and we didn't want to be involved with that. |

  The central issue at trial will be whether or not Mr. Scott knew OneCoin was operating a criminal scheme. Agent Eckel asks Mr. Scott whether his knowledge of OneCoin is limited to the press. Mr. Scott replies in what is in actuality a single run-on sentence, though it is broken with periods in the Government's draft transcript. Mr. Scott's answer is quite clear, particularly on the audio as the words run together: he'd heard negative things about OneCoin and sought an opinion about OneCoin because he didn't want to do business with any company operating a pyramid scheme. The Government of course is free to argue Mr. Scott's short answer to this

COVINGTON

question means something else.  That is what argument about the meaning of words is for.  But Mr. Scott is deprived of any such argument if the videotape is altered to remove the portion of the sentence that supports Mr. Scott's intuitive reading.

If the Government has its way, Mr. Scott will appear to be answering a videotaped question with something he did not say, and with a vastly different meaning.  "No I heard about OneCoin.  You know there were rumors going around, pyramid scheme, all that and we didn't want to be involved with that."  The altered version leaves the immutable impression that the "that" that Mr. Scott "didn't want to be involved with" was OneCoin.  In the complete statement, the "that" refers to the "rumors going around" that Mr. Scott explains he had *investigated* in the portion of the statement that the Government removes.  The altered statement strongly suggests Mr. Scott credited the rumors; the complete statement conveys he was prompted to investigate.

To permit the Government's misleadingly edited version of Mr. Scott's answer to stand would do great damage.  The defense expects that the Government *will prove* that money originating with OneCoin was invested in the Fenero Funds.  Things will likely come down to whether Mr. Scott knew OneCoin was operating a fraud. If the jury hears Mr. Scott purporting to say something h*e did not* – that his state of mind was that OneCoin was a likely pyramid scheme – there is little that could cure it.

The Court has permitted the Government to remove from the post-arrest transcript each statement reflecting that Mr. Scott got comfortable with OneCoin after looking into it.[1]  The defense continues to oppose the removal of these statements.[2]  The Government should not on top of this be permitted to put negative words into Mr. Scott's mouth through a misleading edit of a single answer. The rule of completeness is violated "where admission of the statement in redacted form distorts its meaning."  *United States v. Thiam*, 934 F.3d 89, 96 (2d Cir. 2019).  A violation of that principle here on a core issue at the heart of the defense would cause real damage.

Respectfully Submitted,

/s Arlo Devlin-Brown
Arlo Devlin-Brown

---

[1] These include 7:39:33-7:40:59 (Mr. Scott explaining that he relied on "a cryptocurrency specialist" at Locke Lorde and checked whether OneCoin was "banned" or had "any problems"); 7:57:18-7:58:42 (identifying the cryptocurrency expert at Locke Lord who Mr. Scott "relied on when I left the firm" about  OneCoin) and 8:22:24-8:23:12 (explaining that he had "purposefully checked that that there was nothing illegal going on with OneCoin.").

[2] The rule of completeness is violated where it "excludes information substantially exculpatory of the declarant." *United States v. Odiase*, No. 18-2235-CR, 2019 WL 4745383, at *2 (2d Cir. Sept. 30, 2019); *United States v. Thiam*, 934 F.3d 89, 96 (2d Cir. 2019).