Case 1:17-cr-00630-ER   Document 175   Filed 11/11/19   Page 1 of 7



*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 11, 2019

**BY ECF & ELECTRONIC MAIL**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States* v. *Mark S. Scott*, S10 17 Cr. 630 (ER)

Dear Judge Ramos:

The Government respectfully requests that the Court preclude certain testimony from the defendant's proposed cryptocurrency expert. Specifically, that expert should not be permitted to testify about "the challenges in the relevant time period in identifying which cryptocurrencies are legitimate and which are not," as such testimony sheds no light on the defendant's subjective knowledge of OneCoin's criminal scheme, and risks confusing the jury and usurping its fact-finding role.

*Brief Background*

In an October 14, 2019 letter, the defendant provided notice to the Government that it intended to call a cryptocurrency expert to, among other things, "[e]xplain the challenges in the relevant time period in identifying which cryptocurrencies are legitimate and which are not." (*See* Exhibit A, attached.)[1] On October 17, 2019, in response to the Government's request for the names and *curriculum vitae* of the defendant's expert witnesses, the defendant identified Jason Gottlieb as one of his cryptocurrency experts and provided Mr. Gottlieb's *curriculum vitae* to the Government.

On October 18, 2019, the Government moved *in limine* to preclude the defendant's cryptocurrency expert testimony on the grounds that it is irrelevant, improper, and invades the province of the jury. On October 28, 2019, the Court denied the Government's motion *in limine* and granted the defendant's request to offer the testimony of a cryptocurrency expert, noting that the jury would benefit from an explanation of what cryptocurrency is. The defendant informed the

---

[1] In its October 14, 2019 notice, the defendant indicated that the cryptocurrency expert's testimony would also cover, among other things, the following two areas: (1) an explanation of what a cryptocurrency is and the function it can serve; and (2) a description of the proliferation of cryptocurrencies during the relevant time period (2015-2017).

Letter to the Honorable Edgardo Ramos
November 11, 2019

Government earlier today that, if the defense elected to present testimony from a cryptocurrency expert, the expert witness would be Jason Gottlieb.

Because the expert's proffered testimony regarding "the challenges in the relevant time period in identifying which cryptocurrencies are legitimate and which are not" is irrelevant to the issue of the defendant's knowledge that OneCoin was a fraud, and risks confusing the jury and invading its fact-finding province, the Court should preclude any testimony of that nature.

*Applicable Law*

An expert is permitted to offer testimony of a scientific, technical, or otherwise specialized nature if the expert is qualified, if the testimony is based on sufficient facts or data, if the testimony is the product of reliable principles, and if the principles and methods utilized by the expert are applied reliably in the case at bar. Fed. R. Evid. 702. Even if expert testimony would otherwise be admissible, it may be excluded under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Fed. R. Evid. 403; *United States v. Rahman*, 189 F3d 88, 134 (2d Cir. 1999). The admission or exclusion of expert testimony is committed to the broad discretion of the trial court to determine relevancy, and whether the probative value of the evidence may be outweighed by other considerations. *United States v. Bilzerian,* 926 F.2d 1285, 1294-95 (2d Cir. 1991).

Fed. R. Evid. 702 permits expert testimony where it will "help the trier of fact to understand the evidence or to determine a fact in issue." *See Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 591 (1993). In contrast, expert testimony is inadmissible where, standing alone and untethered to the facts of the case, "there is no basis on which the jury could properly infer anything about Defendant's state of mind from the opinion of [a] third party expert witness who likely has never communicated with the Defendant." *United States v. Banki*, No. S1 10 CR. 08 (JFK), 2010 WL 1875690, at *2 (S.D.N.Y. May 10, 2010); *see also United States v. Kaplan*, 490 F.3d 110, 120 (2d Cir. 2007) (testimony offered as evidence of the defendant's state of mind must be relevant to some issue at trial in order for the jury to infer anything from that testimony).

Expert testimony is improper where a witness is not in any better position than the jury to determine the facts, and his or her opinion usurps the jury's fact-finding function. *See Cameron v. City of New York*, 598 F.3d 50, 62 n.5 (2d Cir. 2010) (opinion testimony is improper where it "undertakes to tell the jury what result to reach, and thus attempts to substitute the [witness's] judgment for the jury's" (internal quotation marks omitted)); *see also Hogan v. Am. Tel. & Tel. Co.*, 812 F.2d 409, 411 (2d Cir. 1987) (Rule 701 "[o]pinion testimony is not helpful to the fact finder if it is couched as a legal conclusion"). Expert testimony consisting of legal conclusions or arguments is not permitted. *See United States v. Fletcher,* 928 F.2d 495, 503 (2d Cir. 1991); *Bilzerian*, 926 F.2d at 1295 (expert testimony about general understanding in the securities industry of a certain phrase disallowed as it "would have constituted an impermissible instruction on governing law").

Letter to the Honorable Edgardo Ramos
November 11, 2019

Discussion

     The defendant's proposed cryptocurrency expert testimony is irrelevant, unhelpful, possibly misleading, and risks invading the fact-finding province of the jury by offering an improper opinion about the defendant's state of mind. The defendant proffers that the cryptocurrency expert will "explain the challenges in the relevant time period in identifying which cryptocurrencies are legitimate and which are not." However, absent a factual predicate establishing that the challenges described by the expert actually influenced the defendant's assessment and knowledge of OneCoin, the testimony is irrelevant, and improper at this trial. *United States v. Banki*, 2010 WL 1875690 at *2 (S.D.N.Y., May 10, 2010) ("[t]hus if, but only if, there is prior evidence in the record to establish a factual link between Defendant's state of mind and [the subject matter of the expert's testimony], then [the expert] may testify."). Because there is no factual link here between the expert's proffered testimony and the defendant's knowledge about OneCoin, the jury is unable to infer anything from that testimony. Instead, the jury will be left to speculate about the defendant's state of mind, and to substitute its own fact-finding on that issue with the opinion of the defense cryptocurrency expert. Unless there is some evidence that the challenges in identifying legitimate cryptocurrencies during this period impacted the defendant's state of mind, the defense expert's testimony is irrelevant. *See United States v. Garrity,* No. 3:15-CV-243(MPS), 2018 WL 2465354, at *2-3 (D. Conn. June 1, 2018).

     Additionally, the defense cryptocurrency expert should be precluded from testifying about challenges in identifying legitimate cryptocurrencies during the relevant time period, as that testimony comes dangerously close to constituting impermissible legal conclusions or arguments about the actual legitimacy—or legality—of cryptocurrencies. *See Fletcher,* 928 F.2d at 503. This is especially true for proposed expert Jason Gottlieb, who is a practicing attorney and partner at a leading international law firm. According to Mr. Gottlieb's *curriculum vitae*, he has written extensively on regulatory enforcement of cryptocurrencies and specific SEC actions in the cryptocurrency context. As a result, there is a significant risk that the jury will interpret Mr. Gottlieb's testimony as a legal opinion, which would be improper and confusing. *See Hogan,* 812 F.2d at 411 (Rule 701 "[o]pinion testimony is not helpful to the fact finder if it is couched as a legal conclusion.").

     Lastly, the defendant's proffered expert testimony about the challenge in identifying legitimate cryptocurrencies risks confusion of the issues, and misleading the jury. *See Daubert*, 509 U.S. at 595. And while the Court permitted the defendant's cryptocurrency expert to testify on the basis that jurors would benefit from an explanation of what cryptocurrency is, this testimony falls far afield from that limited scope.[2] Instead, the proffered expert testimony regarding the difficulties in identifying legitimate from illegitimate cryptocurrencies is far too broad and not focused on the only issue of relevance in this case, *i.e.*, whether the defendant knew that OneCoin was a fraud scheme. Allowing the jury to consider the challenges of identifying legitimate cryptocurrencies will distract them from focusing on relevant evidence surrounding the actual misrepresentations made by OneCoin in order to induce victims to invest, and the many other ways that OneCoin may represent a fraud

---

[2] Indeed, as set forth in Exhibit A, the defendant's cryptocurrency expert intends to "[e]xplain what a cryptocurrency is and the function it can serve," separate and apart from the proffered testimony about the challenges in identifying which cryptocurrencies are legitimate and which are not.

Letter to the Honorable Edgardo Ramos
November 11, 2019

scheme aside from knowledge that the cryptocurrency itself was fraudulent. Accordingly, the proffered expert testimony on this point should also be precluded under Rule 403.

      For the foregoing reasons, the Government respectfully requests that the Court preclude the defendant's cryptocurrency expert from testifying on the subject of "the challenges in the relevant time period in identifying which cryptocurrencies are legitimate and which are not."

                                     Respectfully submitted,

                                      GEOFFREY S. BERMAN
                                      United States Attorney

                  by:    */s/ Julieta V. Lozano*
                                      Julieta V. Lozano/Christopher J. DiMase/
                                      Nicholas S. Folly
                                      Special Assistant United States Attorney/
                                      Assistant United States Attorneys
                                      (212) 637-2438/ 2433 / 1060

cc: Arlo Devlin-Brown, Esq. (by electronic mail)
     David Garvin, Esq. (by electronic mail)

# EXHIBIT A

**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Arlo Devlin-Brown

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1046
adevlin-brown@cov.com

October 14, 2019

By Electronic Mail
Christopher DiMase, AUSA
Nicholas Folly, AUSA
Julieta Lozano, SAUSA
U.S. Attorney's Office for the
Southern District of New York

Re:   *United States v. Mark S. Scott*,
      S10 17 Cr. 630(ER)

Dear Counsel:

We are writing to provide expert disclosure as agreed, and in response to your own expert designations.

**Cryptocurrency Expert**

The defense may call an expert witness on cryptocurrency.  The expert would provide crucial background information regarding cryptocurrency so the jury can understand the non-intuitive concept.  We expect such testimony would cover among other things the following:

1. Explain what a cryptocurrency is and the function it can serve.
2. Describe the proliferation of cryptocurrencies during the relevant time period (2015-2017).
3. Explain the challenges in the relevant time period in identifying which cryptocurrencies are legitimate and which are not.

The expert will not testify about OneCoin specifically or the legitimacy of that or any other cryptocurrency.   We are presently interviewing candidates for such expert testimony and will identify any expert selected promptly.

**Legal Ethics Expert**

The defense intends to call a legal ethics expert to testify to the duties owed by an attorney to his clients in response to inquiries made to him by third parties, including financial institutions seeking information about such clients.  The expert would testify to the scope of duties owed by the attorney to clients even when the attorney acts for the client in a business or

COVINGTON

non-legal role.  We are interviewing candidates for such testimony and will identify any expert selected promptly.

**Private Equity Expert**

The defense has reviewed the Government's brief disclosure dated September 30, 2019 setting forth its intention of soliciting expert testimony from its fact witness, Paul Spendiff, former Managing Director of Apex Fund Services (UK) Ltd. ("Apex").  The letter states that "in addition to testifying about the specifics relating to Apex's administration of the defendant's purported private equity funds, including diligence inquiries" – factual testimony to which the defense does not object – that Mr. Spendiff  "will testify as to the characteristics, attributes, and customary functioning of private equity funds" as well as "anti-money laundering and know-your-customer requirements."  The defense objects to such general pontification from Mr. Spendiff to the extent it goes beyond what is necessary for Mr. Spendiff to reasonably explain the contemporaneous decisions he made in connection with administering the Fenero Funds, including on the grounds that Mr. Spendiff lacks sufficient expertise.  To the extent Mr. Spendiff is permitted to testify in such fashion, the defense may seek to call a responsive expert.

**Money Laundering Expert**

On Friday, October 11, 2019, you identified a money laundering expert you propose to call.  We are reviewing the information concerning this potential expert and evaluating whether we will object to such testimony. In the event such testimony is permitted, Mr. Scott may call a responsive expert.

                              Sincerely,

                              /s Arlo Devlin-Brown
                              Arlo Devlin-Brown