**David M. Garvin, P.A.**
**200 South Biscayne Blvd.**
**Suite 3150**
**Miami, Florida 33131**

November 20, 2019

**BY ECF**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re: **United States v. Mark S. Scott**
          **S10 17 Cr. 630 (ER)**

Dear Judge Ramos:

      Please accept this letter as the request of the defense for a supplemental jury instruction before the jury begins its deliberations. Upon reviewing the jury instructions relating to wire fraud as the specified unlawful activity to the charge of money laundering, it occurred to the defense that the instructions may inadvertently leave the jury with the impression that the crime of wire fraud may be applied solely on extraterritorial acts.

      The crime of wire fraud set forth in 18 U.S.C. Section 1343 applies to conduct that takes place within the United States. A fraud that occurs outside of the United States does not fall within the definition of wire fraud. We believe that the attached proposed instruction would effectively address this potential problem.

                                                                Respectfully submitted,

                                                                *s/s David M. Garvin*
                                                                David M. Garvin

cc: Counsel of record through ECF

Requested Supplemental Jury Instruction

Jurisdiction

As I previously stated, with regard to Count 1, the alleged specified unlawful activity is wire fraud. The wire fraud statute does not apply to a scheme that is carried out outside of the United States.[1] Therefore, in order for proceeds to be the proceeds of a specified unlawful activity, the funds have to be proceeds of a fraudulent scheme that occurred in the United States. A fraud scheme occurs within the United States only "when (1) a defendant or coconspirator commits a substantial amount of conduct in the United States, (2) the conduct is integral to the commission of the scheme to defraud; and (3) at least some of the conduct involves the use of U.S. wires in furtherance of the scheme to defraud."[2]

---

[1] *United States v. Yuri Sidorenko*, 102 F. Supp. 3d 1124, 1125 (N.D. Cal. 2015)(dismissing wire fraud and federal program fraud indictment because the conduct occurred outside the United States and because finding jurisdiction based on limited United States involvement would violate the due process clause). "The wire fraud statute does mention 'foreign commerce.'" 18 U.S.C. § 1343. But this mere mention does not overcome the presumption against extraterritoriality." *Sidorenko*, 102 F. Supp. 3d 1124, 1129 (N.D. Cal. 2015). See also *European Community v. RJR Nabisco*, Inc., 764 F.3d 129, 140-41 (2d Cir. 2014) rev'd on other grounds, 136 S.Ct. 2090 (2016)(the wire fraud statute lacks extraterritorial effect, but finding domestic cause of action alleged). *United States v. Prevention Holdings, Ltd*, 122 F. Supp. 3d 57, 71 (S.D.N.Y. 2015)(" For purposes of wire fraud as the relevant SUA, the Government has only pleaded one domestic contact by the perpetrators of the larger fraud, and it was not sufficiently central to the overall fraud scheme to convert this foreign scheme into a domestic one").

[2] *United States v. Gasperini*, No. 16-CR-441 (NGG), 2017 U.S. Dist. LEXIS 84116, at *17 (E.D.N.Y. May 31, 2017)(" a complaint alleges a domestic application of wire fraud when (1) a defendant or coconspirator commits a substantial amount of conduct in the United States, (2) the conduct is integral to the commission of the scheme to defraud; and (3) at least some of the conduct involves the use of U.S. wires in furtherance of the scheme to defraud").