**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

# MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: March 25, 2020

Arlo Devlin-Brown

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1046
adevlin-brown@cov.com

March 24, 2020

By ECF and E-Mail
Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> The government is directed to respond by 12:00 PM Friday, March 27, 2020. A telephonic bail hearing will be held on Monday, March 30, 2020 at 11 A.M. The parties shall call the Court using the following conference call information: **(877) 411-9748; Access Code: 3029857.**
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: **March 25, 2020**
> New York, New York

Re:   *United States v. Mark S. Scott*, S10 17 Cr. 630(ER)
      Motion for Reconsideration of Remand Order

Dear Judge Ramos:

We write on behalf of our client, Mark Scott, to request that the Court reconsider its order of March 12, 2020 to remand Mr. Scott pending his May 26, 2020 sentencing. The order followed a misleading and one-sided *ex parte* submission made by the Government to the Court and provided to the defense only as the March 12th hearing started, leaving counsel for Mr. Scott inadequate opportunity to respond. Among other crucial details omitted from the Government's submission: the 2016 Porsche Mr. Scott sold and the Cape Cod property that his contractor filed a lien on were *not* subject to the Post-Indictment Restraining Order issued by the Court that limited Mr. Scott's access to certain assets. The Government failed to even mention the Restraining Order in its *ex parte* filing, much less inform the Court that the car and Cape Cod property at issue were not among the assets ordered restrained.

In fact, there was no compelling reason to remand Mr. Scott prior to sentencing. He has shown no inclination towards flight, and none of the issues identified by the Government in its *ex parte* submission suggest any such risk. Nor does the Court-ordered return of the $750,000 Ms. Halle provided towards his bond change that analysis. Ms. Halle was *not* one of the signers of Mr. Scott's bond – she simply provided funds for security – and Mr. Scott could post substitute security if necessary to address this issue, as detailed herein. The two required financially responsible persons approved by the Government who signed the bond continue to provide the Court with ample security.

Most crucially, incarcerating Mr. Scott in a pretrial detention facility with a highly dense and transient inmate population – and subsequently transferring him to such a facility in New York for sentencing – dramatically increases his risk of exposure to a deadly virus to which he is already more susceptible based on his age and medical conditions. Mr. Scott suffers from sleep apnea, a heart condition that Bureau of Prison medical personnel have themselves confirmed, and other serious and as-yet unidentified medical ailments for which he had been undergoing testing at the time of the Court's unexpected remand order. Releasing Mr. Scott pending