**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Arlo Devlin-Brown

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1046
adevlin-brown@cov.com

December 7, 2020

By ECF and E-Mail
Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. Mark S. Scott*, S10 17 Cr. 630(ER)

Dear Judge Ramos:

    Enclosed with this letter (and separately filed on ECF) are two opposition briefs in response to the Government's application for a $393 million preliminary order of forfeiture (the "Proposed Order of Forfeiture") and an unprecedented post-conviction restraining order (the "Proposed Total Restraining Order") seeking to bar Mr. Scott from using *any* assets – *even those untainted by the offense* – for *any* purpose, including food, vital medical treatments, or his legal defense. Because the Government's requests raise different issues, Mr. Scott responds to each separately.

    The Government's application for a forfeiture order raises issues that go to the heart of Mr. Scott's post-trial motions, and should be considered in that context. Specifically, as argued at Dkt. 218 at 28–29 and Dkt. 275 at 10–13, the wire fraud offense that serves as the sole specified unlawful activity for the money laundering count does not apply extraterritorially and requires that the charged scheme have a sufficient nexus to the United States. *See, e.g., European Community v. RJR Nabisco, Inc.*, 764 F.3d 129, 140–41 (2d Cir. 2014), *rev'd and remanded on other grounds*, 136 S. Ct. 2090 (2016); *Petroleos Mexicanos v. SK Eng'g & Constr. Co.*, 572 F. App'x 60, 61 (2d Cir. 2014). Mr. Scott's forfeiture opposition and accompanying declaration by former IRS Criminal Investigation Special Agent and forensic expert David Gannaway further demonstrate this lack of nexus. As detailed in the Gannaway Declaration, the evidence presented at trial reflected only approximately $49,000 in payments from U.S. residents among the billions the Government claims was raised by OneCoin globally. And even this $49,000 cannot be traced into the Fenero Funds. The Government's failure to prove anything beyond this *de minimis* fundraising from U.S. residents requires a judgment of acquittal on the money laundering count.

    Should the Court ultimately find it necessary to reach forfeiture itself – which Mr. Scott submits it should not – the Proposed Order of Forfeiture should be rejected. Through it, the Government improperly seeks to convert what is at most approximately $49,000 of proceeds

1

**COVINGTON**

representing the charged specified unlawful activity of domestic wire fraud into a $393 million dollar judgment. The reality is that the Government never identified the source of deposits of the vast majority of the approximately $393 million invested in the Fenero Funds. The Government's tracing analysis, or lack thereof, fails to show that most of this sum was from OneCoin purchasers *at all,* much less that it was from victims of the charged U.S. wire fraud scheme underlying the money laundering count.

      The restraining order briefing raises separate issues, and is addressed in a separate opposition. The Government's Proposed Total Restraining Order would immediately enjoin Mr. Scott from accessing any funds whatsoever, even those concededly untainted, for any purpose. This request is unsupported by any law or precedent and would leave Mr. Scott unable to pay for urgently needed medical procedures. The defense offers instead a Modified Proposed Restraining Order that would ensure Mr. Scott is barred from accessing any and all assets the Government alleges are linked to the offense until this case is fully adjudicated. The Modified Proposed Restraining Order would also address the Government's continued refusal to permit Mr. Scott to use funds at UBS from accounts *the Government has never seized, restrained, or alleged in its briefing are tainted* to provide for his legal defense in this case. The Government's continued refusal to address this issue has and continues to jeopardize Mr. Scott's Sixth Amendment rights.

Respectfully Submitted,

/s Arlo Devlin-Brown
Arlo Devlin-Brown


David M. Garvin
200 South Biscayne Boulevard
Suite 3150
Miami, FL 33131
(305) 371-8101