UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

MARK S. SCOTT,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED:  7/28/2021

CONSENT ORDER OF
INTERLOCUTORY SALE
OF REAL PROPERTY

S10 17 Cr. 630 (ER)

WHEREAS on or about October 8, 2019, the defendant Mark S. Scott (the "Defendant") was charged in a two-count Superseding Indictment (the "Indictment"), with knowingly and willfully committing money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count One), and conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349 (Count Two) (Dkt. 143);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the Government, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count One of the Indictment, or any and all property traceable to the such property, including but not limited to a sum of money in Untied States currency representing the amount of property involved in the offense charged in Count One of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the Government, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property constituting, or derived from, proceeds the Defendant obtained directly or indirectly, as a result of the commission of the offense charged in Count Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense;

WHEREAS, on or about November 21, 2019, the Defendant was found guilty, following a jury trial, of Counts One and Two of the Indictment;

WHEREAS, on or about February 22, 2019, the Government filed a Forfeiture Bill of Particulars, giving notice that the property subject to forfeiture as a result of the offense charged in Count One of the Indictment, and as alleged in the forfeiture allegation therein includes, *inter alia*, the following property:

    i.    All right, title and interest in the real properties located at 105 Sunset Lane, Barnstable, Massachusetts, 02630 owned by MSSi 105 Sunset Ln Property Group LLC, with all improvements, appurtenances, attachments thereon,

(the "Subject Property" (Dkt. 46);

WHEREAS, the Subject Property is titled in the name of MSSi 105 Sunset Ln Property Group LLC ("MSSi");

WHEREAS, under the terms of the Operating Agreement of MSSi, the Defendant has a 56.71% ownership interest in MSSi and Marietta Halle ("Halle") has a 43.29% ownership interest in MSSi; and

WHEREAS, the Government, the Defendant, Halle, and MSSi have agreed to the interlocutory sale of the Subject Property by MSSi before the conclusion of the forfeiture proceedings in order to preserve the value of the Subject Property pending a final order of forfeiture, with 56.71% of the net proceeds of the sale to be held as the substitute *res* pending further order of this Court, and the remaining 43.29% to be provided to Halle;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, United States Attorney, Assistance United States Attorney, Nicholas Folly, of counsel, and the Defendant, by and through his counsel, Arlo Devlin-

Brown, Esq., and Halle, by and through her counsel, Neil G. Taylor, Esq. and John M. Quaranta, Esq., that:

    1.    The Defendant, with prior written consent of Halle, is authorized to sell the Subject Property in a commercially feasible manner and the United States Marshals Service ("USMS") may, in its sole discretion, reject any offer to purchase the Subject Property for insufficient value or where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

    2.    Upon the sale of the Subject Property, 56.71% of the net proceeds of the sale shall be deposited in an attorney trust account or the Seized Asset Depository Fund pending the resolution of this matter. Hall shall make no claim as to this portion of the net proceeds (i.e., the 56.71%). The remaining 43.29% of the net proceeds shall be provided to Halle within fifteen (15) days of the closing on the sale.

    3.    The net proceeds for the sale of the Subject Property will include all moneys realized from the sale of the Subject Property, except for the following:

    a. Any outstanding mortgages;
    b. Real estate commissions, fees;
    c. Any other real estate, property, transfer, association or other tax, which is due and owing at the time of the sale;
    d. Insurance costs;
    e. Escrow fees;
    f. Condominium arrears
    g. Title fees;
    h. Up to $10,000 in pre-closing repair costs; and
    i. County transfer fees

    4.    The Defendant shall, upon filing of this Interlocutory Order, take all usual and customary steps to sell the Subject Property in accordance with all laws and procedural rules applicable to such sale, with a purpose to effect actual sale within sixty (60) days from the date

thereof. The Defendant agrees that Halle shall have the right to communicate with any real estate broker or agent retained regarding all: i) showings of the Subject Property; ii) verbal offers for the purchase of the Subject Property; and iii) written contracts to purchase the Subject Property.

5. The Defendant's share of the cumulative net proceeds realized from the sale of the Subject Property(i.e., 56.71%) and any and all income or interest accrued thereon, shall be the substitute *res* for the Subject Property (the "Substitute Res") and will serve as a substitute res for the Subject Property in the above-captioned case, with all claims and defenses applicable to the Subject Property, including any other action that may be brought by the United States Attorneys Office ("USAO") for forfeiture of the Subject Property, to apply instead to the Substitute Res.

6. The net proceeds shall be sent to an attorney escrow account on behalf of Covington & Burling LLP, or issued in a check made payable to United States Marshals Service and referencing "S10 17 Cr. 630 (ER), 105 Sunset Lane, Barnstable, Massachusetts, 02630" in the memorandum section of the check and deposited and be held by the United States Marshals Service (or its designee) in the Seized Asset Depository Fund pending entry of a final order of forfeiture in this case.

7. In furtherance of the interlocutory sale the parties agree to execute promptly any documents which may be required to complete the interlocutory sale of the Subject Property.

8. This Interlocutory Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Interlocutory Order. Signature pages may be by fax or transmitted electronically, and such signatures shall be deemed to be valid originals.

9. This Interlocutory Order constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.

10. The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Interlocutory Order.

11. Each party agrees to bear its costs and attorneys' fees.


[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

12. The Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Interlocutory Order.

STIPULATED TO:

AUDREY STRAUSS
United States Attorney
Southern District of New York
United States of America

By: *[signature]*
NICHOLAS FOLLY
Assistant United States Attorney
One Saint Andrews Plaza
New York, New York 10007
(212) 637-1060

7/26/2021
Date

DEFENDANT/MSSi

By: *[signature]*
MARK S. SCOTT

By: *[signature]*
ARLO DEVLIN-BROWN, ESQ.

7/21/2021
Date

7/21/2021
Date

MARIETTA HALDE/MSSi

By: *[signature]*
MARIETTA HALLE

By: *[signature]*
NEIL G. TAYLOR, ESQ.

7/26/2021
Date

7/26/21
Date

SO ORDERED:

*[signature]*
HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

7/28/2021
Date