**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1000

**Request to Be Sealed**[1]

August 26, 2021

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *United States v. Mark S. Scott*, S10 17 Cr. 630(ER)

Dear Judge Ramos:

   Yesterday afternoon, the Government argued to the Court that the "allegations" made in Mr. Scott's Supplemental Rule 33 Motion ("Supplemental Motion") provided little basis to postpone sentencing (though the Government indicated it would "consent" to a "final extension" of four weeks). (*See* Dkt. 391). Before the Court rules, it should be aware of key facts about Mr. Scott's motion that the Government *did not* convey in its letter to the Court.

   As the Government is aware, the serious "allegations" contained in Mr. Scott's Supplemental Motion *are not allegations but indisputable facts*. The Government disclosed to defense counsel yesterday that its sole cooperating witness, Konstantin Ignatov ("Konstantin"), *had indeed perjured* himself when he falsely testified about what he did with a OneCoin laptop after it was returned by the Government. (*See* Ex. A, notes from a 8/25/21 interview with Konstantin ("KI didn't think USG would believe what happened to laptop, which is why he *lied*….KI doesn't have an exact memory of *why he lied* about laptop….KI didn't correct it bc he didn't want USG to think *he was a liar*.") (emphasis added)).

   Even more troublingly, the Government disclosed that nearly two months ago, on June 29, 2021, ███████████ *had previously reported Konstantin's perjury to a member of the prosecution team* (an investigator with the Manhattan DA, which jointly investigated and prosecuted this matter through an SAUSA arrangement). Shockingly, the Government failed to

---

[1] We submit this letter ███████████████████████████████████████████
Defense counsel ████████████████████████████████████████ takes no position on whether filings on this subject should be fully sealed, unsealed, or redacted to address these issues.

COVINGTON

inform the defense or take any other action, with the investigator explaining he was simply "doing other things." (*See* Ex. B., a 6/29/21 e-mail from ▮▮▮▮ to the investigator reporting the perjury, and Ex. C, notes from an 8/25/21 interview of the investigator).

Indeed, the Government appears to be more concerned about controlling the damage than it is with getting to the bottom of this. As detailed in the Supplemental Motion, Konstantin told an even more significant lie at trial: that Irina Dilkinska, the person "in charge of" money laundering at OneCoin (*see* Tr. at 131), was present at a meeting with Mark Scott in Sofia, Bulgaria. The Government's own e-mails strongly suggested that this was a lie, and the Government successfully sought to block the jury from ever seeing those emails. And yet even now, after knowing that its sole cooperating witness is a perjurer, the Government studiously avoided even asking Konstanin about this even more significant lie.

Mr. Scott will await the Government's response to the Supplemental Motion before responding further, but the Government's dismissive statement to the Court that "[a]ll that remains is for the parties to file their sentencing submissions and proceed with sentencing" ignores the gravity of the situation: the Government's sole cooperating witness indisputably perjured himself, and the Government failed to disclose this to the defense until after the Supplemental Motion was filed. The Court should be aware of those facts in evaluating the Government's claim that a "final" delay of only four weeks is all that is required.

Respectfully submitted,

/s/ Arlo Devlin-Brown
Arlo Devlin-Brown