# EXHIBIT F

**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Arlo Devlin-Brown

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1046
adevlin-brown@cov.com

February 23, 2022

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     *United States v. Mark S. Scott*, S10 17 Cr. 630(ER)

Dear Mr. Folly, Mr. McGinnis, and Ms. Murray:

We write regarding certain factual assertions made by the Government to the Court in its Sur Reply to Mr. Scott's Supplemental Motion for a New Trial regarding the Government's disclosures in this action. We respectfully request that you clarify the following representations made to the Court so we can better understand their accuracy:

1. On page 7 of the Sur Reply, you link the production of the full extraction of the Greenwood Devices on October 1, 2019 to a privilege waiver by Greenwood. Please identify what potentially privileged material was identified on those devices by the taint team or trial team that required a privilege waiver before this production could be made.

2. On page 11 of the Sur Reply, you write that the Konstantin Ignatov's ("Konstantin") contraband cellphone "was not imaged or searched for a prolonged period due to a technical inability to access the contents of the Cellphone." Please clarify if by "technical inability" you mean that the phone could not readily be accessed because the password had not been provided by Konstantin or whether you are referring to a technical problem of some other sort. If the Government simply lacked access to the password, please identify when the Government first asked Konstantin or his counsel for the password and their responses. It appears that the Government may not have asked for such passwords until October 2021 (*see* Dkt. 445 at 12) – 11 months after the case team learned of the phone – but that is not clear in the Sur Reply.

3. On November 11, 2019 at 2:51 PM, the Government emailed the defense, "We do not continue to oppose the admission of DX 550," before reversing position and writing at 9:22 PM, "We've discussed this further and we will object to the admission of both emails." You characterize this reversal in the Sur Reply as "clarifying that [you] would continue to oppose the admission of both DX 550 and an additional email identified by the defense, DX 552." (Dkt. 445 at 16). Please produce all documents relating to the Government's change

COVINGTON

of position.  We further request that all documents on this subject, including any text messages or materials not maintained on Government servers / devices be preserved.

Finally, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), we ask that you produce all documents and disclose all information in the Government's possession relating to a Rolex watch ("the Rolex") worn by Konstantin from the start of the charged conspiracy up to and including the moment of his arrest, including but not limited to (1) any photos in which Konstantin is wearing the Rolex; (2) any statements made by Konstantin to the Government or third parties regarding the Rolex, including its acquisition; and (3) whether Konstantin possessed the Rolex when stopped by U.S. authorities when entering the United States or when he was arrested. Among other things, we have reason to believe that Konstantin is wearing the watch in postings on his Instagram account, which is private and not accessible to the defense.

We request responses on the above points by February 25, 2022 so we can address these issues prior to filing our brief, which is presently due on February 28, 2022.

Respectfully submitted,

/s/ Arlo Devlin-Brown
Arlo Devlin-Brown