**MEMO ENDORSED**

> Defendatns are directed to respond--if they object--by Monday, May 16, 2022.
>
> SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: May 9, 2022
> New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,                :
                                         :
            - v. -                       :
                                         :
RUJA IGNATOVA, *et al.*,                 :        17 Cr. 630 (ER)
                                         :
       and                               :
                                         :
GILBERT ARMENTA,                         :        17 Cr. 556 (ER)
                                         :
            Defendants.                  :
------------------------------------------------------X

# GOVERNMENT'S MOTION PURSUANT TO
# TITLE 18, UNITED STATES CODE, SECTION 3771

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
Attorney for the United States of America

Nicholas Folly
Juliana Murray
Michael C. McGinnis
Assistant United States Attorneys

*- Of Counsel –*

1

The Government respectfully submits this motion, pursuant to Title 18, United States Code, Section 3771, seeking entry of the attached proposed order, which describes the procedures to be followed in notifying potential victims of public proceedings to be held in this case.

## I. Applicable Law

The Justice for All Act of 2004 (the "Act") expanded the rights of victims in federal criminal proceedings and established certain requirements concerning the Government's notification of victims. *See* 18 U.S.C. § 377l(a). The Act provides that crime victims have the following rights, among others: (1) the right to be reasonably protected from the accused; (2) the right to reasonable, accurate, and timely notice of any public court proceeding, or parole proceeding, involving the crime, and timely notice of the release of the defendant; (3) the right not to be excluded from any such public court proceeding, unless the Court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding; (4) the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; (5) the reasonable right to confer with the attorney for the Government in the case; (6) the right to full and timely restitution as provided in law; (7) the right to proceedings free from unreasonable delay; (8) the right to be treated with fairness and with respect for the victim's dignity and privacy; (9) the right to be informed in a timely manner of any plea bargain or deferred prosecution agreement; and (10) the right to be informed of these rights. *See* 18 U.S.C. § 3771(a). The Act defines a victim of a crime as "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. §

2

3771(e)(2)(A).

Section 3771 requires the Court to ensure that crime victims are afforded the rights enumerated in the statute, *see* 18 U.S.C. 3771(b), and obligates the Government to use "best efforts to see that crime victims are notified of, and accorded, the rights" provided, *see* 18 U.S.C. § 3771(c)(1). The Act does not set forth any specific notification procedures. In addition, the Act recognizes that in cases involving a large number of crime victims, it may be impracticable to accord all of the victims the rights identified in Section 3771(a). *See* 18 U.S.C. § 3771(d)(2). Specifically, the Act provides that in such cases, "the court shall fashion a reasonable procedure to give effect to [the Act] that does not unduly complicate or prolong proceedings." *Id.* A number of Courts in this district have addressed the effect of the Act in cases involving large numbers of victims, particularly securities fraud prosecutions, and have approved procedures similar to those proposed and outlined below. *See, e.g., United States v. Madoff*, 09 Cr. 213 (DC); *United States v. Rigas,* 02 Cr. 1236 (LBS); *United States v. Ebbers,* S3 02 Cr. 1144 (BSJ); *United States v. Eberhard,* S1 03 Cr. 562 (RWS); *United States v. Bongiorno,* 05 Cr. 390 (SHS).

**II.   Discussion**

This case involves charges arising from a scheme to defraud millions of investors throughout the world over multiple years. In or about 2014, OneCoin Ltd. was founded by two individuals, specifically, defendants Ruja Ignatova ("Ruja"), a citizen of Germany, and Karl Sebastian Greenwood ("Sebastian Greenwood" or "Greenwood"), a citizen of Sweden and the United Kingdom. Although OneCoin Ltd. is based in Sofia, Bulgaria, the corporate

3

entity was originally registered in Gibraltar on or about March 27, 2014, under the ownership of Ruja and a German attorney named Martin Breidenbach of the law firm Breidenbach Rechtsanwälte.

OneCoin Ltd. marketed a purported digital cryptocurrency called "OneCoin" through a global multi-level-marketing ("MLM") network of OneCoin members. OneCoin members received commissions for recruiting others to purchase cryptocurrency packages. This multi-level marketing structure appears to have influenced the rapid growth of the OneCoin member network. OneCoin Ltd. has claimed to have over three million members worldwide. The potential victims in this case include, among others, the individuals and entities who invested directly with OneCoin. The Government is aware of thousands such individuals and entities; however, the Government does not know whether its information is complete. Indeed, there are likely to be thousands of additional individuals and entities who invested with OneCoin, many of whom have not yet been identified by the Government. Moreover, because of the international nature of the scheme, many, if not the majority, of the potential victims reside outside the United States.

Given that there are thousands (if not millions) of potential victims in this case, and that as far as the Government is aware, there is no available compilation of all such individuals and entities, the Government respectfully submits that it is impracticable to give individualized notice to each potential victim. Therefore, the Government requests a finding that, under these circumstances, the number of victims makes it impracticable to accord all of the victims the rights described in Section 3771(a). In order to give effect to the rights of the victims, however, the Government respectfully submits that the procedure outlined below is

"reasonable" under Section 3771(d)(2).  While seeking the proposed order earlier in these proceedings would have been preferable, given that there remain a number of charges pending against various defendants, implementing the procedures described therein at this stage of the case is nonetheless appropriate.

The Government will inform potential victims of all public court proceedings by posting notice of those proceedings on the Internet website of the Office of the United States Attorney for the Southern District of New York: http://www.usdoj.gov/usao/nys.  The Government's Internet posting will specify that the Court, in order to conduct orderly proceedings and to maintain a reasonable schedule, requires notice from potential victims who wish to be heard at any public proceeding at which victims retain such a right under the Act (i.e., any "public proceeding . . . involving release, plea, sentencing or any parole proceeding," *see* 18 U.S.C. 3771(a)(4)).  Moreover, the media coverage of this case suggests that potential victims can expect dissemination of publicly-available documents and information through a wide variety of media outlets.

The Government respectfully submits that the proposed notice procedure is reasonable to give effect to the rights of the potential victims in this case, and requests that the Court enter the proposed order.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court enter the Proposed Order

Dated:   New York, New York
         April 15, 2022

                        Respectfully submitted,

                        DAMIAN WILLIAMS
                        United States Attorney for the
                        Southern District of New York

by:   /s/
                        Nicholas Folly / Michael McGinnis / Juliana Murray
                        Assistant United States Attorneys
                        (212) 637- 1060 / 2305 / 2314