**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T  +1 212 841 1000

**By Email & ECF**                                                      January 24, 2024

Hon. Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

  **Re:  United States v. Scott, 17 Cr. 630**

Dear Judge Ramos:

  We submit this letter, as directed by the Court, in response to the January 19, 2024 email to the Court by Inner City Press objecting to limited redactions in the sentencing submission filed by Mr. Scott and in certain supporting documents filed with that submission.  These limited redactions are appropriate and are consistent with the common law right of access to judicial documents.

  The vast majority of the redactions in both the sentencing memorandum and supporting materials relate to the particulars of Mr. Scott's serious medical conditions, and in limited cases medical conditions of family members.  Redactions of this type are expressly permitted under Rule 21.4 of the Southern District of New York Electronic Case Filings Rules & Instructions.  The medical records and physician letters were filed under seal in their entirety, which Inner City Press does not appear to object to, and portions of letters of support for Mr. Scott that refer to medical diagnosis and treatment are likewise redacted.  Redactions of this sort were applied to C-2, C-3, C-5, C-6, C-8, C-9, C-10, C-12, C-13, C-14.

  Almost all of the other redactions relate to the discussions of minor children: either Mr. Scott's child, or the children of the letter writers.  Some of these redactions are required under Rule 21.3 and others are permitted by Rule 21.4.  Redactions of this sort were applied to C-1, C-2, C-3, C-5, C-6, C-7, C-9, C-10, C-12 and C-13.

  Only very limited redactions were made outside of these categories, and these have no bearing whatsoever on the substance of the sentencing arguments and were narrowly tailored to address privacy interests.  This includes facially obvious redaction of home addresses and phone numbers.  A limited redactions to C-3 and the redaction of the last name of the letter writer of C-2 was made to protect confidences of Mr. Scott's former clients.  Finally, C-11 was filed under seal in its entirety given the privacy interests of the

**COVINGTON**

January 24, 2024
Page 2

letter writer which have littler relevance to sentencing. However, in light of the application of Inner City Press, we propose filing a version of Exhibit C-11 with limited redactions consistent with the principles articulated in this letter. A copy of Exhibit C-11 with those proposed redactions highlighted will be sent to the Court and government and filed if approved.

        Respectfully Submitted,

        */s/ Arlo-Devlin-Brown*

        Arlo Devlin-Brown

        *Counsel for Mark Scott*

cc:    All government counsel