UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                              :
UNITED STATES OF AMERICA                      :     PRELIMINARY ORDER OF
                                              :     FORFEITURE AS TO SPECIFIC
             -v-                              :     PROPERTY AND SUBSTITUTE
                                              :     ASSETS/ MONEY JUDGMENT
MARK S. SCOTT,                                :
                                              :     S10 17 Cr. 630 (ER)
                                              :
                     Defendant.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS on or about October 8, 2019, the defendant Mark S. Scott (the "Defendant") was charged in a two-count Superseding Indictment (the "Indictment"), with knowingly and willfully committing money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count One), and conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349 (Count Two) (Dkt. No. 143);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the Government, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count One of the Indictment, or any and all property traceable to the such property, including but not limited to a sum of money in Untied States currency representing the amount of property involved in the offense charged in Count One of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the Government, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property constituting, or derived from, proceeds the Defendant obtained directly or indirectly, as a result of the commission of the offense charged in Count Two

of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense;

WHEREAS, the Indictment also included a substitute asset provision providing notice that if as a result of the Defendant's actions or omissions forfeitable property is unable to be located or obtained, transferred or sold to a third party person, has been placed beyond the jurisdiction of the Court, substantially diminished value or has been commingled with other property which cannot be subdivided without difficulty, the United States will seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant;

WHEREAS, on or about November 21, 2019, the Defendant was found guilty, following a jury trial, of Counts One and Two of the Indictment;

WHEREAS, the Government seeks the forfeiture of various specific property, and entry of a forfeiture money judgment in the amount of $392,940,000 in United States currency, representing (i) property involved in the commission of the offense charged in Count One of the Indictment and/or (ii) the property constituting, or derived from proceeds traceable to the commission of the offense charged in Count Two of the Indictment that the Defendant personally obtained;

WHEREAS, the Court finds that the property involved in the commission of the offense charged in Count One of the Indictment has a total value of $392,940,000 in United States currency, and the property constituting, or derived from proceeds traceable to the commission of the offense charged in Count Two of the Indictment that the Defendant personally obtained had a total value of $40,000,000;

WHEREAS, the Court finds that the following property was involved in the commission of the offense charged in Count One of the Indictment:

a.     $2,455,686.10 in United States currency formerly on deposit in Account Number 85079788 held at Iberia Bank (formerly known as Sabadell United Bank) by Nicole J. Huesmann P.A.;

b.     Any and all funds on deposit in Account Number 40077102 held in the name of MSS International Consultants (BVI), Ltd., at DMS Bank and Trust Ltd;

c.     Any and all funds on deposit in Account Number 40077100 held in the name of MSS International Consultants (BVI), Ltd., at DMS Bank and Trust Ltd;

d.     Any and all funds on deposit in Account Number 10462701 held in the name of MSS International Consultants (BVI), Ltd., at First Caribbean International Bank;

e.     Any and all funds on deposit in Account Number 10465454 held in the name of DRP Holdings, Ltd., at First Caribbean International Bank;

f.     Any and all funds on deposit in Account Number 10465343, held in the name of MSS Marine Group, Ltd., at First Caribbean International Bank;

g.     Any and all funds on deposit in Account Number 10463883, held in the name of EGD Investment, Ltd., at First Caribbean International Bank;

h.     Any and all funds on deposit in Account Number 10465346, held in the name of Mumbelli Group Holding (Cayman), Ltd., at First Caribbean International Bank;

i.     Any and all funds on deposit in Account Number 2450478611, held in the name of HFT Holding Limited, at RBC Dominion Securities Global Ltd.;

j.     Any and all funds on deposit in Account Number CH3508565559929606901, held in the name of Mark S. Scott, at Dreyfus Sohne & Cie AG;

k.     $129,088.74 in United States currency formerly on deposit in Account Number 9190041054 held in the name of Mark S. Scott and Lidia V. Kolesnikova, at Cooperative Bank of Cape Cod;

l.  Any and all funds on deposit in Account Number 2840912613, held in the name of Mark S. Scott, at Northern Trust Company;

m.  Any and all funds on deposit in Account Number 2840909434, held in the name of Mark S. Scott, at Northern Trust Company;

n.  Any and all funds on deposit in Account Number 43-98797, held in the name of Mark S. Scott, at Northern Trust Company;

o.  Any and all funds on deposit in Account Number PWA5493, held in the name of Mark S. Scott, at UBS Financial Services;

p.  Any and all funds on deposit in Account Number PWB1979, held in the name of Mark S. Scott, at UBS Financial Services;

q.  Any and all funds on deposit in Account Number PWA9666, held in the name of Mark S. Scott and Lidia Kolesnikova, at UBS Financial Services;

r.  $2,449,467.9 in United States currency formerly on deposit in Account Number 4842-9048, held in the name of Mark S. Scott 2017 Trust at Wells Fargo Advisors;

s.  One 2017 Sunseeker 57 Predator Yacht, Hull No. "TAIMA," seized by the Internal Revenue Service ("IRS") on or about September 5, 2018;

t.  One 2017 Red Porsche 911 4S Turbo, bearing Vehicle Identification Number, WP0CD2A95HS178187 and containing License Plate Number HBNJ81;

u.  One 2018 White Porsche 911 GT2 RS, bearing Vehicle Identification Number, WP0AE2A91JS185471;

v.  All right, title and interest in real Properties located at 31 Dale Avenue, Hyannis Port, Massachusetts owned by MSSI 31 Dale Ave Property Group LLC, with all improvements, appurtenances, and attachments thereon;

w.  All right, title and interest in real Properties located at 105 Sunset Lane, Barnstable, Massachusetts 02630 owned by MSSI 105 Sunset Ln Property Group LLC, with all improvements, appurtenances, attachments thereon;

  x. All right, title and interest in real Properties located at 133 Sunset Lane Barnstable, Massachusetts 02630, with all improvements, appurtenances, and attachments thereon;

  y. The following items seized on or about September 5, 2018, from 133 Sunset Lane Barnstable, Massachusetts:

    i. One Panerai PAM 582 barometer wall clock;
    ii. One Panerai PAM 583 thermometer;
    iii. One Panerai PAM 584 hygrometer;
    iv. One Panerai PAM 585 wall clock; and
    v. One Ring with stone;

  z. All right, title and interest in real Properties located at 600 Coral Way, Suite/Floor 12, Segovia Tower, Coral Gables, Florida 33134, with all improvements, appurtenances, and attachments thereon; and

  aa. All monies and funds contained in J.P. Morgan Chase attorney IOLA trust account 339656032, held by James Nobles Esq. P.C., and all funds traceable thereto, including accrued interest

  bb. All monies and funds contained in RBC Private Counsel (USA) Inc. account 3752442214, held by Mark S. Scott 2017 Trust and all funds traceable thereto, including accrued interest;

  cc. All monies and funds contained in RBC Private Counsel (USA) Inc. account 3756283317, held by Mark S. Scott 2017 Trust and all funds traceable thereto, including accrued interest;

((a) through (cc), collectively, the "Specific Property");

WHEREAS the Court finds that as a result of acts and/or omissions of the Defendant, the property involved in the commission of Count One of the Indictment and the proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property;

WHEREAS, the Court finds that the value of the Specific Property is substantially less than $392,940,000;

WHEREAS, the Government has identified the following additional assets in which the Defendant has an ownership interest:

a) Any and all funds on deposit in Account Number 1X B0014YA held in the name of Mark S. Scott 2017 Trust, at UBS Financial Services;

b) Any and all funds on deposit in Account Number 1X B0031YA held in the name of Mark S. Scott 2017 Trust, at UBS Financial Services;

c) Any and all funds on deposit in College 529 Fund Account Number PW B4734 03, held in the name of Mark S. Scott FBO Lucius M. Scott, at UBS Financial Services;

d) Any and all funds on deposit in Account Number PW A5494 03, held in the name of Mark S. Scott, at UBS Financial Services;

e) The following property seized on or about September 5, 2018, from 600 Coral Way, Suite/Floor 12, Segovia Tower, Coral Gables, Florida 33134:

   i. One Heckler & Koch 40 MM gun, Serial No.: 219-004106;
   ii. One Heckler & Koch 45 MM gun, Serial No.: HKU004967;
   iii. One Desert Eagle SOAE, Serial No.: DK0038257;
   iv. One Smith and Wesson, Serial No.: DJW0604;
   v. One Beretta Shotgun and leather case;
   vi. One Luminor Panerai P068/400 BB1577049;
   vii. One Black Hermes Birkin Bag; and
   viii. One Orange Hermes Birkin Bag

f) The following property seized by the Government on or about September 5, 2018, from 133 Sunset Lane Barnstable, Massachusetts 02630:
   i. One Black Hermes purse,
   ii. One Brown/Tan Hermes purse; and
   iii. One Green Hermes purse

(a through f, collectively, the "Substitute Assets"); and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules

32.2(b)(3), 32.2(b)(6), and 32.2(c) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property and the Substitute Assets to its possession and to notify any person who reasonably appears to be a potential claimant of their interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One and Two of the Indictment, to which the Defendant was found guilty, a money judgment in the amount of $392,940,000 in United States currency (the "Money Judgment") shall be entered against the Defendant.

2. As a result of the offenses charged in Counts One and Two of the Indictment, to which the Defendant was found guilty, all of the Defendant's right, title and interest in the Specific Property and the Substitute Assets is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853. Upon the entry of a Final Order of Forfeiture forfeiting the Specific Property and the Substitute Assets to the United States, and their liquidation to the extent they constitute real or personal property, the net proceeds of the Specific Property and the Substitute Assets shall be applied towards the satisfaction of the Money Judgment.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment, this Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment is final as to the Defendant, MARK S. SCOTT, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. The United States Department of Treasury (or its designee) are hereby authorized to deposit the payments on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property

5. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Department of Treasury, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number and the United States Department of Treasury shall be authorized to deposit the payments on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. The United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment is final as to the Defendant upon entry of this Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

8. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Specific

Property and Substitute Assets/Money Judgment and notice that any person, other than the Defendant in this case, claiming an interest in the Specific Property and/or Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property and/or Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioners right, title or interest in the Specific Property and/or Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought pursuant to Title 21, United States Code, Section 853(n).

10. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11. Pursuant to Title 21, United States Code, Section 853(n), upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property and Substitute Assets in which all interests will be addressed.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment the Office is authorized to conduct any discovery needed to identify, locate or dispose of property subject to forfeiture, including depositions, interrogatories, requests for production of documents and subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

13.  The Court retains jurisdiction to take additional action, enter further orders, and amend this and any future orders as necessary to implement and enforce this Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment.

14.  The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering & Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
       January 25, 2024

SO ORDERED:

_____
HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE