# EXHIBIT 1

On Sep 16, 2018, at 1:18 PM, Devlin-Brown, Arlo <adevlin-brown@cov.com> wrote:

Thanks.   Whatever you can do to help your bank expedite the better.  They won't let him or until we post the cash.  Thank you so much!

Arlo

On Sep 16, 2018, at 1:14 PM, Marietta Halle <marietta.halle@gmail.com<mailto:marietta.halle@gmail.com>> wrote:

Thanks Arlo, I forwarded your email to my bank in Switzerland. I will keep you posted.

Best regards,
Marietta

On Sep 16, 2018, at 1:00 PM, Devlin-Brown, Arlo <adevlin-brown@cov.com<mailto:adevlin-brown@cov.com>> wrote:

Dear Marietta,

The Court won't accept a wire for the bail funds so you will need to wire the funds to Covington's attorney trust account.  In the memo line put Mark Scott and  041282.00001 so we will see it right away.  We will then have Covington issue a cashier's check in the full amount ($750,000) and post with the Court.  We will provide you with a receipt.  See if you can contact your bank to initiate the wire and expedite the transfer as soon as possible.  Wire instructions are below.

Many thanks --Mark is so very grateful for your help.

Citibank N.A.
1101 Pennsylvania Ave., N.W.
Suite 900
Washington, D.C.  20004
ABA No.:  254070116
Acct. No.:  9250403781
Acct. Name:  Covington & Burling LLP
Swift Code:  CITIUS33

Arlo Devlin-Brown

Covington & Burling LLP
The New York Times Building, 620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1046 | adevlin-brown@cov.com<mailto:adevlin-brown@cov.com>
www.cov.com<http://www.cov.com/>

From: **Marietta Halle** marietta.halle@gmail.com
Subject: Scan Sep 16, 2018 at 4.09 PM
Date: October 19, 2018 at 9:44 AM
To: Marietta Halle marietta.halle@gmail.com



Created with Scanner Pro

Marietta Halle
2341 NE 48 Str.
Lighthouse Point, FL 33064

Dreyfus Sons & Co Ltd, Banquiers
Aeschenvorstadt 16
4002 Basel
Switzerland

Lighthouse Point, 16, September 2018

**Transfer z.L. Konto 22083**

Sehr geehrte Damen und Herren

Bitte transferieren Sie USD 750'000 (Siebenhundertfünftigthousand) zu Lasten
22083 (USD) wie folgt:

Citibank N.A.
1101 Pennsylvania Ave., N.W.
Suite 900
Washington, D.C.   20004
ABA No.: 254070116
Acct. No.: 9250403781
Acct. Name:  Covington & Burling LLP
Swift Code:  CITIUS33

Valuta:                    sofort

Freundliche Gruesse und besten Dank

Marietta Halle

**dreyfus**

BANQUIERS
1813

22083
MRS MARIETTA HALLE

LIGHTHOUSE POINT

Debit

Basel, 17th September 2018          Page 1 / 1

USD Current account

**Debit**

REMITTANCE TO COVINGTON + BURLING LLP

**USD**          **750 000.00**

Value          17.09.2018

without signature

**Dreyfus Sons & Co Ltd, Banquiers**
Aeschenvorstadt 16 | P.O. Box | 4002 Basel | Switzerland
Telephone +41 61 286 66 66 | Fax +41 61 272 24 38
contact@dreyfusbank.ch | www.dreyfusbank.ch

ZVK-310/DAM/VPF/GN
022083.000
EinfachbelegA_Par

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>Plaintiff<br><br>- v. -<br><br>**MARK S. SCOTT,**<br>Defendant. | AFFIDAVIT<br><br><br>CASE # 17-CR-630 (ER) |

**STATE OF NEW YORK:**
**COUNTY OF NEW YORK: SS**

I, __Arlo Devlin-Brown_____, being duly sworn and depose say:

_____.

That I presently reside at: 274 W. 113th St. Apt. A, New York, NY 10026,

and can be reached at (HOME# or CELL #), 917-856-2685 (cell)_____.

That on the ___19th___ day of___September, 2018_____deposited with the

Clerk of the United States District Court for the Southern District of New York,

500 Pearl Street, New York, New York, the sum of $___750,000_____ as cash bail.

That your deponent's receipt which was given to him, but is in an inaccessible location and cannot
be retrieved due to closures associated with the Covid-19 pandemic. The funds at issue belong to
Marietta Halle and were deposited by the undersigned, a partner at Covington & Burling LLP,
attorneys for Mr. Scott.
Your deponent states that he has not assigned any moneys to any other person.
WHEREFORE, deponent respectfully prays that this Affidavit be accepted in lieu of the original
receipt.

SWORN TO BEFORE ME THIS

23rd DAY OF April 2020

_____
NOTARY PUBLIC

MICHELLE R. JULIAN
Notary Public of New York
I.D. #01JU6185370
Qualified in New York County
My Commission Expires June 28, 2020

Arlo Devlin-Brown_____
PARTICIPANT'S NAME (PRINT)

_____
PARTICIPANT'S SIGNATURE

1

# EXHIBIT 2

Grand Jury Subpoena

# United States District Court
## SOUTHERN DISTRICT OF NEW YORK

TO:    Marietta Halle
2341 NE 48th Street
Lighthouse Point, FL  33064

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the GRAND JURY of the people of the United States for the Southern District of New York, at the United States Courthouse, 40 Foley Square, Room 220, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date:    November 20, 2018    Appearance Time:  10:00 a.m.

to testify and give evidence in regard to an alleged violation of :
18 U.S.C. §§ 1344, 1349, 1956, and 1957

and not to depart the Grand Jury without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

# PERSONAL APPEARANCE IS REQUIRED.

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED:   New York, New York
October 23, 2018

*Geoffrey S. Berman / CJD*

GEOFFREY S. BERMAN
*United States Attorney for the*
*Southern District of New York*

Christopher DiMase
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Telephone:   (212) 637-2433
Email:  christopher.dimase@usdoj.gov

rev. 02.01.12

# EXHIBIT 3

<u>PROFFER AGREEMENT</u>

With respect to the meeting of Marietta Halle ("Client") and her attorney, Neil Taylor, Esq., with Assistant United States Attorneys Christopher DiMase and Nicholas Folly, and Special Assistant United States Attorney Julieta Lozano, to be held at the Office of the United States Attorney for the Southern District of New York on November 20, 2018 ("the meeting"), the following understandings exist:

(1) **THIS IS NOT A COOPERATION AGREEMENT**.  The Client has agreed to provide the Government with information, and to respond to questions, so that the Government may evaluate Client's information and responses in making prosecutive decisions.  By receiving Client's proffer, the Government does not agree to make a motion on the Client's behalf or to enter into a cooperation agreement, plea agreement, immunity or non-prosecution agreement.  The Government makes no representation about the likelihood that any such agreement will be reached in connection with this proffer.

(2) In any prosecution brought against Client by this Office, except as provided below the Government will not offer in evidence on its case-in-chief, or in connection with any sentencing proceeding for the purpose of determining an appropriate sentence, any statements made by Client at the meeting, except (a) in a prosecution for false statements, obstruction of justice or perjury with respect to any acts committed or statements made during or after the meeting or testimony given after the meeting; or (b) if, at any time following the meeting, Client becomes a fugitive from justice.

(3) Notwithstanding item (2) above: (a) the Government may use information derived directly or indirectly from the meeting for the purpose of obtaining leads to other evidence, which evidence may be used in any prosecution of Client by the Government; (b) in any prosecution brought against Client, the Government may use statements made by Client at the meeting and all evidence obtained directly or indirectly therefrom for the purpose of cross-examination should Client testify; and (c) the Government may also use statements made by Client at the meeting to rebut any evidence or arguments offered by or on behalf of Client (including arguments made or issues raised <u>sua sponte</u> by the District Court) at any stage of the criminal prosecution (including bail, all phases of trial, and sentencing) in any prosecution brought against Client.

(4) The Client understands and agrees that in the event the Client seeks to qualify for a reduction in sentence under Title 18, United States Code, Section 3553(f), United States Sentencing Guidelines, Sections 2D1.1(b)(16) or 5C1.2, or Fed. R. Crim. P. 35(b), the Office may offer in evidence, in connection with the sentencing or resentencing, statements made by the Client at the meeting and all evidence obtained directly or indirectly therefrom.

(5) To the extent that the Government is entitled under this Agreement to offer in evidence any statements made by Client or leads obtained therefrom, Client shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule that such statements or any leads therefrom should be suppressed.  It is the intent of this Agreement to waive all rights in the foregoing respects.

(6) If this Office receives a request from another prosecutor's office for access to information obtained pursuant to this Proffer Agreement, this Office may furnish such information but will do so only on the condition that the requesting office honor the provisions of this Agreement.

(7) It is further understood that this Agreement is limited to the statements made by Client at the meeting and does not apply to any oral, written or recorded statements made by Client at any other time. No understandings, promises, agreements and/or conditions have been entered into with respect to the meeting other than those set forth in this Agreement and none will be entered into unless in writing and signed by all parties.

(8) The understandings set forth in paragraphs 1 through 7 above extend to the continuation of this meeting on the dates that appear below.

(9) Client and Attorney acknowledge that they have fully discussed and understand every paragraph and clause in this Agreement and the consequences thereof.

Dated: New York, New York
　　　　November 20, 2018

　　　　　　　　　　　　　　　　　　GEOFFREY S. BERMAN
　　　　　　　　　　　　　　　　　　United States Attorney for the
　　　　　　　　　　　　　　　　　　Southern District of New York

_____        by: _____
Client                                     Assistant United States Attorney


_____           _____
Attorney for Client                       Witness


**Dates of Continuation**                 **Initials of counsel, Client, AUSA, witness**


_____        ____    _____    _____    _____


_____        ____    _____    _____    _____


_____        ____    _____    _____    _____


_____        ____    _____    _____    _____


_____        ____    _____    _____    _____


_____        ____    _____    _____    _____

04.30.2018

# EXHIBIT 4

Court Subpoena

# United States District Court
## SOUTHERN DISTRICT OF NEW YORK

TO:    Marietta Halle
       c/o Law Offices of Neil G. Taylor, P.A.
       SunTrust Plaza, Suite 1050
       201 Alhambra Circle
       Coral Gables, Florida   33134

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the United States District Court for the Southern District of New York, 40 Foley Square, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date:    October 7, 2019            Appearance Time:   9:00 a.m.
Appearance Place:   Courtroom 619
to testify and give evidence in the following matter:
*United States v. Mark S. Scott*, S6 17 Cr. 630 (ER)

and not to depart the Court without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

**SEE ATTACHED RIDER**: Personal appearance is not required if the requested materials are produced on or before the appearance date to Assistant United States Attorney Christopher J. DiMase; Tel.: (212) 637-2433, Email: christopher.dimase@usdoj.gov.  **PLEASE PROVIDE IN ELECTRONIC FORMAT IF POSSIBLE.**

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED:    New York, New York
          August 19, 2019

Geoffrey S. Berman /CJD

GEOFFREY S. BERMAN
*United States Attorney for the*
*Southern District of New York*



Christopher J. DiMase

Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Telephone: (212) 637-2433
Email: christopher.dimase@usdoj.gov

**RIDER**

(Court Subpoena to Marietta Halle, dated August 19, 2019)


Please provide the following documents and records:

(1) Bank records covering the period of September 2018 to the present—including account statement and wire transfer records—relating to the bank account used to fund a transfer of approximately $750,000 to Covington & Burling LLP in or about September 2018, to satisfy a bail condition for defendant Mark S. Scott;

(2) Any agreements and other documents relating to your investment of approximately $1 million into a real estate project located at 105 Sunset Lane, Barnstable, MA 02630 (the "Real Estate Project"), including agreements or documents showing your relationship with and/or investment in a corporate entity named "MSSI 105 Sunset Ln Property Group LLC" ("MSSI 105 Sunset Ln"); and

(3) Bank records—including account statements and any relevant wire transfer records—showing the source of the investment of approximately $1 million made into the Real Estate Project or MSSI 105 Sunset Ln.


N.B.  Personal appearance is not required if the requested materials are produced on or before the appearance date to Assistant United States Attorney Christopher J. DiMase; Tel.: (212) 637-2433, Email: christopher.dimase@usdoj.gov.  **PLEASE PROVIDE IN ELECTRONIC FORMAT IF POSSIBLE.**

# EXHIBIT 5

Court Subpoena

# United States District Court
## SOUTHERN DISTRICT OF NEW YORK

TO:    Marietta Halle
        c/o Law Offices of Neil G. Taylor, P.A.
        SunTrust Plaza, Suite 1050
        201 Alhambra Circle
        Coral Gables, Florida   33134

GREETINGS:

WE COMMAND YOU that all and singular business and excuses being laid aside, you appear and attend before the United States District Court for the Southern District of New York, 40 Foley Square, in the Borough of Manhattan, City of New York, New York, in the Southern District of New York, at the following date, time and place:

Appearance Date:     November 4, 2019          Appearance Time:  9:00 a.m.
Appearance Place:    Courtroom 318
to testify and give evidence in the following matter:
*United States v. Mark S. Scott*, S6 17 Cr. 630 (ER)

and not to depart the Court without leave thereof, or of the United States Attorney, and that you bring with you and produce at the above time and place the following:

**SEE ATTACHED RIDER**: Personal appearance is not required if the requested materials are produced on or before the appearance date to Assistant United States Attorney Christopher J. DiMase; Tel.: (212) 637-2433, Email: christopher.dimase@usdoj.gov.  **PLEASE PROVIDE IN ELECTRONIC FORMAT IF POSSIBLE.**

Failure to attend and produce any items hereby demanded will constitute contempt of court and will subject you to civil sanctions and criminal penalties, in addition to other penalties of the Law.

DATED:   New York, New York
              September 19, 2019

*Geoffrey S. Berman /CJD*

GEOFFREY S. BERMAN
*United States Attorney for the*
*Southern District of New York*

Christopher J. DiMase

Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Telephone: (212) 637-2433
Email: christopher.dimase@usdoj.gov

## RIDER
(Court Subpoena to Marietta Halle, dated September 19, 2019)


Please provide the following documents and records:

(1) Bank records covering the period of September 2018 to the present—including account statement and wire transfer records—relating to the bank account used to fund a transfer of approximately $750,000 to Covington & Burling LLP in or about September 2018, to satisfy a bail condition for defendant Mark S. Scott;

(2) Any agreements and other documents relating to your investment of approximately $1 million into a real estate project located at 105 Sunset Lane, Barnstable, MA 02630 (the "Real Estate Project"), including agreements or documents showing your relationship with and/or investment in a corporate entity named "MSSI 105 Sunset Ln Property Group LLC" ("MSSI 105 Sunset Ln"); and

(3) Bank records—including account statements and any relevant wire transfer records—showing the source of the investment of approximately $1 million made into the Real Estate Project or MSSI 105 Sunset Ln.


N.B.  Personal appearance is not required if the requested materials are produced on or before the appearance date to Assistant United States Attorney Christopher J. DiMase; Tel.: (212) 637-2433, Email: christopher.dimase@usdoj.gov.  **PLEASE PROVIDE IN ELECTRONIC FORMAT IF POSSIBLE.**

**From:** "DiMase, Christopher (USANYS)" <Christopher.DiMase@usdoj.gov>
**Subject:** RE: Marietta Halle
**Date:** November 28, 2018 at 1:36:32 PM EST
**To:** "'Neil Taylor'" <ngt@bellsouth.net>
**Cc:** "Lozano, Julieta" <LozanoJ@dany.nyc.gov>, "Folly, Nicholas (USANYS)"
<Nicholas.Folly@usdoj.gov>

Mr. Taylor:

I hope you had a nice holiday weekend.  Following up on our proffer meeting with Ms. Halle
prior to Thanksgiving, we'd like to request that Ms. Halle provide a copy of the estate tax return
filed with the IRS following her husband's death.  We'd also request that she provide us with any
FBAR filings that she's made this year.  Please let us know if she is able to provide us with that
documentation.

Best,
--Chris DiMase

# EXHIBIT 6

From: **mark Scott** mark@msscottlaw.com
Subject: Personal Loan
Date: August 13, 2019 at 5:15 AM
To: Marietta Halle marietta.halle@gmail.com

Good morning Marietta,

Attached please find the draft Secured Promissory Note and Exhibit A, showing all collateral I can put up for the loan. The cash equivalents of Becker Note and UBS IRA retirement

account cover the principal of the loan by themselves.

Arlo informed me that they would not credit my remaining retainer of $60,000 in their account. I am still working that out, but in any event, I increased the loan to $500,000 to cover the difference with Covington, as probably ultimately required. I hope that works for you. They cleared you as a payee.

You will earn a minimum of $72,000 on this loan in 6 months o shorter.

Please let me know if you have any questions. Otherwise please sign and scan me a copy.

All the best,

Mark

Mark S. Scott, Esq.
Managing Member

MARK S. SCOTT, P.L.
Attorneys at Law
2525 Ponce de Leon Blvd
Suite 300
Coral Gables, FL 33134
**(786) 544-4994**
mark@msscottlaw.com

CONFIDENTIALITY NOTICE:  The information contained in this e-mail message, including attachments, is intended only for the personal and confidential use of the recipient(s) named above.  It contains information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable state and federal law.  If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify the sender immediately via e-mail, and delete the original message.

This e-mail communication does not create an attorney-client relationship.  The information herein may be intended as legal advice but may not be relied upon as legal advice, unless an attorney-client relationship has been created.
Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free. No responsibility is accepted by the sender for any loss or damage arising in any way from its use.
Disclosure Under IRS Circular 230: To ensure compliance with requirements recently imposed by the IRS, we inform you that any tax advice contained in this communication, including any attachments, was not intended or written to be used, and cannot be used, for the purpose of avoiding federal tax related penalties or promoting, marketing or recommending to another party any tax related matters addressed herein.



MHSPN.docx    MHSPMExA.pdf

Marietta Halle
2341 NE 48 Str.
Lighthouse Point, FL 33064


August 20, 2019


Dreyfus Bank
Attn: Dr. Theodor Lang & Dr. Philippe Meyer
Aeschenvorstadt 16
4002 Basel
Switzerland

Dreyfus Bank:

    Through this letter, I, Marietta Halle, hereby provide Arlo Devlin-Brown, Esq. of Covington & Burling LLP with a limited power of attorney with respect to my account numbered #22083 at Dreyfus Bank.   Specifically, I hereby authorize Dreyfus Bank through its representatives and agents to discuss with Mr. Devlin-Brown all matters relating to the wiring of funds from my account at Dreyfus Bank for the benefit of the legal fees and expenses for Covington & Burling in connection with the Covington's legal representation of Mark Scott. Dreyfus Bank is permitted to share any information relating to my banking relationship with Dreyfus necessary to discuss this matter with Mr. Devlin-Brown.

    This authorization shall be valid until the earliest of September 30, 2019 or when funds in the amount of USD $500,000 have been successfully transferred to Covington & Burling LLP.


Sincerely,


Marietta Halle

## Outlook

---

**Fwd: Draft power of attorney halle**

---

**From** Marietta Halle <marietta.halle@gmail.com>
**Date** Wed 8/21/2019 7:32 AM
**To**   Neil Lawyer <ngt@bellsouth.net>

📎 1 attachment (21 KB)
draft power of attorney halle2.docx;

Good morning Neil,

Please find below email from Switzerland.

Best regards,
Marietta


Sent from my iPhone

Begin forwarded message:

> **From:** David Sigg <david.sigg@daracapital.com>
> **Date:** August 21, 2019 at 4:31:45 AM EDT
> **To:** Marietta Halle <marietta.halle@gmail.com>
> **Subject: Draft power of attorney halle**

Dear Marietta,

I hope this email finds you well.

Can you pls check, print, date/sing attached letter and send me a scan copy today. Please send the original via courier to Dreyfus bank and provide the tracking number.

With my best regards, David

 Outlook

---

**Wire Details Covington**

---

**From** Marietta Halle <marietta.halle@gmail.com>
**Date** Wed 8/21/2019 4:53 PM
**To**    Neil Lawyer <ngt@bellsouth.net>

Begin forwarded message:

**From:** mark Scott <mark@msscottlaw.com>
**Subject: Wire Details Covington**
**Date:** August 13, 2019 at 2:40:09 PM EDT
**To:** Marietta Halle <marietta.halle@gmail.com>

-----Original Message-----
From: Devlin-Brown, Arlo <adevlin-brown@cov.com>
Sent: Monday, August 12, 2019 5:06 PM
To: mark Scott <mark@msscottlaw.com>
Subject: Re:

Wire instructions below.   For ease of application of payments please use the client/matter number below and/or your full name in memo line.  Best,

Arlo

On Aug 12, 2019, at 4:58 PM, Chung, Iseul <ichung@cov.com<mailto:ichung@cov.com>> wrote:

Wire Instructions
Citibank NA
1101 Pennsylvania Avenue, N.W. Suite 900 Washington, DC 20004

ABA: 254070116
Account #: 9250403781
Account Name: Covington & Burling LLP
Swift Code: CITIUS33

C/M for Reference: 041282.00001

# EXHIBIT 7

 Outlook

---

**FW: USA vs. Mark Scott, Case No. S6 17 Cr. 630; Motion for Exoneration of Bond + Supporting Affidavit**

---

**From** Chambers NYSD Ramos <ChambersNYSDRamos@nysd.uscourts.gov>

**Date** Fri 2/7/2020 11:22 AM

**To** Folly, Nicholas (USANYS) <Nicholas.Folly@usdoj.gov>; christopher.dimase@usdoj.gov
<christopher.dimase@usdoj.gov>; Julieta.Lozano@usdoj.gov <Julieta.Lozano@usdoj.gov>

**Cc** ngt@bellsouth.net <ngt@bellsouth.net>

📎 3 attachments (227 KB)

Sealed Motion for Exoneration of Bond.pdf; Affidavit.client.executed.pdf; Affidavit.Exhibit 1.pdf;

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v.-

MARK S. SCOTT,

Defendant.

---

**TO BE FILED UNDER SEAL**

**AFFIDAVIT IN SUPPORT OF *EX-PARTE* MOTION FOR EXONER-ATION OF BOND**

STATE OF FLORIDA            )
COUNTY OF PALM BEACH        )  ss:
SOUTHERN DISTRICT OF FLORIDA )

Marietta Halle, having been duly sworn, deposes and states as follows:

1. I provided the cash funds for Mark Scott to comply with his pretrial release obligations in the instant case (Exhibit **1**).

2. Mark Scott was my late husband's lawyer and, when my husband unexpectedly passed away, on May 20, 2015, I was a widow in a foreign country (we lived in Austria before arriving in the United States), with a minor child. It was very intimidating and Mark Scott stepped forward to assist me. In the process, he earned my trust and loyalty.

3. My husband was an executive in the European Gaming Industry. He made a handsome living, left me well provided for, and was a loving companion and father. I had no one else to turn to when I lost him and I came to depend upon the counsel of Mark Scott.

4. Along the way, Mark Scott encouraged me to invest in various ventures. Given the trust I placed in him, I agreed and, at this point, I have invested over two million dollars (**$2,000,000.00**) with him, not counting the bail money I provided.

5. Following my providing the bail money, the Government, understandably, wanted to evaluate my *bona fides* and, in particular, determine that the source of my funds was legitimate. They undertook that process by, among other things, issuing subpoenas to me for documentation. The process included a *proffer* session at their office, followed by more subpoenas and additional investigatory efforts that involved my financial institutions. It was very intimidating. But, given the loyalty Mark Scott had engendered, I felt it was my moral duty to help him in his time of need.

6.   Nonetheless, as a result of the Government's efforts, I was compelled to obtain counsel and I ultimately retained Neil G. Taylor.

7.   In reviewing the history of not only my relationship with Mark Scott but, in addition, the investments he solicited from me, the corresponding paperwork, and the Government's case against Mr. Scott, I began to notice various and sundry inconsistencies.  At first, I was dismissive of them and attributed it to simple oversights. However, once I began to scrutinize the documents pertaining to my investments with Mark Scott, the discrepancies morphed into misrepresentations.  After my attorney educated me about the consequences of a Restraining Order and the Forfeiture Statute, I concluded that Mark Scott had taken advantage of me.  It took a long time for me to allow myself to reach such a conclusion, given the emotional ties I had to Mark Scott, however, I now feel that the only thing that could make losing my investment money worse would be losing the bond money that I agreed to post for Mr. Scott, which is a substantial sum.

8.   Without belaboring the issue, among other things, what has led me to this conclusion is the following:

A.   Despite the restriction in the September 4, 2018 Post Indictment Restraining Order that says, in the third paragraph that, "The property and other interests hereby restrained include, ***but are not limited to*** …" (emphasis added), Mark Scott has continued to offer me other security to ease my anxiety over the loss of my investments with him.  For example, in August of 2019, Mark Scott represented to me, in writing, that he had over $200,000.00 in watches, bags, and jewelry that he could use as collateral to ensure my investments were sound;

B.   On or about August 29, 2019, in response to Mark Scott's desperate plea, I loaned him $500,000.00.  He wrote me and represented that "…none of your money will be at risk and will be paid back either way within 6 months from now the latest.  If all goes well in 2."  It has now been over five months and I have not received anything.  Further, it is apparent Mark Scott has no assets to repay me and any assets he does have are restrained; and

C.   Throughout this undertaking, Mark Scott continues to offer me various and sundry commercial paper to secure my investments.  However, a review of the various documents reveals they are nothing more than hollow promises, with no substance, and designed to merely appease me rather than provide me with actual security for my investments.

9.   Finally, taking into account the amount of prison time Mark Scott is facing, according to the Federal Sentencing Guidelines, I feel Mr. Scott has absolutely no incentive to remain available and fear he will flee and/or attempt a committed effort to do so.

FUTHER AFFIANT SAYETH NOT.

Pursuant to Florida Statute §92.525(2), under penalties of perjury, I declare that I have read the foregoing and that the facts stated therein are true.

Dated: February 5, 2020.

Marietta Halle

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _5/11/2020_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,

        vs.

MARK SCOTT,

               Defendant.

-------------------------------------------------------x

**ORDER EXONERATING SURETY**

1:17-cr-00630-ER

Ramos, D.J.:

      This cause, having come on to be heard on Thursday, March 12, 2020, upon Marietta

Halle's Motion for Exoneration of Bond pursuant to Rule 46(g) of the Federal Rules of Criminal

Procedure, AND

      The Court, having reviewed and considered Ms. Halle's Affidavit, submitted under seal,

the Government's corresponding, written, lack of objection to Ms. Halle's request for relief, AND

      The hearing, entertained by the Court upon the merits, wherein all interested parties

and/or their respective representatives addressed the Court, AND

      The premises being otherwise fully considered,

      It is hereby **Ordered** and **Adjudged** that Ms. Halle's Motion be, and the same is hereby,

**GRANTED**.  Marietta Halle is discharged from her obligation as surety in the instant matter and

the Clerk is hereby instructed to refund the $750,000.00 that was tendered, on her behalf[1], to

secure the bond previously set by this Court.

      It is SO ORDERED.

Dated:  May 11, 2020
       New York, New York

                                 Edgardo Ramos, U.S.D.J.

---

[1] The funds were wired, by Ms. Halle, to the office of Covington & Burling, LLP, and posted on Defendant's behalf, by counsel for Mark Scott (Arlo Devlin Brown).

# EXHIBIT 8

# U.S. District Court
## Southern District of New York (Foley Square)
## CRIMINAL DOCKET FOR CASE #: 1:17-cr-00630-ER-1

Case title: USA v. Scott

Date Filed: 10/12/2017

Date Terminated: 02/02/2024

Assigned to: Judge Edgardo Ramos

### Defendant (1)

**Mark S. Scott**
*TERMINATED: 02/02/2024*

represented by **David M Garvin**
David M. Garvin, P.A.
2333 Ponce De Leon Boulevard
Suite 314
Coral Gables, FL 33134
305-371-8101
Fax: 305-371-8848
Email: ontrial2@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alan Mark Vinegrad**
Covington & Burling LLP (NYC)
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1000
Fax: (212) 841-1010
Email: avinegrad@cov.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Arlo Devlin-Brown**
Covington & Burling LLP
620 8th Avenue, 41st Floor
New York, NY 10018
212-841-1046
Fax: 646-441-9046
Email: adevlin-brown@cov.com
*ATTORNEY TO BE NOTICED*

**James Nobles**
James Nobles
1507 Monroe Avenue
Rochester, NY 14618
585-546-1260
Email: james@noblesdefense.com
*ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| 03/11/2020 | | Set/Reset Hearings as to Mark S. Scott: Bond Hearing set for 3/12/2020 at 04:15 PM before Judge Edgardo Ramos. (jar) (Entered: 03/11/2020) |
| 03/12/2020 | | Minute Entry for proceedings held before Judge Edgardo Ramos: Bond Hearing as to Mark S. Scott held on 3/12/2020. Defendant and counsel for Defendant, David Garvin, appeared by telephone. Counsel for Defendant Arlo Devlin-Brown and Katri Stanley present. AUSAs Chris Dimase and Nick Folly and SAUSA Julieta Lozano present. Counsel for Movant, Neil Taylor, present. The Court exonerates Ms. Halle from the bond. Bail is revoked. Defendant shall self-surrender tomorrow, March 13, 2020, by 9 AM. (jar) (Entered: 05/11/2020) |
| 03/14/2020 | 240 | LETTER MOTION addressed to Judge Edgardo Ramos from Christopher J. DiMase dated March 14, 2020 re: Brief Adjournment of Post-Trial Motion Briefing Schedule . Document filed by USA as to Mark S. Scott. (Dimase, Christopher) (Entered: 03/14/2020) |
| 03/17/2020 | 241 | TRANSCRIPT of Proceedings as to Mark S. Scott re: Conference held on 3/12/2020 before Judge Edgardo Ramos. Court Reporter/Transcriber: Kristen Carannante, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/7/2020. Redacted Transcript Deadline set for 4/17/2020. Release of Transcript Restriction set for 6/15/2020. (McGuirk, Kelly) (Entered: 03/17/2020) |
| 03/17/2020 | 242 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Mark S. Scott. Notice is hereby given that an official transcript of a Conference proceeding held on 3/12/2020 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 03/17/2020) |
| 03/18/2020 | 243 | MEMO ENDORSEMENT as to Mark S. Scott (1) granting 240 LETTER MOTION addressed to Judge Edgardo Ramos from Christopher J. DiMase dated March 14, 2020 re: Brief Adjournment of Post-Trial Motion Briefing Schedule. ENDORSEMENT: The application is granted. (Signed by Judge Edgardo Ramos on 3/18/2020) (ap) (Entered: 03/18/2020) |
| 03/18/2020 | | Set/Reset Deadlines as to Mark S. Scott: Responses due by 3/23/2020. Replies due by 4/13/2020. (ap) (Entered: 03/18/2020) |
| 03/23/2020 | 244 | MEMORANDUM in Opposition by USA as to Mark S. Scott re 217 MOTION for Acquittal *or in the Alternative, A New Trial.*. (Folly, Nicholas) (Entered: 03/23/2020) |
| 03/25/2020 | 245 | LETTER by Mark S. Scott addressed to Judge Edgardo Ramos from Arlo Devlin-Brown dated 3/24/2020 re: Motion for Reconsideration of Remand Order (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Devlin-Brown, Arlo) (Entered: 03/25/2020) |
| 03/25/2020 | 246 | ENDORSED LETTER as to (17-Cr-630-01) Mark S. Scott addressed to Judge Edgardo Ramos from Attorney Arlo Devlin-Brown dated March 24, 2020 re: Motion for Reconsideration of Remand Order. ENDORSEMENT: The government is directed to respond by 12:00 PM Friday, March 27, 2020. A telephonic bail hearing will be held on Monday, March 30, 2020 at 11 A.M. The parties shall call the Court using the following conference call information: (877) 411-9748; Access Code: 3029857. (Signed by Judge Edgardo Ramos on 3/25/2020)(bw) (Entered: 03/26/2020) |

# EXHIBIT 9

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: ___7/28/2021___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
UNITED STATES OF AMERICA                                     :
                                                            :
    - v. -                                :    CONSENT ORDER OF
                                                            :    INTERLOCUTORY SALE
MARK S. SCOTT,                                               :    OF REAL PROPERTY
                                                            :
        Defendant.    :    S10 17 Cr. 630 (ER)
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS on or about October 8, 2019, the defendant Mark S. Scott (the "Defendant") was charged in a two-count Superseding Indictment (the "Indictment"), with knowingly and willfully committing money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count One), and conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349 (Count Two) (Dkt. 143);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the Government, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count One of the Indictment, or any and all property traceable to the such property, including but not limited to a sum of money in Untied States currency representing the amount of property involved in the offense charged in Count One of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the Government, pursuant to Title 18, United States Code, Section 982(a)(2)(A), of any and all property constituting, or derived from, proceeds the Defendant obtained directly or indirectly, as a result of the commission of the offense charged in Count Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense;

WHEREAS, on or about November 21, 2019, the Defendant was found guilty, following a jury trial, of Counts One and Two of the Indictment;

WHEREAS, on or about February 22, 2019, the Government filed a Forfeiture Bill of Particulars, giving notice that the property subject to forfeiture as a result of the offense charged in Count One of the Indictment, and as alleged in the forfeiture allegation therein includes, *inter alia*, the following property:

> i.   All right, title and interest in the real properties located at 105 Sunset Lane, Barnstable, Massachusetts, 02630 owned by MSSi 105 Sunset Ln Property Group LLC, with all improvements, appurtenances, attachments thereon,

(the "Subject Property" (Dkt. 46);

WHEREAS, the Subject Property is titled in the name of MSSi 105 Sunset Ln Property Group LLC ("MSSi");

WHEREAS, under the terms of the Operating Agreement of MSSi, the Defendant has a 56.71% ownership interest in MSSi and Marietta Halle ("Halle") has a 43.29% ownership interest in MSSi; and

WHEREAS, the Government, the Defendant, Halle, and MSSi have agreed to the interlocutory sale of the Subject Property by MSSi before the conclusion of the forfeiture proceedings in order to preserve the value of the Subject Property pending a final order of forfeiture, with 56.71% of the net proceeds of the sale to be held as the substitute *res* pending further order of this Court, and the remaining 43.29% to be provided to Halle;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, United States Attorney, Assistance United States Attorney, Nicholas Folly, of counsel, and the Defendant, by and through his counsel, Arlo Devlin-

Brown, Esq., and Halle, by and through her counsel, Neil G. Taylor, Esq. and John M. Quaranta, Esq., that:

     1.    The Defendant, with prior written consent of Halle, is authorized to sell the Subject Property in a commercially feasible manner and the United States Marshals Service ("USMS") may, in its sole discretion, reject any offer to purchase the Subject Property for insufficient value or where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

     2.    Upon the sale of the Subject Property, 56.71% of the net proceeds of the sale shall be deposited in an attorney trust account or the Seized Asset Depository Fund pending the resolution of this matter.  Hall shall make no claim as to this portion of the net proceeds (i.e., the 56.71%).  The remaining 43.29% of the net proceeds shall be provided to Halle within fifteen (15) days of the closing on the sale.

     3.    The net proceeds for the sale of the Subject Property will include all moneys realized from the sale of the Subject Property, except for the following:

    a.    Any outstanding mortgages;
    b.    Real estate commissions, fees;
    c.    Any other real estate, property, transfer, association or other tax, which is due and owing at the time of the sale;
    d.    Insurance costs;
    e.    Escrow fees;
    f.    Condominium arrears
    g.    Title fees;
    h.    Up to $10,000 in pre-closing repair costs; and
    i.    County transfer fees

     4.    The Defendant shall, upon filing of this Interlocutory Order, take all usual and customary steps to sell the Subject Property in accordance with all laws and procedural rules applicable to such sale, with a purpose to effect actual sale within sixty (60) days from the date

thereof.  The Defendant agrees that Halle shall have the right to communicate with any real estate broker or agent retained regarding all: i) showings of the Subject Property; ii) verbal offers for the purchase of the Subject Property; and iii) written contracts to purchase the Subject Property.

5.     The Defendant's share of the cumulative net proceeds realized from the sale of the Subject Property(i.e., 56.71%) and any and all income or interest accrued thereon, shall be the substitute *res* for the Subject Property (the "Substitute Res") and will serve as a substitute res for the Subject Property in the above-captioned case, with all claims and defenses applicable to the Subject Property, including any other action that may be brought by the United States Attorneys Office ("USAO") for forfeiture of the Subject Property, to apply instead to the Substitute Res.

6.     The net proceeds shall be sent to an attorney escrow account on behalf of Covington & Burling LLP, or issued in a check made payable to United States Marshals Service and referencing "S10 17 Cr. 630 (ER), 105 Sunset Lane, Barnstable, Massachusetts, 02630" in the memorandum section of the check and deposited and be held by the United States Marshals Service (or its designee) in the Seized Asset Depository Fund pending entry of a final order of forfeiture in this case.

7.     In furtherance of the interlocutory sale the parties agree to execute promptly any documents which may be required to complete the interlocutory sale of the Subject Property.

8.     This Interlocutory Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Interlocutory Order.  Signature pages may be by fax or transmitted electronically, and such signatures shall be deemed to be valid originals.

9.     This Interlocutory Order constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.

10.     The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Interlocutory Order.

11.     Each party agrees to bear its costs and attorneys' fees.


[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

12.    The Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Interlocutory Order.

STIPULATED TO:

AUDREY STRAUSS
United States Attorney
Southern District of New York
United States of America

By: _____          _7/26/2021_____
NICHOLAS FOLLY                                           Date
Assistant United States Attorney
One Saint Andrews Plaza
New York, New York 10007
(212) 637-1060


DEFENDANT/MSSi

By: _____          _7/21/2021_____
MARK S. SCOTT                                           Date

By: _____          _7/21/2021_____
ARLO DEVLIN-BROWN, ESQ.                                 Date


MARIETTA HALLE/MSSi

By: _____          _7/26/2021_____
MARIETTA HALLE                                           Date

By: _____          _7/26/21_____
NEIL G. TAYLOR, ESQ.                                     Date

SO ORDERED:

_____          _7/28/2021_____
HONORABLE EDGARDO RAMOS                                  Date
UNITED STATES DISTRICT JUDGE

# EXHIBIT 10

## FACTUAL BACKGROUND & CHRONOLOGY

| Date | Event | Legal Significance |
|---|---|---|
| **Jan. 14, 2015** | Scott acquires the Coral Gables Residence. | Property is acquired with legitimate funds, pre-dating any criminal conduct. The initial equity is untainted. |
| **Sept. 2015** | Scott's criminal conduct commences. | Government's interest in *future* illicit proceeds attaches via the "relation-back" doctrine. |
| **2016** | Scott pays **$1,000,794.66** of the mortgage with OneCoin proceeds. | The Government's specific, quantifiable forfeiture interest in the property is created. |
| **Sept. 5, 2018** | Mark Scott is arrested. | Puts all parties on constructive notice of potential forfeiture and creditor claims. |
| **Oct. 30, 2018** | Scott executes a deed creating a Tenancy by the Entirety (TBE) with Lidia Kolesnikova. | **This post-arrest conveyance is a suspect attempt to shield the asset from creditors and forfeiture.** |
| **Aug. 13, 2019** | **Lidia Kolesnikova co-signs a $500,000 promissory note to Marietta Halle.** | **Kolesnikova becomes a direct, personal debtor to Halle, compromising her "innocent owner" status as to this specific creditor.** |
| **Oct. 13, 2021** | **Marietta Halle obtains a $1,340,000 Final Consent Judgment against Scott.** | Halle's claim is liquidated, establishing her as a judgment creditor. |
| **Nov. 4, 2021** | **Halle records the judgment, perfecting her lien against the Coral Gables Residence under Florida law.** | **Halle's legal interest in the property's title is secured.** |