# EXHIBIT 13

# SECURED PROMISSORY NOTE

$500,000.00    Date: August 14, 2019

For value received, the undersigned Mark S. Scott (collectively, the "Borrower"), at 600 Coral Way, 12, Coral Gables, Florida 33134, promises to pay to the order of Marietta Halle (the "Lender"), at 2341 NE 48 ST, Lighthouse Point, Florida 33064-7105 (or at such other place as the Lender may designate in writing), the sum of $500,000.00 (the "Principal") with interest accruing from August 16, 2019, on the unpaid Principal at the rate of 12% per annum.

## I. TERMS OF REPAYMENT

### A. Payments

Unpaid principal after the Due Date shown below shall accrue interest at a rate of 15% annually until paid.

The unpaid Principal and accrued interest shall be payable no later than March 15, 2020 (the "Due Date").

### B. Application of Payments

All payments on this Note shall be applied first in payment of accrued minimum interest of $72,000 (or the Default interest, as the case may be) and any remainder in payment of Principal. Any payment in full of the Principal before the Due Date shall still require a payment of $72,000 on or before the Due Date.

### C. Acceleration of Debt

If any payment obligation under this Note is not paid when due, the remaining unpaid Principal balance and any accrued interest shall become due immediately at the option of the Lender.

## II. SECURITY

This Note is secured by personal property, cash equivalents and payment garnishments listed (collectively, the "Collateral") on Exhibit A hereto. The Lender is not required to rely on the above security instrument and the assets secured therein for the payment of this Note in the case of default but may proceed directly against the Borrower.

## III. COLLECTION COSTS

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

Secured Promissory Note, August 14, 2019

## IV. DEFAULT

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

1) the failure of the Borrower to pay the Principal and any accrued interest when due;

2) the liquidation, dissolution, incompetency or death of the Borrower;

3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

4) the application for the appointment of a receiver for the Borrower;

5) the making of a general assignment for the benefit of the Borrower's creditors;

6) the insolvency of the Borrower;

7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

8) the sale of a material portion of the business or assets of the Borrower.

In addition, the Borrower shall be in default if there is a sale, transfer, assignment, or any other disposition of any Collateral pledged as security for the payment of this Note, or if there is a default in any security agreement which secures this Note.

## V. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## VI. MISCELLANEOUS

All payments of Principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Note.

No delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Note without notice being given to Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This Note may not be amended without the written approval of the holder.

Secured Promissory Note, August 14, 2019

## VII. GOVERNING LAW

This Note shall be construed in accordance with the laws of the State of Florida and subject to the jurisdiction of the Courts of the Florida in Miami-Dade County.

## VIII. GUARANTY

Mark S. Scott unconditionally guarantees all the obligations of the Borrower under this Note and agrees that any modifications of the terms of payment or extension of time of payment shall in no way impair its guarantee, and expressly agrees its guarantee of any modifications or extensions of this Note.

## IX. SIGNATURES

This Note shall be signed by Mark S. Scott and Marietta Halle. This Note shall also be co-signed by Lidia Scott as Power of Attorney and Executor of all Marital Assets as defined on Exhibit A hereto.

[SIGNATURE PAGE FOLLOWS]

3

Secured Promissory Note, August 14, 2019

**IN WITNESS WHEREOF,** this Secured Promissory Note has been executed and delivered in the manner prescribed by law as of the date first written above.

Signed this 13th day of August 2019 in Florida.

Borrower:

_____
Mark S. Scott

Lender:

_____
Marietta Halle

CO-SIGNOR

_____
Lidia Scott, as POA and Executor of Marital Assets
(as described on Exhibit A), not her individual property

4

# EXHIBIT A

### Collateral[1]

1.  Promissory Note issued by Sharlely Becker for £300,000.00 (approximately US-$365,000.00) payable no later than July 30, 2020, with written authorization to Lender to assign or use as collateral such Note;

2.  IRA Retirement account, Nr. PW-A5494 at UBS with approximately $177,000 current value;

3.  An absolute right to garnish twenty-five percent (25%) of any distributions (realized or not) made to the Scott family and/or affiliates by CCC Wellfleet NV, LLC (a Marital Asset);

4.  One half the legal and consulting fees ($375,000) owed to Mr. Scott by Natural Ventures Group, in particular CCC Wellfleet NV, LLC and CCC Mashpee Holdings, LLC (a Marital Asset).


In the event Mr. Scott is unavailable, for any reason, including his demise, Lidia Scott shall be responsible to pay out of Marital Assets to the Lender any interest payments from other existing transactions between the Borrower and Lender, such as or example the $60,000 annual distribution stemming from 105 Sunset Ln, Barnstable development project.

As soon as Mr. Scott's legal proceedings regarding money laundering charges in New York are adjudicated, he shall prepare and file a financing statement securing the account listed in 2. above for the Lender against further encumbrances.

---

[1] As soon as the Note is paid in full, all Collateral listed above shall no longer be available for enforcement of debts owed by Lender.

# EXHIBIT 14

Filing 136500205 E-Filed 10/13/2021 04:14:53 PM



CFN 2021R0826398
OR BK 32829 Pgs 4000-4001 (2Pgs)
RECORDED 11/04/2021 08:50:44
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: <u>2020-012112-CA-01</u>
SECTION: <u>CA44</u>
JUDGE: <u>William Thomas</u>

**Marietta Halle**

Plaintiff(s)

vs.

**Mark Scott et al**

Defendant(s)

_____/

### AGREED FINAL CONSENT JUDGMENT

This matter came before the Court on the parties' Joint Motion for Entry of this Final Consent Judgment, and the Court being advised that the parties agree to the form and entry of this Final Consent Judgment, the **COURT** hereby **ORDERS** and **ADJUDGES**: that Plaintiff, **MARIETTA HALLE**, whose principal address is 2341 NE 48th Street, Lighthouse Point, FL 33064, shall recover from Defendant, **MARK SCOTT**, whose principal address is 600 Coral Way, Unit 12, Coral Gables, FL 33134, damages in the amount of $1,340,000, which said amount shall bear interest at the stipulated annual interest rate of 8% per annum (simple interest) until this Final Consent Judgment is satisfied in full, **FOR WHICH LET EXECUTION ISSUE in accordance as follows:**

Plaintiff **MARIETTA HALLE** shall not have the right to execute upon this Final Consent Judgment until such time as Defendant **MARK SCOTT**:

i. has exhausted all of his direct criminal appeals of his conviction (not including, for example, appeals related to motions for post-conviction relief [which motions are filed and litigated after the direct appeals on the trial issues have been exhausted] and/or appeals relating to forfeiture issues);

ii. is sentenced as a result of a plea; or

iii. is acquitted, whichever occurs first in the case of *United States of America v. Mark S. Scott*, U.S. District Court for the Southern District of New York (Case No. 1:17-cr-00630 (ER)) (the "Criminal Case").

Notwithstanding the foregoing limitations on execution, the Plaintiff **MARIETTA HALLE** shall have the right to execute on this Final Consent Judgment should the government in the Criminal Case release their claim to the forfeiture of Defendant **MARK SCOTT's** assets in an amount in excess of $200,000.00 over any amounts that may be released by the government pursuant to Defendant **MARK SCOTT's** motion(s) to have funds released for the payment of his attorney's fees and costs after Defendant **MARK SCOTT's** direct appeals are exhausted.

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

Case No: 2020-012112-CA-01                                                                              Page 1 of 2

OR BK 32829 PG 4001
LAST PAGE

The parties also agree to bear their own attorneys' fees and costs in this case.

Finally, the Court retains jurisdiction to enforce: i) the terms of the parties' Confidential Mediated Settlement Agreement; and ii) this Final Consent Judgment.

As a result of the foregoing, all other pending motions and deadlines are deemed moot, and the **CLERK OF COURT** is hereby **ORDERED** to close this case.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>13th day of October, 2021</u>.

2020-012112-CA-01 10-13-2021 4:07 PM

<u>2020-012112-CA-01 10-13-2021 4:07 PM</u>
Hon. William Thomas

**CIRCUIT COURT JUDGE**
Electronically Signed

Final Order as to All Parties SRS #: **12** (Other)

THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL PARTIES.

**Electronically Served:**
Cbl Section 44 Case Mgr, cbl44@jud11.flcourts.org
Herman J Russomanno III, herman2@russomanno.com
Herman Russomanno, hrussomanno@russomanno.com
John M Quaranta, john.quaranta@quaranta.law
John M Quaranta, kristine.rodriguez@quaranta.law
John M Quaranta, natasha.biela@quaranta.law
Neil Taylor, ngt@bellsouth.net
Robert Borrello, rborrello@russomanno.com
William C Hearon, bill@williamhearon.com
William C Hearon, jessica@williamhearon.com

**Physically Served:**

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the original on file in this office October 20       AD 20    21
HARVEY RUVIN, CLERK, of Circuit and County Courts.
Deputy Clerk  /s/ Alexandra Barroso e26473
28371145

Case No: 2020-012112-CA-01

Page 2 of 2

# EXHIBIT 15

**ngt@bellsouth.net**

| | |
|---|---|
| **From:** | John M. Quaranta <john.quaranta@quaranta.law> |
| **Sent:** | Thursday, June 12, 2025 5:00 PM |
| **To:** | ngt@bellsouth.net |
| **Subject:** | RE: Constructive Trusts |

〈 Back to search                                    



# $3,022,900

## 600 Coral Way FL 12, Coral Gables, FL 33134

| | |
|---|---|
| 4 | 3 |
| beds | baths |

Est.: **$27,313/mo**  **Get pre-qualified**

| | | |
|---|---|---|
| 🏢 Condo | 🔨 Built in 2004 | ⚖ -- sqft lot |
| 🏠 $3,022,900 Zestimate® | 💲 $785/sqft | 🏘 $6,033/mo HOA |

1

# EXHIBIT 16

IN THE CIRCUIT COURT OF THE 11ᵀᴴ JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2020-012112-CA-01

COMPLEX BUSINESS DIVISION

MARIETTA HALLE,

      Plaintiff,

vs.

MARK SCOTT,

      Defendant.

_____/

## CONFIDENTIAL MEDIATED SETTLEMENT AGREEMENT

This Confidential Mediated Settlement Agreement ("Agreement") is made and entered into by and between MARIETTA HALLE ("Mrs. Halle") and MARK SCOTT ("Mr. Scott"). The parties have agreed to settle the case of *Marietta Halle v. Mark Scott et. al.*, Case No. 2020-012112-CA-01, pending in the 11ᵗʰ Judicial Circuit in and for Miami-Dade County, Florida, Complex Business Division, under the following terms:

(1) A $1,340,000.00 final consent judgment shall be entered and recorded against Mr. Scott. The parties shall prepare and file a joint motion to enter final consent judgment and submit the form of final consent judgment to the court for entry, or, if the Court deems it necessary, have it heard by the Court forthwith. The final consent judgment shall contain terms that shall provide Mrs. Halle shall not have the right to execute upon the final consent judgment until Mr. Scott: i) has exhausted all of his direct criminal appeals of his conviction (not including, for example, appeals related to motions for post-conviction relief [which motions are filed and litigated after the direct appeals on the trial issues have been exhausted] and/or appeals relating to forfeiture issues); ii) is sentenced as a result of a plea; or iii) is acquitted, whichever occurs first in the case of United States of America v. Mark S. Scott, U.S. District Court for the Southern District of New York (Case No. 1:17-cr-00630 (ER) (the "Criminal Case"). Notwithstanding the foregoing limitations on execution, Mrs. Halle shall have the




Page 1 of 3



*Halle v. Scott*
*Confidential Mediated Settlement Agreement*

right to execute on the final consent judgment should the government in the Criminal Case release their claim to the forfeiture of Mr. Scott's assets in an amount in excess of $200,000.00 over any amounts that may be released by the government pursuant to Mr. Scott's motion(s) to have funds released for the payment of his attorneys' fees and costs.

(2) The final consent judgment shall accrue interest at the greater of 8% per annum or the Florida statutory rate of interest for judgments. Prior to submitting the final consent judgment to the Court for entry, Mrs. Halle's counsel shall provide the form of the joint motion and final consent judgment to Mr. Scott's counsel for review and approval.

(3) This Agreement shall remain confidential unless required to be disclosed to the Court for enforcement purposes, with the exception that Mr. Scott's counsel shall be permitted to share this agreement with the United States of America in the foregoing criminal case.

(4) The Parties agree to the following releases:

    a. Mrs. Halle hereby releases Mr. Scott from all claims set forth in the Amended Complaint of the above-captioned matter, as well as any claims that could have been asserted against him in conjunction with the posting of a $750,000.00 bond for him. Mrs. Halle also hereby releases LIDIA SCOTT, wife of Mr. Scott, from all claims set forth in the Amended Complaint of the above-captioned matter, as well as any claims that could have been asserted against her known or unknown by Mrs. Halle, as well as any claims that could have been asserted against her in conjunction with the posting of a $750,000.00 bond for Mr. Scott. Mrs. Halle additionally hereby releases any/all tenants (including Laryssa Kavaleva, Daniel Lencioni or CCC Wellfleet NV LLC and affiliates) of 105 Sunset Ln. from any cause of action arising from unpaid rent.



Page 2 of 3

*Halle v. Scott*
*Confidential Mediated Settlement Agreement*

Mrs. Halle also agrees that she will not seek to recover any monies against Sharlely Becker related to the note in favor of Mr. Scott that he previously assigned to her. Mrs. Halle expressly retains any and all claims against Mr. Scott, or any other person or entity related to the Massachusetts cannabis venture in regard to Mrs. Halle's $1 million investment.

b. Mr. Scott hereby releases Mrs. Halle from any and all claims set forth in the Amended Complaint of the above-captioned matter, or that were raised or could have been raised in his affirmative defenses.

Accordingly, this confidential mediated settlement agreement is hereby agreed to by the parties:

**MARIETTA HALLE**

By: _____

Dated: ___10/11/2021___

**JOHN M. QUARANTA**
Counsel for Marietta Halle

By: _____

Dated: ___10/12___

**MARK S. SCOTT**

By: _____

Dated: ___10/11/2021___

**HERMAN J. RUSSOMANNO III**
Counsel for Mark Scott and Lidia Scott

By: _____

Dated: ___10/11/2021___

Page 3 of 3

# EXHIBIT 17

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty-five.

United States of America,

    Appellee,

 v.

Karl Sebastian Greenwood, Mark S. Scott,

    Defendants - Appellants,

Ruja Ignatova,  AKA Cryptoqueen, Konstantin Ignatov,  AKA Sealed Defendant 1, David R. Pike, Frank Schneider, Irina Dilkinska,

    Defendants.

**ORDER**

Docket Nos: 23-7199 (Lead)
24-368 (Con)

Appellant, Mark S. Scott, filed a petition for panel rehearing, or, in the alternative, for rehearing *en banc*.  The panel that determined the appeal has considered the request for panel rehearing, and the active members of the Court have considered the request for rehearing *en banc*.

IT IS HEREBY ORDERED that the petition is denied.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk