# Exhibit A

|  |  |
|---|---|
|  | IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
| MARIETTA HALLE, | CIRCUIT CIVIL DIVISION |
| Plaintiff, | CASE NO. 2020-012112 CA 44 |
| vs. |  |
| MARK SCOTT, |  |
| Defendant. _____/ |  |

**Defendant's Verified Motion for Court Order (i) Forcing Plaintiff to Comply with Parties' Settlement Agreement and (ii) Prohibiting Plaintiff from Using Consent Judgment to Adjudicate Defendant's Wife's Interests in Her Condo**

Defendant, Mark Scott ("Scott") files this Verified Motion for the Court to enter an Order that (i) forces Plaintiff Marietta Halle ("Halle") to comply with the terms of the parties' Settlement Agreement [attached hereto **Ex. 1**],[1] and (ii) that prohibits Halle from trying to use the parties' Agreed Final Consent Judgment [DE 111] [attached hereto as **Ex. 2**][2] to adjudicate Lidia Scott's ("Lidia") interests in her Florida homestead exempt condominium located in Coral Gables, Florida.

---

[1] Paragraph 3 of the Settlement Agreement provides that the agreement "shall remain confidential unless required to be disclosed to the Court for enforcement purposes."

[2] Page 2 of the Agreed Final Consent Judgment [DE 111] [**Ex. 2**] also provides that "the Court retains jurisdiction to enforce (i) the terms of the parties' Confidential Mediated Settlement Agreement, and (ii) this Final Consent Judgment."

- 2 -

1. On October 11, 2021, Scott and Halle entered into the attached Mediated Settlement Agreement [**Ex. 1**].

2. Paragraph 1 of the Settlement Agreement [**Ex. 1**] provides that a "final consent judgment shall be entered and recorded against Mr. Scott."

3. On October 13, 2021, the Court entered the parties' Agreed Final Consent Judgment against Scott [DE 111] [**Ex. 2**].

4. Paragraph 1 of the Settlement Agreement [**Ex. 1**] and Paragraphs (i-iii) of the Agreed Final Consent Judgment [DE 111] [**Ex. 2**], both provide what rights Halle agreed to have and maintain if she ever chose to execute upon the Agreed Final Consent Judgment against Scott.

5. Nowhere in the Settlement Agreement [**Ex. 1**], or the Agreed Final Consent Judgment [DE 111] [**Ex. 2**], do they provide that Halle has the right to execute upon the Agreed Final Consent Judgment against Lidia.

6. Moreover, Paragraph 4(a) of the Settlement Agreement [**Ex. 1**] expressly provides that ". . . <u>Halle also hereby releases Lidia Scott</u>," wife of Mr. Scott, from all claims set forth in the Amended Complaint of the above-captioned matter, as well as any claims that could have been asserted against her known or unknown by Mrs. Halle . . ."

7. Notwithstanding the express provisions contained in parties' Settlement Agreement [**Ex. 1**] and in the Agreed Final Consent Judgment [DE 111] [**Ex. 2**], as

to what rights Halle has as to her execution of the judgment against Scott (and not against Lidia), and notwithstanding Halle's express release of Lidia as to any claims, Halle is now seeking to circumvent the parties' Settlement Agreement [**Ex. 1**] and Agreed Final Consent Judgment [DE 111] [**Ex. 2**], by seeking to adjudicate Lidia's interests in her Florida homestead exempt condominium located Coral Gables, Florida.  *See* Halle's July 11, 2025 Notice of Claim [**Ex. 3**] filed in Scott's S.D. of NY criminal case at DE 689 (which is referred to in both the Settlement Agreement and Consent Judgment), seeking to adjudicate Lidia's interests in her Florida homestead exempt condominium located in Coral Gables, Florida.[3]

8. Halle's attempt to adjudicate Lidia's interests in her Florida homestead exempt condominium located in Coral Gables, Florida, through the S.D. of NY criminal case does not comply with the parties' Settlement Agreement [**Ex. 1**] and Agreed Final Consent Judgment [DE 111] [**Ex. 2**], and therefore this Court, which has "retain[ed] jurisdiction to enforce (i) the terms of the parties' Confidential Mediated Settlement Agreement, and (ii) this Final Consent Judgment," should

---

[3] It should be noted and emphasized that the Coral Gables, Florida condominium was quitclaim deeded to Lidia back in October 2018 and recorded in the public records in November 2018 [*see* BK 31205 Pages 1070-1071 of the Miami-Dade County, Florida public records (attached hereto as **Ex. 3**)]. This was recorded in the public record more than 1 ½ years before this action was filed by Halle in June 2020, and almost 3 years before this action was settled and judgment was entered in October 2021. Thus, Halle not only waived her rights to any claims against Lidia per the Settlement Agreement, but she also waived any fraudulent transfer argument she may claim.

enter an Order that (i) forces Halle to comply with the terms of the parties' Settlement Agreement [**Ex. 1**] and Agreed Final Consent Judgment [DE 111] [**Ex. 2**], and (ii) prohibits Halle from using the Judgment to adjudicate Lidia's interests in her Florida homestead exempt condominium located in Coral Gables, Florida.

WHEREFORE, and based upon the foregoing, Scott respectfully requests that the Court grant this Verified Motion by entering an Order that (i) forces Halle to comply with the terms of the Settlement Agreement [**Ex. 1**] and Agreed Final Consent Judgment [DE 111] [**Ex. 2**], and (ii) prohibits Halle from using the Judgment to adjudicate Lidia's interests in her Coral Gables, Florida Condominium. Scott also respectfully requests that the Court Order Halle to pay for any and all attorney's fees incurred in regard to this matter for Scott having to seek the Court's intervention on this matter.

## Verification

Under the penalties of perjury, I, Mark Scott, declare that I have provided my undersigned counsel the foregoing material facts, in order for my undersigned counsel to, in good faith, rely upon the foregoing material facts in order to prepare and file this Verified Motion, and the foregoing material facts are true and accurate based on my personal knowledge.

                                                    */s/ Mark Scott*
                                                    Mark Scott

Dated: August 26, 2025

Respectfully submitted,

RUSSOMANNO & BORRELLO, P.A.
*Counsel for Defendant Mark Scott*
999 Ponce De Leon Blvd., Suite 750
Coral Gables, Florida 33134
Telephone: (305) 373-2101

By: /s/ Herman J. Russomanno III
    Herman J. Russomanno III
    Fla. Bar No. 21249
    herman2@russomanno.com

## Certificate of Service

I certify that a true and correct copy of the foregoing was served on this 26th day of August 2025, to counsel of record via email through the Court's e-portal system.

/s/ Herman J. Russomanno III

# EXHIBIT 1

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2020-012112-CA-01

COMPLEX BUSINESS DIVISION

MARIETTA HALLE,

    Plaintiff,

vs.

MARK SCOTT,

    Defendant.
_____/

### CONFIDENTIAL MEDIATED SETTLEMENT AGREEMENT

This Confidential Mediated Settlement Agreement ("Agreement") is made and entered into by and between MARIETTA HALLE ("Mrs. Halle") and MARK SCOTT ("Mr. Scott"). The parties have agreed to settle the case of *Marietta Halle v. Mark Scott et. al.*, Case No. 2020-012112-CA-01, pending in the 11th Judicial Circuit in and for Miami-Dade County, Florida, Complex Business Division, under the following terms:

(1) A $1,340,000.00 final consent judgment shall be entered and recorded against Mr. Scott. The parties shall prepare and file a joint motion to enter final consent judgment and submit the form of final consent judgment to the court for entry, or, if the Court deems it necessary, have it heard by the Court forthwith. The final consent judgment shall contain terms that shall provide Mrs. Halle shall not have the right to execute upon the final consent judgment until Mr. Scott: i) has exhausted all of his direct criminal appeals of his conviction (not including, for example, appeals related to motions for post-conviction relief [which motions are filed and litigated after the direct appeals on the trial issues have been exhausted] and/or appeals relating to forfeiture issues); ii) is sentenced as a result of a plea; or iii) is acquitted, whichever occurs first in the case of United States of America v. Mark S. Scott, U.S. District Court for the Southern District of New York (Case No. 1:17-cr-00630 (ER)) (the "Criminal Case"). Notwithstanding the foregoing limitations on execution, Mrs. Halle shall have the





Page 1 of 3

*Halle v. Scott*
*Confidential Mediated Settlement Agreement*

right to execute on the final consent judgment should the government in the Criminal Case release their claim to the forfeiture of Mr. Scott's assets in an amount in excess of $200,000.00 over any amounts that may be released by the government pursuant to Mr. Scott's motion(s) to have funds released for the payment of his attorneys' fees and costs.

(2) The final consent judgment shall accrue interest at the greater of 8% per annum or the Florida statutory rate of interest for judgments. Prior to submitting the final consent judgment to the Court for entry, Mrs. Halle's counsel shall provide the form of the joint motion and final consent judgment to Mr. Scott's counsel for review and approval.

(3) This Agreement shall remain confidential unless required to be disclosed to the Court for enforcement purposes, with the exception that Mr. Scott's counsel shall be permitted to share this agreement with the United States of America in the foregoing criminal case.

(4) The Parties agree to the following releases:

    a. Mrs. Halle hereby releases Mr. Scott from all claims set forth in the Amended Complaint of the above-captioned matter, as well as any claims that could have been asserted against him in conjunction with the posting of a $750,000.00 bond for him. Mrs. Halle also hereby releases LIDIA SCOTT, wife of Mr. Scott, from all claims set forth in the Amended Complaint of the above-captioned matter, as well as any claims that could have been asserted against her known or unknown by Mrs. Halle, as well as any claims that could have been asserted against her in conjunction with the posting of a $750,000.00 bond for Mr. Scott. Mrs. Halle additionally hereby releases any/all tenants (including Laryssa Kavaleva, Daniel Lencioni or CCC Wellfleet NV LLC and affiliates) of 105 Sunset Ln. from any cause of action arising from unpaid rent.



Page 2 of 3

*Halle v. Scott*
*Confidential Mediated Settlement Agreement*

Mrs. Halle also agrees that she will not seek to recover any monies against Sharlely Becker related to the note in favor of Mr. Scott that he previously assigned to her. Mrs. Halle expressly retains any and all claims against Mr. Scott, or any other person or entity related to the Massachusetts cannabis venture in regard to Mrs. Halle's $1 million investment.

b. Mr. Scott hereby releases Mrs. Halle from any and all claims set forth in the Amended Complaint of the above-captioned matter, or that were raised or could have been raised in his affirmative defenses.

Accordingly, this confidential mediated settlement agreement is hereby agreed to by the parties:

**MARIETTA HALLE**
By: *[signature]*
Dated: 10/11/2021

**JOHN M. QUARANTA**
Counsel for Marietta Halle
By: *[signature]*
Dated: 10/12

**MARK S. SCOTT**
By: *[signature]*
Dated: 10/11/2021

**HERMAN J. RUSSOMANNO III**
Counsel for Mark Scott and Lidia Scott
By: *[signature]*
Dated: 10/11/2021

# EXHIBIT 2

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2020-012112-CA-01
SECTION: CA44
JUDGE: William Thomas

**Marietta Halle**

Plaintiff(s)

vs.

**Mark Scott et al**

Defendant(s)

_____/

## AGREED FINAL CONSENT JUDGMENT

This matter came before the Court on the parties' Joint Motion for Entry of this Final Consent Judgment, and the Court being advised that the parties agree to the form and entry of this Final Consent Judgment, the **COURT** hereby **ORDERS** and **ADJUDGES**: that Plaintiff, **MARIETTA HALLE**, whose principal address is 2341 NE 48th Street, Lighthouse Point, FL 33064, shall recover from Defendant, **MARK SCOTT**, whose principal address is 600 Coral Way, Unit 12, Coral Gables, FL 33134, damages in the amount of $1,340,000, which said amount shall bear interest at the stipulated annual interest rate of 8% per annum (simple interest) until this Final Consent Judgment is satisfied in full, **FOR WHICH LET EXECUTION ISSUE** in accordance as follows:

Plaintiff **MARIETTA HALLE** shall not have the right to execute upon this Final Consent Judgment until such time as Defendant **MARK SCOTT**:

i. has exhausted all of his direct criminal appeals of his conviction (not including, for example, appeals related to motions for post-conviction relief [which motions are filed and litigated after the direct appeals on the trial issues have been exhausted] and/or appeals relating to forfeiture issues);

ii. is sentenced as a result of a plea; or

iii. is acquitted, whichever occurs first in the case of *United States of America v. Mark S. Scott*, U.S. District Court for the Southern District of New York (Case No. 1:17-cr-00630 (ER)) (the "Criminal Case").

Notwithstanding the foregoing limitations on execution, the Plaintiff **MARIETTA HALLE** shall have the right to execute on this Final Consent Judgment should the government in the Criminal Case release their claim to the forfeiture of Defendant **MARK SCOTT's** assets in an amount in excess of $200,000.00 over any amounts that may be released by the government pursuant to Defendant **MARK SCOTT's** motion(s) to have funds released for the payment of his attorneys' fees and costs after Defendant **MARK SCOTT's** direct appeals are exhausted.

The parties also agree to bear their own attorneys' fees and costs in this case.

Finally, the Court retains jurisdiction to enforce: i) the terms of the parties' Confidential Mediated Settlement Agreement; and ii) this Final Consent Judgment.

As a result of the foregoing, all other pending motions and deadlines are deemed moot, and the **CLERK OF COURT** is hereby **ORDERED** to close this case.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>13th day of October, 2021</u>.



2020-012112-CA-01 10-13-2021 4:07 PM

Hon. William Thomas

**CIRCUIT COURT JUDGE**
Electronically Signed

---

Final Order as to All Parties SRS #: **12** (Other)

THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL PARTIES.

---

**Electronically Served:**
Cbl Section 44 Case Mgr, cbl44@jud11.flcourts.org
Herman J Russomanno III, herman2@russomanno.com
Herman Russomanno, hrussomanno@russomanno.com
John M Quaranta, john.quaranta@quaranta.law
John M Quaranta, kristine.rodriguez@quaranta.law
John M Quaranta, natasha.biela@quaranta.law
Neil Taylor, ngt@bellsouth.net
Robert Borrello, rborrello@russomanno.com
William C Hearon, bill@williamhearon.com
William C Hearon, jessica@williamhearon.com

**Physically Served:**

# EXHIBIT 3

CFN 2018R0669171
OR BK 31205 Pgs 1070-1071 (2Pgs)
RECORDED 11/01/2018 14:02:19
DEED DOC TAX $0.60
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

This instrument was prepared by
And after recording return to:

NICOLE J. HUESMANN, ESQUIRE
150 Alhambra Circle
Suite 1150
Coral Gables Florida 33134

Parcel Identification No. 03 4117 038 0120

Grantee Taxpayer Identification Number:

## QUIT-CLAIM DEED

**This Quit-Claim Deed** is made this 30th day of October, 2018, between **Mark S. Scott, a married man, joined by his wife, Lidia Kolesnikova Scott**, whose address is 600 Coral Way, Unit 12, Coral Gables, FL 33134, hereinafter referred to as "First Party"*, and **Mark S. Scott and Lidia Kolesnikova Scott, as husband and wife,** whose address is 600 Coral Way, Unit 12, Coral Gables, FL 33134, hereinafter referred to as "Second Party"*,

**WITNESSETH** that First Party, for and in consideration of the sum of TEN DOLLARS ($10.00) in hand paid by Second Party, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by First Party, does hereby remise, release and quit-claim unto Second Party forever, all the right, title, interest, claim and demand which the First Party has in and to the following described land, situate, lying and being in Miami-Dade County, Florida, to-wit:

**Condominium Unit No.12, in SEGOVIA TOWER CONDOMINIUM, a Condominium according to the Declaration of Condominium thereof, as recorded in Official Records Book 17516, Page 4263, as amended, of the Public Records of Miami Dade County, Florida.**

**TO HAVE AND TO HOLD** the same together with all and singular the appurtenances thereunto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of the First Party, either in law or equity, to the only proper use, benefit and behoof of the said second party forever.

*When used herein, the terms "First Party" and "Second Party" shall include the singular and plural, as context may require.

**IN WITNESS WHEREOF**, First Party has hereunto set First Party's hand and seal the day and year first above written.

Signed and delivered in our presence:

Witness (print name): AMBER Roldan

MARK S. SCOTT

Witness (print name): Steven P. Spann

LIDIA KOLESNIKOVA SCOTT

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

I HEREBY CERTIFY that the foregoing instrument was acknowledged before me this 30th day of October, 2018, by Mark S. Scott and Lidia Kolesnikova Scott, who have produced personally known to me as identification, who did take an oath, and they acknowledged before me that they executed the foregoing instrument as their free act and deed.

NOTARY PUBLIC, STATE OF FLORIDA

My Commission Expires:

[Affix Notary Seal]



Notary Public State of Florida
Nicole J Huesmann
My Commission FF 952766
Expires 02/20/2020