Filing # 248369192 E-Filed 05/18/2026 01:00:16 AM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2020-012112-CA-01
SECTION: CA44
JUDGE: Lisa Walsh

**Marietta Halle**

Plaintiff(s)

vs.

**Mark Scott et al**

Defendant(s)

_____ /

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S VERIFIED MOTION FOR COURT ORDER [D.E. 119]

THIS CAUSE came before the Court on March 31, 2026, for a special set Zoom hearing upon Defendant Mark Scott's Verified Motion for Court Order [D.E. 119] (the "Motion"). The Court has reviewed Mr. Scott's: i) Motion [D.E. 119]; ii) Defendant's Notice of Filing Federal Court Order [D.E. 122]; iii) Defendant's Notice of Filing Marietta Halle's Notice of Claim and Petition [D.E. 124]; iv) Defendant's Notice of Filing Mark's Scott Final Order of Forfeiture [D.E. 127]. The Court has reviewed Plaintiff Marietta Halle's: i) Memorandum of Law and Response in Opposition [D.E. 121], ii) Plaintiff's Supplemental Memorandum of Law [D.E. 124]; and iii) Plaintiff's Notice of Filing Hearing Transcript from March 31, 2026, Hearing [D.E. 128]. Having heard the arguments of counsel, being otherwise fully advised in the premises, and consistent with the Court's oral pronouncements on the record at the March 31, 2026, hearing, the Court makes the following findings of fact and conclusions of law:

1.      This Court retained jurisdiction to enforce the parties' October 2021 Confidential Mediated Settlement Agreement (the "Agreement"). Under Paragraph 4(a) of the Agreement, Plaintiff Marietta Halle broadly released Lidia Kolesnikova Scott ("Lidia Scott") from all claims known or unknown. Concurrently, under Paragraph 1 of the Agreement, Defendant Mark Scott.

A TRUE COPY
CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BAROLIN ESQ.
CLERK OF THE COURT AND COMPTROLLER

consented to the entry and recording of a $1,340,000 final consent judgment against him. Plaintiff subsequently recorded this judgment in Miami-Dade County, the County in which the disputed real property is located, creating a judgment lien under Florida law.

2.    Defendant's Motion centers on a condominium located in Coral Gables, Florida (the "Property"), which is currently subject to a federal forfeiture proceeding in the Southern District of New York ("S.D.N.Y."). A review of the October 30, 2018, Quit-Claim Deed (Defendant's Ex. 3) reveals that Defendant transferred the Property from himself individually to "Mark S. Scott and Lidia Kolesnikova Scott, as husband and wife." Therefore, both Mark Scott and Lidia Scott maintain a co-ownership interest in the Property.

3.    At the March 31, 2026, hearing, the Court evaluated whether Plaintiff's recorded judgment lien against Mark Scott could be utilized in the S.D.N.Y. to recover the entirety of the Property's proceeds, to the detriment of Lidia Scott's retained interest. Because Plaintiff expressly released Lidia Scott in the Agreement, Plaintiff is legally precluded from executing her judgment lien in a manner that extinguishes, suppresses, or seizes Lidia Scott's severable interest in the jointly owned Property.

4.    Conversely, because Plaintiff bargained for and obtained a recorded judgment against Mark Scott, Plaintiff is expressly permitted to assert her judgment lien against Mark Scott's retained interest in the Property. During the hearing, Plaintiff's counsel appropriately conceded on the record that Plaintiff is only seeking to enforce her judgment lien against Mark Scott's interest in the Property and is not seeking to execute upon Lidia Scott's fifty percent (50%) interest. *See* Hr'g Tr. [D.E. 128] at 21:8-11; 23:22-24). Defendant's counsel acknowledged this concession. *Id.* at 24:1-5.

5.    This Court's ruling is strictly limited to interpreting the enforcement parameters of the parties' Settlement Agreement. The ultimate determination of: i) forfeiture, ii) the quantification of the respective ownership interests, and iii) the distribution of any proceeds remain subject to the exclusive jurisdiction of the federal court presiding over the S.D.N.Y. ancillary proceedings.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion [D.E. 119] is **GRANTED IN PART** and **DENIED IN PART** as follows:

A TRUE COPY
CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

1.    **GRANTED IN PART**: As to Lidia Scott, Plaintiff Marietta Halle is bound by the release contained in Paragraph 4(a) of the Agreement. Ms. Halle is hereby prohibited from using her final consent judgment to adjudicate, extinguish, or execute upon Lidia Scott's interest (e.g., her 50% share) in the Coral Gables Property or its proceeds in the S.D.N.Y. proceedings.

2.    **DENIED IN PART**: Defendant Mark Scott's request to completely prohibit Plaintiff from participating in the S.D.N.Y. proceedings is denied. Ms. Halle is expressly permitted to maintain her ancillary petition in the S.D.N.Y. and use her final consent judgment to pursue the S.D.N.Y. forfeiture proceeds solely to the extent of Defendant Mark Scott's retained interest in the Coral Gables Property, if any.

3.    Defendant's request for attorney's fees is **DENIED**.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 18th day of May, 2026.

2020-012112-CA-01 05-18-2026 12:50 AM
Hon. Lisa Walsh

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

A TRUE COPY
CERTIFICATION ON LAST PAGE
JUAN FERNANDEZ-BARQUIN, ESQ.
CLERK OF THE COURT AND COMPTROLLER

**Electronically Served:**

- John M. Quaranta: johnquaranta@bellsouth.net
- John M. Quaranta: johnquaranta@bellsouth.net
- Cbl Section 44 Case Mgr: cbl44@jud11.flcourts.org
- Herman J Russomanno III: herman2@russomanno.com
- Herman Russomanno: hrussomanno@russomanno.com
- Robert Borrello: rborrello@russomanno.com
- Neil Taylor: ngt@bellsouth.net
- Mark Scott: msslitdeline@gmail.com
- John M Quaranta: john.quaranta@quaranta.law
- John M Quaranta: Barbara.menahem@quaranta.law
- Mark Stanley Scott: msslitdeline@gmail.com
- William C Hearon: bill@williamhearon.com



STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and
correct copy of the original on file in this
office_____June 01_____AD 20_____26__

Juan Fernandez-Barquin, Esq.
Clerk of the Court and Comptroller
Deputy Clerk __/s Juan Fernandez-Barquin

35448324