

**Ellen Blain**

eblain@cgr-law.com
Direct: 646.398.5060

June 4, 2026

<u>**VIA ECF**</u>
Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:**    <u>***United States v. Scott***</u><u>**, 17 Cr. 630 (ER)**</u>

Dear Judge Ramos:

I write pursuant to this Court's Individual Rules, Rule 2(A)(2), to respectfully request a pre-motion conference in order to move to withdraw as counsel due to Ms. Kolesnikova's failure to pay legal fees since August 13, 2025.  Alternatively, in order to conserve judicial and party resources, I respectfully request that the Court accept this letter as a motion to withdraw as counsel; attached please find a declaration in support of this request and certificate of service, in compliance with Local Rule 1.4, and a proposed order.

Further, in order to provide Ms. Kolesnikova time to pursue other representation, I also respectfully request that the Court extend Ms. Kolesnikova's deadline to respond to Third-Party Petitioner Mariette Halle's June 2, 2026, submission (ECF No. 756), from June 5, 2026, to July 6, 2026.   This will help ensure that this ancillary proceeding will be litigated efficiently and effectively.  The government consents to this request and requests that its deadline to respond to Ms. Halle's position also be extended to July 6, 2026.

### A. Local Rule 1.4 Permits Withdrawal

Rule 1.4 of the Local Rules of the United States District courts for the Southern and Eastern Districts of New York governs the withdrawal of counsel who have appeared:

> [A]n attorney who has appeared for a party may be relieved or displaced only by order of the court.  Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien.

S.D.N.Y. Local Rule 1.4.

"It is well-settled that a court has considerable discretion in deciding a motion for withdrawal of counsel."  *Monocoque Diversified Ints., LLC v. Aquila Air Cap. (Ireland) DAC*, No. 22-CV-10015, 2024 WL 3857929, at *4 (S.D.N.Y. Aug. 19, 2024) (cleaned up).  A court "considers two issues in determining the motion: 'the reasons for withdrawal and the impact of

Hon. Edgardo Ramos
Page 2

the withdrawal on the timing of the proceeding.'" *Star Funding, Inc. v. Vault Mins., LLC*, No. 15CV03026(GBD)(SN), 2017 WL 7790610, at *1 (S.D.N.Y. Aug. 31, 2017) (citing *Karimian v. Time Equities, Inc.*, No. 10-CV-3773(AKH)(JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011)).

### B. Non-Payment of Fees Constitutes Satisfactory Reason

On the first issue, it is "firmly established that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Rule 1.4." *Star Funding*, 2017 WL 7790610, at *1 (quoting *Thekkek v. LaserSculpt, Inc*., No. 11-CV-4426 (HB) (JLC), 2012 WL 225924, at *2 (S.D.N.Y. Jan. 23, 2012)); *see also Scala v. Little Feet Childcare Ctr. LLC*, No. 23-CV-9279 (KMK) (VR), 2024 WL 3342604, at *2 (S.D.N.Y. July 9, 2024) ("Satisfactory reasons for withdrawal include 'the client's failure to pay legal fees, a client's lack of cooperation—including lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client.'") (citation omitted); *Zhao v. E. Harlem Laundromat, Inc.*, No. 07 CIV. 0201 (RJS), 2008 WL 11516452, at *1 (S.D.N.Y. Oct. 8, 2008) ("Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal" of counsel under Local Civil Rule 1.4.) (citation and quotation marks omitted); *Hallmark Capital Corp. v. Red Rose Collection, Inc.,* No. 96 Civ. 2839(RPP)(AJP), 1997 WL 661146, at *2 (S.D.N.Y. Oct. 21, 1997) ("It is well-settled that non-payment of fees is a valid basis for the Court to grant counsel's motion to withdraw.") (citation and quotation marks omitted). *But see Morisseau v. Glob. A Brands, Inc.*, No. 1:23-CV-05679 (PGG) (SDA), 2024 WL 4479920, at *1 (S.D.N.Y. Sept. 5, 2024) ("While non-payment of legal fees alone is not usually a sufficient basis to permit an attorney to withdraw a client's refusal to pay attorney's fees may constitute good cause to withdraw if the client either deliberately disregarded financial obligations or failed to cooperate with counsel.") (citation and quotation marks omitted).

Here, Ms. Kolesnikova has not paid any legal fees since August 13, 2025 – for almost one year. I have sent invoices every month since that time and have continually requested payment; I have also discussed the consequences of non-payment. My firm's outstanding invoices currently total $38,865.50. Nevertheless, Ms. Kolesnikova has not paid any amounts to date, and I understand she cannot and thus will not pay any amount towards the outstanding bill.

This constitutes a "satisfactory reason" for withdrawal. *See Scala*, 2024 WL 3342604, at *2 ("[T]he Court finds that Defendants' counsel may withdraw from representation in this case. Counsel have sufficiently shown that Defendants cannot pay their legal fees[,] which provides a 'satisfactory reason' for withdrawal.") (citing *Bldg. Serv. 32BJ Pension Fund v. Whitehouse Ests., Inc.*, No. 23-CV-7286 (ALC) (KHP), 2024 WL 5651832, at *1 (S.D.N.Y. Mar. 18, 2024) ("It is well established that a client's refusal or inability to pay its legal bills is a sufficient reason to permit counsel's withdrawal," and granting withdrawal request over plaintiff's objection where defendant "has not paid any of counsel's invoices since this action was commenced and has accrued an unpaid balance of $14,519")); *Bueno v. Allcity Med., P.C.*, 2023 WL 7001398, at *2 (S.D.N.Y. Oct. 17, 2023) ("[p]laintiffs' failure to pay their bills is sufficient reason to permit withdrawal").

Hon. Edgardo Ramos
Page 3

### C. Impact on Ancillary Proceedings

On the second issue, while providing Ms. Kolesnikova time to secure new counsel will impact the timing of her response to Ms. Halle's request to reopen these ancillary proceedings, it will not materially alter the schedule or cause prejudice to any party, for two reasons.

First, this matter has been stayed since September 4, 2025, while Ms. Halle and Ms. Kolesnikova sought a ruling from a Florida state court regarding the interpretation of a settlement agreement and judgment between the parties pending in that court.  (ECF No. 709.) The Florida court recently issued a ruling (ECF No. 756), and motion practice regarding the impact of that ruling on this federal court proceeding has not yet commenced.   Nor has discovery been scheduled, or a trial date set, regarding these Third-Party Petitioners' asset forfeiture claims.  Second, the property at issue in this proceeding has been subject to a preliminary order of forfeiture since February 2, 2024 (ECF No. 612), without any impact on the parties.

Accordingly, the impact of the withdrawal on the timing of the proceeding (and the impact on the parties) will be minimal.  While "[u]nder this factor, courts may deny withdrawal motions when a case is on the verge of trial," that "is not the case here." *Russo v. Costco Wholesale Corp.* No. 22 Civ. 3130 (VR), 2025 WL 2393533, at *1-2 (S.D.N.Y. July 30, 2025) (granting a motion to withdraw filed after summary judgment, rejecting argument that "[counsel] should be forced to represent her (at least until she finds other counsel), because [the client] has been unable to find alternative counsel and attempting to do so has been overwhelming") (citation omitted); *see also Park v. PVH Corp.,* No. 25 CIV. 3689 (JPC), 2025 WL 3511048, at *2 (S.D.N.Y. Nov. 10, 2025) (granting request to withdraw even where "Plaintiff argues that withdrawal will disrupt the prosecution of his suit because he is 'not in a financial position to promptly retain substitute counsel, nor can [he] reasonably continue this case on [his] own while searching for new representation,' [because] that risk of disruption and prejudice can be addressed by giving him 'more time to retain new counsel or decide whether to proceed *pro se*'") (citation omitted); *Thekkek*, 2012 WL 225924, at *2 (granting withdrawal motion "[a]lthough Goldstein's withdrawal will impact both the timing of the pending motion practice and potentially the discovery schedule, as another attorney will presumably need some time to become familiar with the litigation, this is not a case that is on the verge of being tried").

I thank the Court for its consideration of this request.

Respectfully,

*/s/ Ellen Blain*

Jennifer Ellen Blain
*Counsel for Lidia Kolesnikova*