**U.S. Department of Justice**
*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 38th Floor*
*New York, New York 10278*

October 17, 2026

**VIA ECF**
Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: *United States v. Mark Scott,* 17 Cr. 630 (ER)**

Dear Judge Ramos:

The Government writes in further support of its motion ("Mot." or the "Motion"), Dkt. 769, to dismiss the forfeiture petitions by Marietta Halle and in reply to the defendant's opposition ("Opp." or the "Opposition"), Dkt. 773.

***First***, the Opposition argues that Halle's supplemental petition of August 2, 2026 is timely because the Government failed to provide notice to Halle. Opp. at 3-4. But as the Government noted in its Motion, Halle was on notice of forfeiture by the latest on July 11, 2025, when she filed a counseled petition ***that attached the Government's motion to forfeit the UBS account***. Mot. at 7-9. Regardless of whether the Government's notice was sufficient, the supplemental petition was filed nearly a year after Halle was put on actual notice, and must be dismissed as untimely. *Id.*

The defendant also argues that equitable tolling should apply because "Ms. Halle was an unrepresented layperson deliberately misled by her trusted fiduciary, the very attorney who defrauded her." Opp. at 4. But even assuming equitable tolling ***could*** apply to the 30-day limitation, it doesn't here because Halle filed the supplemental petition a year after filing the original petition alleging that Scott defrauded her. *See United States v. Corvalan*, No. 23-CR-110-2 (JMF), 2026 WL 1817216, at *1 (S.D.N.Y. June 24, 2026) (assuming without deciding that equitable tolling could apply to the 30-day limitation, but holding that it did not apply when the petitioner waited only two weeks to file her petition after the circumstances had passed).

***Second***, Halle argues that her claim is superior because the Government may not use the relation-back doctrine in support of its claim for substitute assets. Opp. at 4-5. The argument is factually incorrect because this Court forfeited the Coral Way Property as a directly forfeitable asset, not as a substitute asset. The Government's initial forfeiture motion sought forfeiture of the Coral Way Property as a directly forfeitable asset. Dkt. 318 at 16, 26, 44. The

Government's forfeiture reply continued to make that same argument, Dkt 392 at 7-8, only arguing in the alternative that, "[i]n the event that the Court finds that the *entire* 600 Coral Way Property is not subject to forfeiture as property traceable to the offense, a portion of the property is still subject to forfeiture under § 982(a)(1)." *Id.* at 8 (emphasis in original). And the Court ultimately concluded that the Coral Way Property was indeed a directly forfeitable asset—the Preliminary Order of Forfeiture detailed which assets were "involved in the commission of the offense" and which were "substitute assets," and listed the Coral Way Property in the former category. Dkt. 612 at 5.

Moreover, even if the Court concluded that the Coral Way Property was solely a substitute asset, there is a split among district courts in the Circuit as to whether the Government's interest in ***substitute*** assets dates to the indictment or to the preliminary order of forfeiture. *United States v. Egan*, 654 F. App'x 520, 521 n.1 (2d Cir. 2016) ("The district courts in our Circuit are divided as to whether the government's interest in substitute assets may in fact vest even prior to entry of the forfeiture order."). The better view is that the Government's interest in substitute assets vests upon the date of indictment, given the strong interest in preventing the defendant from dissipating assets after he is charged and the notice effect of a public indictment. *See United States v. Peterson*, 820 F. Supp. 2d 576, 585 (S.D.N.Y. 2011) (Chin, J.) ("Allowing a defendant, notified by an indictment that his property is subject to forfeiture, to dissipate these assets before conviction would undermine the very purpose of the statute."); *but see United States v. Espada*, 128 F. Supp. 3d 555, 565 (E.D.N.Y. 2015) (disagreeing with *Peterson*). The Court need not weigh in on that disputed legal issue, however, because it is mooted by the fact that it previously concluded that the Coral Way Property was directly forfeitable.

***Third***, Halle argues that she holds an equitable lien over the Coral Way Property dating from August 2019. Opp. at 5-6. But as described above, the Coral Way Property is a directly forfeitable asset, and therefore the Government's interest relates back to the date of the offense conduct. Moreover, the defendant's indictment was unsealed long before August 2019, meaning that even if the Court concluded that the Coral Way Property was merely a substitute asset, the Government's interest would still be superior.

***Fourth***, Halle argues that she was in fact "reasonably without cause to believe that the property was subject to forfeiture" because the Government's arguments are based solely on Scott's indictment. Opp. at 6-8. But the Government's arguments in fact rely on precisely what Halle alleged (or failed to allege) under penalty of perjury in her petitions. At no point did Halle claim in her initial verified petition that she was "without cause to believe that the property was subject to forfeiture," let alone that any such belief would have been reasonable. In fact, the Halle Petition explicitly recognized that as of September 5, 2018, when Scott was arrested in this case, "All parties have notice of potential forfeiture and creditor claims." Halle Pet. at 11. Based on

Halle's own allegations, she was not a bona fide purchaser, and her petition should be dismissed without a hearing. Mot. at 6-7.[1]

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: /s/
Kevin Mead / Juliana N. Murray
Assistant United States Attorneys
(212) 637-2211/2314

cc: All Counsel of Record (by ECF)

[1] Halle also argues that the forfeiture order would be a violation of the Eighth Amendment's prohibition on excessive fines. Halle, while represented by counsel, agreed to loan a money launderer $750,000 while she was aware of his pending indictment, and she negotiated collateral that that did not include either of the assets she seeks here. The Government is unaware of any case holding that a third party who has failed to meet the requirements of Section 853(n) may nonetheless raise an Excessive Fines argument, and the defendant has cited none. The sole case the defendant cites on this point, *von Hofe v. United States*, 492 F.3d 175 (2d Cir. 2007), involved an *in rem* forfeiture, not an ancillary proceeding in a criminal case pursuant to Section 853(n).